STATE OF CALIFORNIA )
)
COUNTY OF ______________ )

On ________, 1999 before me, a Notary Public in and for State of California, personally appeared Anthony J. Landis, personally known to me or proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument and acknowledged to me that she executed the same in her authorized capacity, and that by her signature on the instrument, the Department of Toxic Substances Control executed the instrument.

WITNESS my hand and official seal.

______________________________

Notary's Signature







BASIS OF BEARINGS:

BEARINGS SHOWN ARE ON THE CALIFORNIA COORDINATE SYSTEM ZONE III 1927. DISTANCES SHOWN HEREON ARE GROUND LEVEL DISTANCES. MULTIPLY DISTANCES BY 0.999929 TO OBTAIN GRID LEVEL DISTANCES.

Brian Kangas Foulk
Engineers • Surveyors • Planners

540 Price Avenue
Redwood City, CA 94063
650/482-6300
650/482-6399 (FAX)

Subject EXHIBIT "D"
INDEX SHEET
Job No. 980221-50
By RG Date 05/12/00 Chkd. MP
SHEET 1 OF 18

DATE: 5/12/2000

## AREA 1

A parcel of land lying in the City and County of Alameda, State of California, and being a portion of the parcel described in that certain deed recorded on December 21, 1951 in Book 6618 of Official Records at page 339, Alameda County Records, more particularly described as follows:

BEGINNING at the most northerly corner of said parcel:

Thence along the northerly line of said parcel, South 87°12'43" East, 141.82 feet to the TRUE POINT OF BEGINNING;

1. Thence continuing along said line, South 87°12'43" East, 713.87 feet;
2. Thence leaving said northerly line, South 2°04'31" West, 413.69 feet;
3. Thence North 87°55'29" West, 499.44 feet;
4. Thence North 2°04'31" East, 24.13 feet;
5. Thence South 75°18'52" West, 211.73 feet;
6. Thence North 87°12'43" West, 185.65 feet;
7. Thence North 87°12'43" West, 341.05 feet;
8. Thence North 2°47'17" East, 319.31 feet;
9. Thence South 87°12'43" East, 341.05 feet;
10. Thence South 87°12'43" East, 168.30 feet;
11. Thence North 2°47'17" East, 140.01 feet to the TRUE POINT OF BEGINNING;

Containing an area of 10.65543 acres, more or less.

Basis of Bearings:
Bearings are based on the California Coordinate System of 1927 Zone III using the bearing of South 87°45'20" East between USC & GS Station "MAIN ATL" and USC & GS Station "ALT FIFTH". All distances in this description are ground distances. Multiply by 0.9999295 to obtain grid distances.

This description was prepared by me or under my direction in conformance with the requirements of the Land Surveyor's Act.

Prepared By:

LICENSED LAND SURVEYOR
BILLY MARTIN
EXP. 6/30/2004
No. 5797
STATE OF CALIFORNIA

Dated: 6.30.02

Billy Martin, P.L.S. 5797
Expires: 6/30/2004

Approved By:

Dated: July 5, 2000
K:\MAS\01998\98022\LEGALS\980221-30\AREA1.doc

Mike Mahoney, P.L.S. 5577
Expires: 12/31/2001

LICENSED LAND SURVEYOR
MICHAEL S. MAHONEY
NO. 5577
Exp. 12/31/01
SURVEYOR
STATE OF CALIFORNIA




LINE TABLE

| LINE | BEARING | LENGTH |
|---|---|---|
| L1 | S 87°12'43" E | 141.82' |
| L2 | N 02°47'17" E | 140.01' |
| L3 | N 02°04'31" E | 24.13' |
| L4 | S 87°12'43" E | 168.30' |

Brian Kangas Foulk
Engineers • Surveyors • Planners

540 Price Avenue
Redwood City, CA 94063
650/482-6300
650/482-6399 (FAX)

Subject EXHIBIT "D"
AREA 1
Job No. 980221-50
By RCS Date 05/10/00 Chkd. MP
SHEET 4 OF 18

**AREA 2**

Parcel A:
A parcel of land lying in the City and County of Alameda, State of California, and being a portion of Parcel 1 and Parcel 2 described in that certain deed recorded on August 9, 1945 in Book 4757 of Official Records at page 138, Alameda County Records and a portion of Parcel No. 1 and Parcel No. 2 described in that certain deed recorded on December 18, 1944 in Book 4663 of Official Records at page 35, Alameda County Records and a portion of the parcel described in that certain deed recorded on December 18, 1944 in Book 4652 of Official Records at page 172, Alameda County Records and a portion of Parcel No. 1 and Parcel No. 2 described in that certain deed recorded on December 18, 1944 in Book 4652 of Official Records at page 168, Alameda County Records more particularly described as follows:

BEGINNING at the most northwesterly corner of the parcel described in that certain deed recorded on December 18, 1944 in Book 4652 of Official Records at page 172, Alameda County Records:

1. Thence along said northerly line of the parcel described in that certain deed recorded on December 18, 1944 in Book 4652 of Official Records at page 172, Alameda County Records, North 86°38'46" East, 16.02 feet to a point of intersection with the easterly line of Parcel 10 described in that certain deed recorded on April 8, 1984 as Document Number 84-064504, Official Records Alameda County, being the TRUE POINT OF BEGINNING;

2. Thence continuing along the northerly line of said parcel described in that certain deed recorded on December 18, 1944 in Book 4652 of Official Records at page 172, Alameda County Records, North 86°38'46" East, 402.97 feet;

3. Thence continuing along said northerly line of the parcel described in that certain deed recorded on December 18, 1944 in Book 4652 of Official Records at page 172, Alameda County Records, South 84°06'14" East, 567.60 feet;

4. Thence continuing along said northerly line of the parcel described in that certain deed recorded on December 18, 1944 in Book 4652 of Official Records at page 172, Alameda County Records, North 87°53'46" East, 726.00 feet;

5. Thence continuing along said northerly line of the parcel described in that certain deed recorded on December 18, 1944 in Book 4652 of Official Records at page 172, Alameda County Records, South 87°21'14" East, 858.00 feet;

6. Thence continuing along said northerly line of the parcel described in that certain deed recorded on December 18, 1944 in Book 4652 of Official Records at page 172, Alameda County Records, South 58°36'14" East, 153.54 feet to the most northwesterly corner of the parcel described in that certain deed recorded on September 24, 1941 in Book 4142 of Official Records at page 18, Alameda County Records;

7. Thence leaving said northerly line and along the westerly line of the parcel described in that certain deed recorded on September 24, 1941 in Book 4142 of Official Records at page 18, Alameda County Records, South 15°28'16" West, 579.96 feet to the most northwesterly corner of Parcel No. 2 described in that certain deed recorded on December 18, 1944 in Book 4663 of Official Records at page 35;

8. Thence leaving said westerly line and along the northerly line of Parcel No. 2 described in that certain deed recorded on December 18, 1944 in Book 4663 of Official Records at page 35, Alameda County Records, South 31°40'14" East, 82.16 feet;

9. Thence continuing along said northerly line of Parcel No. 2 described in that certain deed recorded on December 18, 1944 in Book 4663 of Official Records at page 35, Alameda County Records, South 81°24'14" East, 285.99 feet;

10. Thence continuing along said northerly line of Parcel No. 2 described in that certain deed recorded on December 18, 1944 in Book 4663 of Official Records at page 35, Alameda County Records, South 88°00'44" East, 87.24 feet to the most northwesterly corner of Parcel B described in that certain deed recorded on December 1, 1967 in Book 2084 of Official Records at page 701, Alameda County Records, being a point on a non-tangent curve to the left from which point a radial line bears South 65°48'44" East;

11. Thence leaving said northerly line and along the westerly line of Parcel B described in that certain deed recorded on December 1, 1967 in Book 2084 of Official Records at page 701, Alameda County Records, along said curve having a radius of 30050.01 feet, through a central angle of 0°12'27", for an arc length of

108.83 feet to a point on the southerly line of Parcel 2 described in that certain deed recorded on August 9, 1945 in Book 4757 of Official Records at page 138, Alameda County Records, being a point on a non-tangent curve to the left from which point a radial line bears South 13°02'54" West;

12. Thence leaving said westerly line along said southerly line of Parcel 2 described in that certain deed recorded on August 9, 1945 in Book 4757 of Official Records at page 138, Alameda County Records, along said curve having a radius of 741.84 feet, through a central angle of 1°33'38", for an arc length of 20.21 feet to a point of compound curvature;

13. Thence continuing along said southerly line of Parcel 2 described in that certain deed recorded on August 9, 1945 in Book 4757 of Official Records at page 138, Alameda County Records, along said curve having a radius of 980.54 feet, through a central angle of 1°47'59", for an arc length of 30.80 feet to a point of compound curvature;

14. Thence continuing along said southerly line of Parcel 2 described in that certain deed recorded on August 9, 1945 in Book 4757 of Official Records at page 138, Alameda County Records, along said curve having a radius of 1457.97 feet, through a central angle of 1°12'01", for an arc length of 30.54 feet to the beginning of a non-tangent curve to the left from which point a radial line bears South 08°27'44" West;

15. Thence continuing along said southerly line of Parcel 2 described in that certain deed recorded on August 9, 1945 in Book 4757 of Official Records at page 138, Alameda County Records, along said curve having a radius of 2890.33 feet, through a central angle of 0°36'00", for an arc length of 30.27 feet;

16. Thence continuing along said southerly line of Parcel 2 described in that certain deed recorded on August 9, 1945 in Book 4757 of Official Records at page 138, Alameda County, North 82°06'43" West, 848.13 feet to a point on the southerly line of Parcel No. 1 described in that certain deed recorded on December 18, 1944 in Book 4652 of Official Records at page 168, Alameda County Records;

17. Thence leaving said southerly line of Parcel 2 described in that certain deed recorded on August 9, 1945 in Book 4757 of Official Records at page 138, Alameda County, and along said southerly line of Parcel No. 1 described in that certain deed recorded on December 18, 1944 in Book 4652 of Official Records at page 168, Alameda County Records, North 88°07'13" West, 422.49 feet to the

most southeasterly corner of Parcel 1 described in that certain deed recorded on August 9, 1945 in Book 4757 of Official Records at page 138, Alameda County Records;

18. Thence along said southerly of Parcel 1 described in that certain deed recorded on August 9, 1945 in Book 4757 of Official Records at page 138, Alameda County Records, North 89°46'04" West, 1515.46 feet to a point of intersection with the easterly line of Parcel 10 described in that certain deed recorded on April 8, 1984 as Document Number 84-064504 Official Records Alameda County;

19. Thence along said easterly line of Parcel 10 described in that certain deed recorded on April 8, 1984 as Document Number 84-064504 Official Records Alameda County, North 0°30'14" West, 746.23 feet to the TRUE POINT OF BEGINNING;

Containing an area of 45.45148 acres, more or less.

Parcel B:
A parcel of land lying in the City and County of Alameda, State of California, and being a portion of the parcel described in that certain Judgment on Declaration of Taking entered in Civil Action No. 30735 recorded on December 21, 1951 in Book 6618 of Official Records at page 339, Alameda County Records, and being a portion of Parcel 1 described in that certain deed recorded on July 22, 1948 in Book 5582 of Official Records at page 597, Alameda County Records, and being a portion of the parcel described in that certain deed recorded on July 21, 1944 in Book 4499 of Official Records at page 401, Alameda County Records, and being a portion of the parcel described in that certain deed recorded on June 29, 1944 in Book 4499 of Official Records at page 384, Alameda County Records, and being a portion of the parcel described in that certain deed recorded on June 29, 1944 in Book 4499 of Official Records at page 316, Alameda County Records, and being a portion of Parcel 1 described in that certain deed recorded on February 14, 1955 in Book 7567 of Official Records at page 117, Alameda County Records, and being a portion of Parcel 3 described in that certain deed recorded on August 9, 1945 in Book 4757 of Official Records at page 138, Alameda County Records, and all of Parcel 2 described in that certain deed recorded on June 20, 1956 in Book 2084 of Official Records at page 712, Alameda County Records, and all of the parcel described in that certain deed recorded on June 20, 1956 in Book 2084 of Official Records at page 707, Alameda County Records, and all of the parcel described in that certain deed recorded on September 16, 1959 in Book 9152 of Official Records at page 57, Alameda County Records, more particularly described as follows:

BEGINNING at the intersection of the northerly line of Atlantic Avenue, being 51 feet wide, and the easterly line of Main Street as shown on that certain map entitled "OFFICIAL RESURVEY OF PORTION OF SEGREGATION LINE AND VICINITY", filed for record on August 13, 1951 in Book 3 of Maps at page 16 through 22, inclusive, in the Office of the Recorder of Alameda County.

1. Thence along said easterly line of Main Street and the westerly boundary line of the Parcel described in that certain deed recorded on March 28, 1941 in Book 4023 of Official Records at page 499, Alameda County Records, North 00°34'11" East, 1240.19 feet to the southerly line of the parcel described in that certain Judgment on Declaration of Taking entered in Civil Action No. 30735 recorded on December 21, 1951 in Book 6618 of Official Records at page 339, Alameda County Records;

2. Thence continuing along said easterly line of Main Street, North 00°34'11" East, 596.74 feet;

3. Thence leaving said easterly line of Main Street, South 87°57'28" East, 1923.89 feet;

4. Thence North 2°47'17" East, 364.75 feet to the southerly line of Parcel 1 described in that certain deed recorded on February 14, 1955 in Book 7567 of Official Records at page 117, Alameda County Records;

5. Thence along said southerly line of said Parcel 1 as described in that certain deed recorded on February 14, 1955 in Book 7567 of Official Records at page 117, Alameda County Records, South 87°12'43" East, 351.25 feet to the TRUE POINT OF BEGINNING;

6. Thence leaving said southerly line, North 2°47'17" East, 1161.09 feet;

7. Thence North 87°21'26" West, 426.49 feet to a point on the easterly line of the parcel described in that certain deed recorded on August 10, 1966 in Book 1821 of Official Records at page 494, Alameda County Records;

8. Thence along said easterly line of the parcel described in that certain deed recorded on August 10, 1966 in Book 1821 of Official Records at page 494,

Alameda County Records, North 02°47'17" East, 293.60 feet to the northeasterly corner of said parcel;

9. Thence along the northerly line of said parcel described in that certain deed recorded on August 10,. 1966 in Book 1821 of Official Records at page 494, Alameda County Records, North 89°46'04" West, 1180.27 feet;

10. Thence continuing along the northerly line of said parcel described in that certain deed recorded August 10, 1966 in Book 1821 of Official Records at page 494, Alameda County Records, South 76°59'47" West, 30.74 feet;

11. Thence continuing along the northerly line of said parcel described in that certain deed recorded on August 10, 1966 in Book 1821 of Official Records at page 494, Alameda County Records, North 00°30'07" West, 15.37 feet;

12. Thence continuing along the northerly line of said parcel described in that certain deed recorded August 10, 1966 in Book 1821 of Official Records at page 494, Alameda County Records, South 76°59'47" West, 51.25 feet to a point on the easterly line of Parcel 9 described in that certain document recorded on April 8, 1984 as Document Number 84-064504 of Official Records, Alameda County;

13. Thence along said easterly line of Parcel 9 described in that certain document recorded on April 8, 1984 as Document Number 84-064504 of Official Records, Alameda County, North 00°30'13" West, 28.00 to the most northwesterly corner of Parcel 2 described in that certain deed recorded on June 20, 1956 in Book 2084 of Official Records at page 712, Alameda County Records, being a point on a non-tangent curve to the right from which point a radial line bears South 17°36'08" East;

14. Thence leaving said easterly line of Parcel 9 described in that certain document recorded on April 8, 1984 as Document Number 84-064504 of Official Records, Alameda County, and along the northerly line of Parcel 2 described in that certain deed recorded on June 20, 1956 in Book 2084 of Official Records at page 712, Alameda County Records, along said curve having a radius of 955.37 feet, through a central angle of 1°14'55", for an arc length of 20.82 feet to a point of compound curvature;

15. Thence continuing along said northerly line of Parcel 2 described in that certain deed recorded on June 20, 1956 in Book 2084 of Official Records at page 712,

Alameda County Records, along said curve having a radius of 557.56 feet, through a central angle of 15°51'00", for an arc length of 154.24 feet;

16. Thence continuing along said northerly line of Parcel 2 described in that certain deed recorded on June 20, 1956 in Book 2084 of Official Records at page 712, Alameda County Records, North 89°29'47" East, 183.18 feet to a point on the westerly line of the parcel described in that certain deed recorded on June 20, 1956 in Book 2084 of Official Records at page 707, Alameda County Records;

17. Thence along said westerly line of the parcel described in that certain deed recorded on June 20, 1956 in Book 2084 of Official Records at page 707, Alameda County Records, North 00°42'53" West, 10.00 feet to the northwesterly corner of said parcel;

18. Thence continuing along the northerly line of the parcel described in that certain deed recorded on June 20, 1956 in Book 2084 of Official Records at page 707, Alameda County Records, North 87°10'47" East, 238.51 feet to the beginning of a tangent curve to the right;

19. Thence continuing along said northerly line of the parcel described in that certain deed recorded on June 20, 1956 in Book 2084 of Official Records at page 707, Alameda County Records, along said curve having a radius of 1136.01 feet, through a central angle of 3°03'09", for an arc length of 60.52 feet;

20. Thence continuing along said northerly line of the parcel described in that certain deed recorded on June 20, 1956 in Book 2084 of Official Records at page 707, Alameda County Records, South 89°46'04" East, 1216.24 feet;

21. Thence continuing along said northerly line of the parcel described in that certain deed recorded on June 20, 1956 in Book 2084 of Official Records at page 707, Alameda County Records, South 88°07'13" East, 367.67 feet to the beginning of a tangent of curve to the right;

22. Thence continuing along said northerly line of the parcel described in that certain deed recorded June 20, 1956 in Book 2084 of Official Records at page 707, Alameda County Records, along said curve having a radius of 563.14 feet, through a central angle of 6°00'30", for an arc length of 59.05 feet;

23. Thence continuing along said northerly line of the parcel described in that certain deed recorded on June 20, 1956 in Book 2084 of Official Records at page 707, Alameda County Records, South 82°06'43" East, 335.29 feet to a point on the northerly line of Parcel 3 described in that certain deed recorded on August 9, 1945 in Book 4757 of Official Records at page 138, Alameda County Records;

24. Thence along said northerly line of Parcel 3 described in that certain deed recorded on August 9, 1945 in Book 4757 of Official Records at page 138, Alameda County Records, South 82°06'43" East, 505.98 feet to the beginning of a tangent curve to the right;

25. Thence continuing along said northerly line of Parcel 3 described in that certain deed recorded on August 9, 1945 in Book 4757 of Official Records at page 138, Alameda County Records, along said curve having a radius of 2867.82 feet, through a central angle of 00°36'00", for an arc length of 30.03 feet to the point of a compound curvature;

26. Thence continuing along said northerly line of Parcel 3 described in that certain deed recorded on June 20, 1956 in Book 4757 of Official Records at page 138, Alameda County Records, curve having a radius of 1435.47 feet, through a central angle of 1°12'01", for an arc length of 30.07 feet to the point of a compound curvature;

27. Thence continuing along said northerly line of Parcel 3 described in that certain deed recorded on June 20, 1956 in Book 4757 of Official Records at page 138, Alameda County Records, along said curve having a radius of 958.04 feet, through a central angle of 1°47'59", for an arc length of 30.09 feet to the point of a compound curvature;

28. Thence continuing along said northerly line of Parcel 3 described in that certain deed recorded on June 20, 1956 in Book 4757 of Official Records at page 138, Alameda County Records, along said curve having a radius of 719.34 feet, through a central angle of 1°12'56", for an arc length of 15.26 feet to the most northerly corner of Parcel A described in that certain deed recorded on December 1, 1967 in Book 2084 of Official Records at page 701, Alameda County Records, being a point on a non-tangent curve to the left from which point a radial line bears South 66°03'48" East;

29. Thence along the westerly line of Parcel A described in that certain deed recorded on December 1, 1967 in Book 2084 of Official Records at page 701, Alameda

County Records, along said curve having a radius of 30,050.01 feet, through a central angle of 00°56'00", for an arc length of 489.48 feet to the beginning of a non-tangent curve to the left, from which point a radial line bears South 2°09'25" East;

30. Thence continuing along said westerly line of Parcel A described in that certain deed recorded on December 1, 1967 in Book 2084 of Official Records at page 701, Alameda County Records, along said curve having a radius of 60.00 feet, through a central angle of 63°17'05", for an arc length of 66.28 feet to a point of compound curvature;

31. Thence continuing along said westerly line of Parcel A described in that certain deed recorded on December 1, 1967 in Book 2084 of Official Records at page 701, Alameda County Records, along said curve having a radius of 1222.09 feet, through a central angle of 31°53'47", for an arc length of 680.33 feet to a point of compound curvature;

32. Thence continuing along said westerly line of Parcel A described in that certain deed recorded on December 1, 1967 in Book 2084 of Official Records at page 701, Alameda County Records, along said curve having a radius of 1434.10 feet, through a central angle of 07°09'19", for an arc length of 179.09 feet to a point on the southerly line of that certain deed recorded on July 22, 1948 in Book 5582 of Official Records at page 597, Alameda County Records;

33. Thence along said southerly line of the parcel described in that certain deed recorded on July 22, 1948 in Book 5582 of Official Records at page 597, Alameda County Records, North 87°12'43" West, 332.59 feet to the northwesterly corner of that certain Parcel Map recorded on October 2, 1981 in Book 131 of Maps at page 1 through 2, inclusively, Alameda County Records;

34. Thence along the westerly line of that certain Parcel Map recorded on October 2, 1981 in Book 131 of Maps at page 1 through 2, inclusively, Alameda County Records, South 2°04'31" West, 413.69 feet;

35. Thence North 87°55'29" West, 499.44 feet;

36. Thence North 2°04'31" East, 24.13 feet;

37. Thence South 75°18'52" West, 211.73 feet;

38. Thence North 87°12'43" West, 185.65 feet;

39. Thence North 2°47'17" East, 319.31 feet a point on the northerly line of the parcel described in that certain Condemnation Suite No. 30735 recorded on December 21, 1951 in Book 6618 of Official Records at page 339, Alameda County Records;

40. Thence along said northerly line of the parcel described in that certain Judgment on Declaration of Taking entered in Civil Action No. 30735 recorded on December 21, 1951 in Book 6618 of Official Records at page 339, Alameda County Records, North 87°12'43" West, 83.75 feet to the TRUE POINT OF BEGINNING;

Containing an area of 57.81722 acres, more or less.

Basis of Bearings:
Bearings are based on the California Coordinate System of 1927 Zone III using the bearing of South 87°45'20" East between USC & GS Station "MAIN ATL" and USC & GS Station "ALT FIFTH". All distances in this description are ground distances. Multiply by 0.9999295 to obtain grid distances.

This description was prepared by me or under my direction in conformance with the requirements of the Land Surveyor's Act.

Prepared By:

[signature]
Billy Martin, P.L.S. 5797
Expires: 6/30/2004

LICENSED LAND SURVEYOR BILLY MARTIN EXP. 6/30/2004 No. 5797 STATE OF CALIFORNIA

Dated: 6-30-00

Approved By:

[signature] M.K. Mahoney
Mike Mahoney, P.L.S. 5577
Expires: 12/31/2001

LICENSED LAND SURVEYOR MICHAEL S. MAHONEY NO. 5577 Exp. 12/31/01 SURVEYOR STATE OF CALIFORNIA

Dated: July 5, 2000

K:\MAIN\1998\98022\LEGALS\980221-50\AREA1.doc

1" = 400'

| LINE TABLE | | |
|---|---|---|
| LINE | BEARING | LENGTH |
| L1 | N 00°30'14" W | 746.23' |
| L2 | S 58°36'14" E | 153.54' |
| L3 | S 15°28'16" W | 100.37' |
| L4 | S 31°40'14" E | 82.16' |
| L5 | S 81°24'14" E | 285.99' |
| L6 | S 88°00'44" E | 87.24' |
| L7 | N 86°38'46" E | 16.02' |

| CURVE TABLE | | | |
|---|---|---|---|
| CURVE | DELTA | RADIUS | LENGTH |
| C1 | 00°12'27" | 30050.01' | 108.83' |
| C2 | 01°33'38" | 741.84' | 20.21' |
| C3 | 01°47'59" | 980.54' | 30.80' |
| C4 | 01°12'01" | 1457.97' | 30.54' |
| C5 | 00°36'00" | 2890.33' | 30.27' |




# DETAIL "A"




LICENSED LAND SURVEYOR
BILLY MARTIN
EXP 6/30/2004
No. 5797
STATE OF CALIFORNIA

**Brian Kangas Foulk**
Engineers • Surveyors • Planners

540 Price Avenue
Redwood City, CA 94063
650/482-6300
650/482-6399 (FAX)

Subject EXHIBIT "D"
AREA 2 - PARCEL "A"
Job No. 980221-50
By RCS Date 05/12/00 Chkd. MP
SHEET 15 OF 18

...\980221\DWG\Plots\980221-50\ DATE: 5/12/2000 MBM - DAH 7/5/00




Curve Table

| No. | Radius | Delta | Length |
|---|---|---|---|
| C1 | 955.37' | 01°14'55" | 20.82' |
| C2 | 557.56' | 15°51'00" | 154.24' |
| C3 | 2867.82' | 00°36'00" | 30.03' |
| C4 | 1435.47' | 01°12'01" | 30.07' |
| C5 | 958.04' | 01°47'59" | 30.09' |
| C6 | 719.34' | 01°12'56" | 15.26' |
| C7 | 30050.01' | 00°56'00" | 489.48' |
| C8 | 60.00' | 63°17'05" | 66.28' |
| C9 | 1222.09' | 31°53'47" | 680.33' |
| C10 | 1434.10' | 07°09'19" | 179.09' |

Bearing Table

| No. | Bearing | Distance |
|---|---|---|
| L1 | S 76°59'47" W | 30.74' |
| L2 | N 00°30'07" W | 15.37' |
| L3 | S 76°59'47" W | 51.25' |
| L4 | N 00°30'13" W | 28.00' |
| L5 | N 89°29'47" E | 183.18' |
| L6 | N 00°42'53" W | 10.00' |
| L7 | N 87°10'47" E | 238.51' |
| L8 | N 02°04'31" E | 24.13' |
| L9 | S 75°18'52" W | 211.73' |
| L10 | N 87°12'43" W | 185.65' |
| L11 | N 02°47'17" E | 319.31' |
| L12 | N 87°12'43" W | 83.75' |
| L13 | S 87°12'43" E | 351.25' |

**Brian Kangas Foulk**
Engineers • Surveyors • Planners

540 Price Avenue
Redwood City, CA 94063
650/482-6300
650/482-6399 (FAX)

Subject EXHIBIT "D"
AREA 2 – PARCEL "B"
Job No. 980221-50
By RCS Date 5/12/00 Chkd. MP
SHEET 16 OF 18

...\980221\DWG\Plots\980221-50\ DATE: 5/12/2000 mem-DOH 7/5/00

# AREA 3

A parcel of land lying in the City and County of Alameda, State of California, and being a portion of Parcel No. 1 described in that certain deed recorded on December 18, 1944 in Book 4663 of Official Records at page 35, Alameda County Records, more particularly described as follows:

BEGINNING at the most southeasterly corner of said Parcel 1:

Thence along the easterly line of said parcel, North 15°28'16" East, 103.74 feet to the TRUE POINT OF BEGINNING;

1. Thence leaving said line North 89°40'23" West, 147.30 feet;
2. Thence North 0°19'37" East, 204.21 feet;
3. Thence South 77°04'25" East, 195.73 feet to a point on said easterly line;
4. Thence along said easterly line, South 15°28'16" West, 167.32 feet to the TRUE POINT OF BEGINNING:

Containing an area of 31,398 square feet, more or less.

Basis of Bearings:
Bearings are based on the California Coordinate System of 1927 Zone III using the bearing of South 87°45'20" East between USC & GS Station "MAIN ATL" and USC & GS Station "ALT FIFTH". All distances in this description are ground distances. Multiply by 0.9999295 to obtain grid distances.

This description was prepared by me or under my direction in conformance with the requirements of the Land Surveyor's Act.

Prepared By:

[signature]
Billy Martin, P.L.S. 5797
Expires: 6/30/2004

LICENSED LAND SURVEYOR — BILLY MARTIN — EXP. 6/30/2004 — No. 5797 — STATE OF CALIFORNIA

Dated: 6-30-00

Approved By:

[signature: Mike Mahoney]
Mike Mahoney, P.L.S. 5577
Expires: 12/31/2001
K:\MAIN\1998\980221\LEGALS\AREA3.DOC

LICENSED LAND SURVEYOR — MICHAEL S. MAHONEY — NO. 5577 — Exp. 12/31/01 — SURVEYOR — STATE OF CALIFORNIA

Dated: July 5, 2000




Brian Kangas Foulk
Engineers • Surveyors • Planners

540 Price Avenue
Redwood City, CA 94063
650/482-6300
650/482-6399 (FAX)

Subject EXHIBIT "D"
AREA 3
Job No. 980221-50
By RCS Date 05/12/00 Chkd. MP
SHEET 18 OF 18

...\980221\DWG\Plots\980221-50\ DATE: 5/12/2000 mRm - DON 7/5/00

**EXHIBIT "E"**
**Residential Use Parcel**

A parcel of land lying in the City and County Alameda, State of California, and being a portion of the parcel described in that certain deed recorded on December 21, 1951 in Book 6618 of Official Records at page 339, Alameda County Records, more particularly described as follows:

BEGINNING at the most southeasterly corner of Parcel 1 as described in that certain deed recorded on February 14, 1955 in Book 7567 of Official Records at page 117, said county records;

Thence along the southerly line of said Parcel 1, North 87°12'43" West, 26.48 feet to the TRUE POINT OF BEGINNING;

1. Thence leaving said southerly line, South 2°47'17" West, 319.31 feet;
2. Thence North 87°12'43" West, 341.05 feet;
3. Thence North 2°47'17" East, 319.31 feet to the southerly line of said Parcel 1;
4. Thence along said southerly line, South 87°12'43" East, 341.05 feet to the TRUE POINT OF BEGINNING;

Containing an area of 2.50000 acres, more or less.

Basis of Bearings:
Bearings are based on the California Coordinate System of 1927 Zone III using the bearing of South 87°45'20" East between USC & GS Station "MAIN ATL" and USC & GS Station "ALT FIFTH". All distances in this description are ground distances. Multiply by 0.9999295 to obtain grid distances.

This description was prepared by me or under my direction in conformance with the requirements of the Land Surveyor's Act.

Prepared By:

Billy Martin, P.L.S. 5797
Expires: 6/30/2004

LICENSED LAND SURVEYOR
BILLY MARTIN
EXP. 6/30/2004
No. 5797
STATE OF CALIFORNIA

Dated: 6-30-00

Approved By:

Mike Mahoney, P.L.S. 5577
Expires: 12/31/2001

LICENSED LAND SURVEYOR
MICHAEL MAHONEY
No. 5577
Exp. 12/31/01
STATE OF CALIFORNIA

Dated: July 5, 2000

K:\MAIN\1998\980221\LEGALS\980221-30\RESUP.DOC

Exhibit "E"
Page 1 of 1




Bearing Table

| No. | Bearing | Distance |
|---|---|---|
| L1 | N 87°12'43" W | 26.48' |

Brian Kangas Foulk
Engineers • Surveyors • Planners

540 Price Avenue
Redwood City, CA 94063
650/482-6300
650/482-6399 (FAX)

Subject EXHIBIT "E"
RESIDENTIAL USE PARCEL
Job No. 980221-50
By RCS Date 05/10/00 Chkd. MP
SHEET 1 OF 1

PATH: J:\SUR98\980221\DWG\Plots\980221-50\ DATE: 5/11/2000 MBM - DBN 7/5/00

RECORDING REQUESTED BY:
United States Navy
Naval Facilities Engineering Command
Southwest Division
1230 Columbia Street, Suite 1100
San Diego, California 92101
Attention: William R. Carsillo
Lead Real Estate Contracting Officer

WHEN RECORDED, MAIL TO:

Department of Toxic Substances Control
Northern California Region
10151 Croydon Way, Suite 3
Sacramento, California 95827
Attention: Anthony J. Landis, P.E., Chief
Northern California Operations,
Office of Military Facilities

**TRUE COPY of Document Recorded on** July 20, 2000 **as No.** 2000 215932
**FIRST AMERICAN TITLE COMPANY**
Sheryl Taylor

SPACE ABOVE THIS LINE RESERVED FOR RECORDER'S USE

INTERIM COVENANT TO RESTRICT USE OF PROPERTY

ENVIRONMENTAL RESTRICTION

(Re: Fleet and Industrial Supply Center - Alameda Annex)

---

This Covenant and Agreement ("Covenant") is made by and between the United States of America acting by and through the Department of the Navy ("DON" or "Covenantor"), the current owner of property situated in Alameda, County of Alameda, State of California, described in Exhibit A, which is attached and incorporated here by this reference ("Property"), and the State of California ("State") acting by and through the Department of Toxic Substances Control ("Department"). The Department has

determined that this Covenant is reasonably necessary to protect present or future human health or safety or the environment as a result of the presence on the land of hazardous materials, as defined in California Health & Safety Code ("H&SC") Section 25260, and enters into this Covenant in accordance with H&SC Section 25355.5 and California Civil Code Section 1471(c). In addition, pursuant to Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA") Section 104 (42 U.S.C. §9604), as delegated to the Covenantor by Executive Order 12580, ratified by Congress in 10 U.S.C. Section 2701, et seq., and implemented by the National Oil and Hazardous Substances Pollution Contingency Plan ("NCP") 40 C.F.R. Part 300, and implementing guidance and policies, the Covenantor has also determined that this Covenant is reasonably necessary to protect present or future human health or safety or the environment as the result of the presence on the land of hazardous substances as defined in CERCLA Section 101 (42 U.S.C. §9601).

The Covenantor and the Department (collectively, the "Parties") therefore intend that the use of the Property be restricted on an interim basis as set forth in this Covenant to protect human health, safety and the environment. It is anticipated that some or all of the Interim Restrictions in this Covenant may become unnecessary after adequate investigation or remediation of the Property.

The Covenantor currently has legal title and interest in the Property sufficient to enter into and record this Covenant to provide for continuing enforcement of the Interim Restrictions contained in this Covenant. This Covenant shall be enforceable against the servient estate in that it shall run with the land to all successors and assigns. Further, in any subsequent transfers or conveyances of the Property's title by the DON to non-

federal entities the DON shall insure that any such subsequent deed or transfer contains protective restrictions that are consistent with this Covenant and provide a right of access and power to conduct monitoring of waste retained on site.

ARTICLE I
STATEMENT OF FACTS

1.01 The Property, totaling approximately 106 acres, is more particularly described and depicted in Exhibit A. The Property is located in the area now generally bounded by the Oakland Inner Harbor, Mariner Square loop, the College of Alameda, Arnold Avenue, and the Coast Guard housing area of Alameda Naval Air Station, in the County of Alameda, State of California.

1.02 The DON and Department entered into the Federal Facility Site Remediation Agreement ("FFSRA") on May 9, 2000. Pursuant to the FFSRA, based on the RCRA Facility Assessment and other investigations, the Department and the DON have concluded that further investigation is needed to address contamination at Installation Restoration ("IR") Sites 02 and 04/06. The Department has concluded, and the DON has agreed, that an investigation of polynuclear aromatic hydrocarbon ("PAH") contamination will be conducted at the Property. This investigation will be conducted pursuant to a work plan submitted under the schedule in Attachment C of the FFSRA. This work plan shall specify the PAH screening level agreed to by the Department and the DON to be used to determine the need for additional investigation. If the determination is made, under the FFSRA, that a response action is necessary, the DON shall implement the response action pursuant to the FFSRA. The schedule for completing all remaining investigations, alternative analyses, remedy selection, and

remedy implementation for groundwater, marsh crust and IR Sites 02, 04/06, and other areas where further investigation for PAHs is necessary, will be set forth in Attachment C to the FFSRA.

1.03 The DON has issued a Finding of Suitability for Early Transfer ("FOSET") dated February 18, 2000, to transfer the Property prior to completion of the Remedial Investigation/Feasibility Study ("RI/FS") and a final assessment of the adequacy of any interim response action. This type of transfer is subject to Section 120(h)(3)(C) of CERCLA, and requires a determination by the Governor of the State that the Property is suitable for early transfer (FOSET). Specifically, Section 120(h)(3)(C)(i)(II) requires that the deed or other agreement governing the transfer contain assurances, among other things, that provide for any necessary restrictions on the use of the property to ensure the protection of human health and the environment.

1.04 The RI of the Property conducted by DON indicates that hazardous materials are present in soils in certain areas of the Property. Polychlorinated biphenyls ("PCBs") and cadmium are present in the eastern central area of the Property generally known as IR Site 02. The Department and the DON have determined that the PCB and cadmium concentrations in IR Site 02 may present a threat to human health or safety or the environment if they are not properly remediated and managed. PAHs also have been detected in fill soil in certain areas of the Property. The Department has determined that further investigation of PAHs is necessary to evaluate whether the PAHs that are in the fill pose a threat to present or future human health or safety or the environment at the Property. Elevated concentrations of petroleum and petroleum constituents are present in the soils in the area of IR Site 04/06. The Department and the DON have determined that

these petroleum concentrations may present a threat to human health or safety or the environment if they are not properly remediated and managed.

ARTICLE II
DEFINITIONS

2.01 Department. "Department" means the State of California by and through the Department of Toxic Substances Control and includes its successor agencies, if any.

2.02 Owner. "Owner" means the Covenantor's successors in interest, and their successors in interest, including heirs and assigns, during their ownership of all or any portion of the Property.

2.03 Occupant. "Occupant" means any person or entity entitled by leasehold or other legal relationship to the right to occupy any portion of the Property.

2.04 Covenantor. "Covenantor" shall mean the United States acting through the DON.

ARTICLE III
GENERAL PROVISIONS

3.01 Interim Restrictions to Run with the Land. This Covenant sets forth protective provisions, covenants, restrictions, and conditions (collectively, "Interim Restrictions"), subject to which the Property and every portion thereof shall be improved, held, used, occupied, leased, sold, hypothecated, encumbered, and/or conveyed. These Interim Restrictions are to be construed to be consistent with the separate restrictions placed in the deed by and in favor of the Covenantor, conveying the Property from the Convenantor to its successor in interest. Each and every Interim Restriction: (a) runs with the land in perpetuity pursuant to H&SC Section 25355.5(a)(1)(C) and Civil Code Section 1471; (b) inures to the benefit of and passes with each and every portion of the

Property; (c) is for the benefit of, and is enforceable by the Department; and (d) is imposed upon the entire Property unless expressly stated as applicable only to a specific portion thereof.

3.02 Binding upon Owners and Occupants. Pursuant to H&SC Section 25355.5(a)(1)(C), this Covenant binds all Owners and Occupants of the Property, their heirs, successors, and assignees, and the agents, employees, and lessees of the owners, heirs, successors, and assignees. Pursuant to Civil Code Section 1471(b), all successive owners of the Property are expressly bound hereby for the benefit of the Department.

3.03 Written Notification. Upon a determination that a hazardous substance is present upon or beneath nonresidential real property, a notification must be made pursuant to H&SC Section 25359.7. Specifically, prior to the sale or lease of nonresidential real property, the owner or lessor shall give the buyer or lessee notice that a hazardous substance is located on or beneath the Property.

3.04 Incorporation into Deeds and Leases. The Interim Restrictions set forth herein shall be incorporated by reference in each and all deeds and leases for any portion of the Property to which they are in effect and applicable.

3.05 Conveyance of Property. The Owner shall provide notice to the Department not later than thirty (30) days after any conveyance of any ownership interest in the Property (excluding mortgages, liens, and other non-possessory encumbrances). The Department shall not, by reason of this Covenant alone, have authority to approve, disapprove, or otherwise affect a conveyance, except as otherwise provided by law, by administrative order, or by a specific provision of this Covenant.

## ARTICLE IV
## INTERIM RESTRICTIONS

4.01 Interim Restrictions. The following Interim Restrictions on use of the specified areas of the Property shall apply unless otherwise approved by the Department as provided below:

Area 1: Area 1 is that portion of the Property so designated in Exhibit A and generally known as IR Site 02. Area 1 shall not be used for residential purposes and construction activities shall not begin until the Department determines that the soils having PCB and cadmium concentrations have been properly remediated and the Department has recorded a release terminating these Interim Restrictions for Area 1 in accordance with Article VI of this Covenant.

Area 2: Area 2 is that portion of the Property so designated in Exhibit A. Area 2 shall not be used for residential purposes and construction activities shall not begin until the Department determines that PAH concentrations in soil do not pose an unacceptable risk to human health or safety or the environment or have been properly remediated to make the Area suitable for residential use and the Department has recorded a release terminating these Interim Restrictions for Area 2 in accordance with Article VI of this Covenant.

Area 3: Area 3, which is a sub-area of Area 2, is that portion of the Property so designated in Exhibit A, and known generally as IR Sites 04/06. Construction activities in these areas shall not begin until the Department determines that petroleum concentrations in soil do not pose an unacceptable risk to human health or safety or the environment or have been properly remediated and the Department has

recorded a release terminating these Interim Restrictions for Area 3 in accordance with Article VI of this Covenant.

As used in this paragraph 4.01, "construction activities" shall mean any below ground demolition work and any above ground or below ground construction of any permanent structure, including utility lines, that would conflict with the final soil remedy approved by the Department for the affected Area. Construction activities do not include above ground demolition work. Any person desiring to conduct any restricted construction activities, including subsurface utility demolition or construction, in the Areas described above prior to the release of any applicable Interim Restrictions by the Department in accordance with Article VI of this Covenant shall apply to the Department for approval to do so. The Department may require preparation and implementation of a risk management plan providing for proper management of any contaminated soil as a condition of granting its approval. Except as expressly provided in this paragraph 4.01, this Covenant does not restrict any use of the Property.

4.02 Access for Department. The Department shall have reasonable right of entry and access to the Property for inspection, monitoring, and other activities consistent with the purposes of this Covenant as deemed necessary by the Department to protect the public health or safety or the environment.

ARTICLE V
ENFORCEMENT

5.01 Enforcement. Failure of the Owner or Occupant to comply with any of the Interim Restrictions specifically applicable to it shall be grounds for the Department to obtain injunctive relief prohibiting commencement of any construction activities

restricted by this Covenant. Actual or threatened violation of this Covenant, including but not limited to commencement or completion of any construction activities that violate this Covenant, may be prohibited or restrained, or the interest intended for protection by this Covenant may be enforced, by injunctive relief or any other remedy as provided by law. The court may award to the prevailing party in any action the costs of litigation, including reasonable attorney's fees.

## ARTICLE VI
## VARIANCE, TERMINATION AND RELEASE

6.01 Variance. The Owner, or with the Owner's consent, any Occupant, may apply to the Department for a written variance from the provisions of this Covenant. The Department will grant the variance only after finding that such a variance would be protective of human health, safety and the environment. Such application shall be made in accordance with H&SC Section 25233. The Department will grant the variance only after finding that such a variance would be protective of human health, safety and the environment.

6.02 Termination. The Owner, or with the Owner's consent, any Occupant, may apply to the Department for a termination of the Interim Restrictions or other terms of this Covenant as they apply to all or any portion of the Property. Such application shall be made in accordance with H&SC Section 25234. No termination of this Covenant shall extinguish or modify any restrictions, any DON right of access or any other assurances provided pursuant to CERCLA Section 120(h)(3) in any deed by which the DON conveys the Property.

6.03 Release. This Covenant shall continue in effect in perpetuity unless ended in accordance with the termination paragraph above, by law, or by the Department under this paragraph 6.03. Upon the Department making a determination that any or all of the Interim Restrictions on the use of the Property are no longer necessary to protect present or future human health or safety or the environment, the Department shall promptly record a release terminating this Covenant or the relevant Interim Restriction. In making such a determination, the Department shall make a finding that the hazardous materials that caused the land to be restricted have since been sufficiently investigated, removed or altered in a manner that allows the Department to determine there is no significant existing or potential hazard to present or future human health or safety or the environment.

## ARTICLE VII
## MISCELLANEOUS

7.01 No Dedication Intended. Nothing set forth in this Covenant shall be construed to be a gift or dedication, or offer of a gift or dedication, of the Property, or any portion thereof to the general public or anyone else for any purpose whatsoever.

7.02 Recordation. The Covenantor shall record this Covenant, with Exhibit A, in the County of Alameda within ten (10) days of the Covenantor's receipt of a fully executed original.

7.03 Notices. Whenever any person gives or serves any notice ("notice" as used here includes any demand or other communication with respect to this Covenant), each such notice shall be in writing and shall be deemed effective: (1) when delivered, if personally delivered to the person being served or to an officer of a corporate party being

served, or (2) three (3) business days after deposit in the mail, if mailed by United States mail, postage paid, certified, return receipt requested:

To Owner: United States Navy
Naval Facilities Engineering Command
Southwest Division
1220 Pacific Highway
San Diego, CA 92120
Attention: Commanding Officer

To Department: Department of Toxic Substances Control
Northern California Region
10151 Croydon Way, Suite 3
Sacramento, CA 95827
Attention: Chief
Northern California Operations
Office of Military Facilities

To City: City Manager
City of Alameda
2263 Santa Clara Avenue
Alameda, CA 94501

Any party may change its address or the individual to whose attention a Notice is to be sent by giving written Notice in compliance with this paragraph.

7.04 Partial Invalidity. If any portion of the Interim Restrictions or other term set forth herein is determined by a court of competent jurisdiction to be invalid for any reason, the surviving portions of this Covenant shall remain in full force and effect as if such portion found invalid had not been included.

7.05 Exhibits. All exhibits referenced in this Covenant are deemed incorporated into this Covenant by reference.

7.06 Section Headings. The section headings set forth in this Covenant are included for convenience and reference only and shall be disregarded in the construction and interpretation of any of the provisions of this Covenant.

7.07 Representative Authority. The undersigned representative of each party to this Covenant certifies that he or she is fully authorized to enter into the terms and conditions of this Covenant and to execute and legally bind that party to this Covenant.

7.08 Statutory References. All statutory references include successor provisions.

IN WITNESS WHEREOF, the Parties execute this Covenant.

Covenantor:

UNITED STATES OF AMERICA,
acting by and through the Department of the Navy

By: ____________________
WILLIAM R. CARSILLO
Real Estate Contracting Officer

Date: 7/17/2000

STATE OF CALIFORNIA, acting by and through the Department of Toxic Substances Control

By: ____________________
ANTHONY J. LANDIS
Chief, Northern California Operations
Office of Military Affairs

Date: 6-27-00

~~Approved as to form:~~

~~Date:~~ ____________ ~~By:~~ ____________

~~Approved as to form:~~

~~Date:~~ ____________ ~~By:~~ ____________

## NOTARY ACKNOWLEDGMENT

STATE OF CALIFORNIA }ss
COUNTY OF Alameda }

On July 17 2000, before me, P. D. Campbell, a Notary Public in and for said State, personally appeared William R. Carsillo

, personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s) or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

Signature P. D. Campbell

P. D. CAMPBELL
Comm. # 1217822
NOTARY PUBLIC - CALIFORNIA
Alameda County
My Comm. Expires May 1, 2003

(This area for official notarial seal)

**OPTIONAL:**

DESCRIPTION OF ATTACHED DOCUMENT

Title or Type of Document

Date of Document

STATE OF CALIFORNIA )
)
COUNTY OF Sacramento )

On this 27th day of June, in the year 2000, before me Toni Ione Malik, personally appeared Anthony J. Landis, personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is /~~are~~ subscribed to the within instrument and acknowledged to me that he/~~she/they~~ executed the same in his/~~her/their~~ authorized capacity(~~ies~~), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

Signature Toni Ione Malik

TONI IONE MALIK
COMM. #1121781
Notary Public-California
SACRAMENTO COUNTY
My Comm. Exp. Jan. 9, 2001

AREA 1, 3 AND RESIDENTIAL USE PARCEL SITE LOCATION MAP




AREA 2, PARCELS A & B SITE LOCATION MAP




BASIS OF BEARINGS:

BEARINGS SHOWN ARE ON THE CALIFORNIA COORDINATE SYSTEM ZONE III 1927. DISTANCES SHOWN HEREON ARE GROUND LEVEL DISTANCES. MULTIPLY DISTANCES BY 0.999929 TO OBTAIN GRID LEVEL DISTANCES.

Brian Kangas Foulk
Engineers • Surveyors • Planners

540 Price Avenue
Redwood City, CA 94063
650/482-6300
650/482-6399 (FAX)

Subject EXHIBIT "A"
INDEX SHEET
Job No. 980221-50
By RG Date 05/12/00 Chkd. MP
SHEET 1 OF 18

**AREA 1**

A parcel of land lying in the City and County of Alameda, State of California, and being a portion of the parcel described in that certain deed recorded on December 21, 1951 in Book 6618 of Official Records at page 339, Alameda County Records, more particularly described as follows:

BEGINNING at the most northerly corner of said parcel:

Thence along the northerly line of said parcel, South 87°12'43" East, 141.82 feet to the TRUE POINT OF BEGINNING;

1. Thence continuing along said line, South 87°12'43" East, 713.87 feet;
2. Thence leaving said northerly line, South 2°04'31" West, 413.69 feet;
3. Thence North 87°55'29" West, 499.44 feet;
4. Thence North 2°04'31" East, 24.13 feet;
5. Thence South 75°18'52" West, 211.73 feet;
6. Thence North 87°12'43" West, 185.65 feet;
7. Thence North 87°12'43" West, 341.05 feet;
8. Thence North 2°47'17" East, 319.31 feet;
9. Thence South 87°12'43" East, 341.05 feet;
10. Thence South 87°12'43" East, 168.30 feet;
11. Thence North 2°47'17" East, 140.01 feet to the TRUE POINT OF BEGINNING;

Containing an area of 10.65543 acres, more or less.

Basis of Bearings:
Bearings are based on the California Coordinate System of 1927 Zone III using the bearing of South 87°45'20" East between USC & GS Station "MAIN ATL" and USC & GS Station "ALT FIFTH". All distances in this description are ground distances. Multiply by 0.9999295 to obtain grid distances.

This description was prepared by me or under my direction in conformance with the requirements of the Land Surveyor's Act.

Prepared By:

LICENSED LAND SURVEYOR
BILLY MARTIN
EXP. 6/30/2004
No. 5797
STATE OF CALIFORNIA

Billy Martin, P.L.S. 5797
Expires: 6/30/2004

Dated: 6.30.00

Approved By:

Mike Mahoney, P.L.S. 5577
Expires: 12/31/2001

Dated: July 5 2000
K:\MAIN\1998\98022\LEGALS\980221-50\AREA1.doc

LICENSED LAND SURVEYOR
MICHAEL S. MAHONEY
NO. 5577
Exp. 12/31/01
SURVEYOR
STATE OF CALIFORNIA




LINE TABLE

| LINE | BEARING | LENGTH |
|---|---|---|
| L1 | S 87°12'43" E | 141.82' |
| L2 | N 02°47'17" E | 140.01' |
| L3 | N 02°04'31" E | 24.13' |
| L4 | S 87°12'43" E | 168.30' |

Brian Kangas Foulk
Engineers • Surveyors • Planners

540 Price Avenue
Redwood City, CA 94063
650/482-6300
650/482-6399 (FAX)

Subject EXHIBIT "A"
AREA 1
Job No. 980221-50
By RCS Date 05/10/00 Chkd. MP
SHEET 4 OF 18

**AREA 2**

Parcel A:
A parcel of land lying in the City and County of Alameda, State of California, and being a portion of Parcel 1 and Parcel 2 described in that certain deed recorded on August 9, 1945 in Book 4757 of Official Records at page 138, Alameda County Records and a portion of Parcel No. 1 and Parcel No. 2 described in that certain deed recorded on December 18, 1944 in Book 4663 of Official Records at page 35, Alameda County Records and a portion of the parcel described in that certain deed recorded on December 18, 1944 in Book 4652 of Official Records at page 172, Alameda County Records and a portion of Parcel No. 1 and Parcel No. 2 described in that certain deed recorded on December 18, 1944 in Book 4652 of Official Records at page 168, Alameda County Records more particularly described as follows:

BEGINNING at the most northwesterly corner of the parcel described in that certain deed recorded on December 18, 1944 in Book 4652 of Official Records at page 172, Alameda County Records:

1. Thence along said northerly line of the parcel described in that certain deed recorded on December 18, 1944 in Book 4652 of Official Records at page 172, Alameda County Records, North 86°38'46" East, 16.02 feet to a point of intersection with the easterly line of Parcel 10 described in that certain deed recorded on April 8, 1984 as Document Number 84-064504, Official Records Alameda County, being the TRUE POINT OF BEGINNING;

2. Thence continuing along the northerly line of said parcel described in that certain deed recorded on December 18, 1944 in Book 4652 of Official Records at page 172, Alameda County Records, North 86°38'46" East, 402.97 feet;

3. Thence continuing along said northerly line of the parcel described in that certain deed recorded on December 18, 1944 in Book 4652 of Official Records at page 172, Alameda County Records, South 84°06'14" East, 567.60 feet;

4. Thence continuing along said northerly line of the parcel described in that certain deed recorded on December 18, 1944 in Book 4652 of Official Records at page 172, Alameda County Records, North 87°53'46" East, 726.00 feet;

5. Thence continuing along said northerly line of the parcel described in that certain deed recorded on December 18, 1944 in Book 4652 of Official Records at page 172, Alameda County Records, South 87°21'14" East, 858.00 feet;

6. Thence continuing along said northerly line of the parcel described in that certain deed recorded on December 18, 1944 in Book 4652 of Official Records at page 172, Alameda County Records, South 58°36'14" East, 153.54 feet to the most northwesterly corner of the parcel described in that certain deed recorded on September 24, 1941 in Book 4142 of Official Records at page 18, Alameda County Records;

7. Thence leaving said northerly line and along the westerly line of the parcel described in that certain deed recorded on September 24, 1941 in Book 4142 of Official Records at page 18, Alameda County Records, South 15°28'16" West, 579.96 feet to the most northwesterly corner of Parcel No. 2 described in that certain deed recorded on December 18, 1944 in Book 4663 of Official Records at page 35;

8. Thence leaving said westerly line and along the northerly line of Parcel No. 2 described in that certain deed recorded on December 18, 1944 in Book 4663 of Official Records at page 35, Alameda County Records, South 31°40'14" East, 82.16 feet;

9. Thence continuing along said northerly line of Parcel No. 2 described in that certain deed recorded on December 18, 1944 in Book 4663 of Official Records at page 35, Alameda County Records, South 81°24'14" East, 285.99 feet;

10. Thence continuing along said northerly line of Parcel No. 2 described in that certain deed recorded on December 18, 1944 in Book 4663 of Official Records at page 35, Alameda County Records, South 88°00'44" East, 87.24 feet to the most northwesterly corner of Parcel B described in that certain deed recorded on December 1, 1967 in Book 2084 of Official Records at page 701, Alameda County Records, being a point on a non-tangent curve to the left from which point a radial line bears South 65°48'44" East;

11. Thence leaving said northerly line and along the westerly line of Parcel B described in that certain deed recorded on December 1, 1967 in Book 2084 of Official Records at page 701, Alameda County Records, along said curve having a radius of 30050.01 feet, through a central angle of 0°12'27", for an arc length of

108.83 feet to a point on the southerly line of Parcel 2 described in that certain deed recorded on August 9, 1945 in Book 4757 of Official Records at page 138, Alameda County Records, being a point on a non-tangent curve to the left from which point a radial line bears South 13°02'54" West;

12. Thence leaving said westerly line along said southerly line of Parcel 2 described in that certain deed recorded on August 9, 1945 in Book 4757 of Official Records at page 138, Alameda County Records, along said curve having a radius of 741.84 feet, through a central angle of 1°33'38", for an arc length of 20.21 feet to a point of compound curvature;

13. Thence continuing along said southerly line of Parcel 2 described in that certain deed recorded on August 9, 1945 in Book 4757 of Official Records at page 138, Alameda County Records, along said curve having a radius of 980.54 feet, through a central angle of 1°47'59", for an arc length of 30.80 feet to a point of compound curvature;

14. Thence continuing along said southerly line of Parcel 2 described in that certain deed recorded on August 9, 1945 in Book 4757 of Official Records at page 138, Alameda County Records, along said curve having a radius of 1457.97 feet, through a central angle of 1°12'01", for an arc length of 30.54 feet to the beginning of a non-tangent curve to the left from which point a radial line bears South 08°27'44" West;

15. Thence continuing along said southerly line of Parcel 2 described in that certain deed recorded on August 9, 1945 in Book 4757 of Official Records at page 138, Alameda County Records, along said curve having a radius of 2890.33 feet, through a central angle of 0°36'00", for an arc length of 30.27 feet;

16. Thence continuing along said southerly line of Parcel 2 described in that certain deed recorded on August 9, 1945 in Book 4757 of Official Records at page 138, Alameda County, North 82°06'43" West, 848.13 feet to a point on the southerly line of Parcel No. 1 described in that certain deed recorded on December 18, 1944 in Book 4652 of Official Records at page 168, Alameda County Records;

17. Thence leaving said southerly line of Parcel 2 described in that certain deed recorded on August 9, 1945 in Book 4757 of Official Records at page 138, Alameda County, and along said southerly line of Parcel No. 1 described in that certain deed recorded on December 18, 1944 in Book 4652 of Official Records at page 168, Alameda County Records, North 88°07'13" West, 422.49 feet to the

most southeasterly corner of Parcel 1 described in that certain deed recorded on August 9, 1945 in Book 4757 of Official Records at page 138, Alameda County Records;

18. Thence along said southerly of Parcel 1 described in that certain deed recorded on August 9, 1945 in Book 4757 of Official Records at page 138, Alameda County Records, North 89°46'04" West, 1515.46 feet to a point of intersection with the easterly line of Parcel 10 described in that certain deed recorded on April 8, 1984 as Document Number 84-064504 Official Records Alameda County;

19. Thence along said easterly line of Parcel 10 described in that certain deed recorded on April 8, 1984 as Document Number 84-064504 Official Records Alameda County, North 0°30'14" West, 746.23 feet to the TRUE POINT OF BEGINNING;

Containing an area of 45.45148 acres, more or less:

Parcel B:
A parcel of land lying in the City and County of Alameda, State of California, and being a portion of the parcel described in that certain Judgment on Declaration of Taking entered in Civil Action No. 30735 recorded on December 21, 1951 in Book 6618 of Official Records at page 339, Alameda County Records, and being a portion of Parcel 1 described in that certain deed recorded on July 22, 1948 in Book 5582 of Official Records at page 597, Alameda County Records, and being a portion of the parcel described in that certain deed recorded on July 21, 1944 in Book 4499 of Official Records at page 401, Alameda County Records, and being a portion of the parcel described in that certain deed recorded on June 29, 1944 in Book 4499 of Official Records at page 384, Alameda County Records, and being a portion of the parcel described in that certain deed recorded on June 29, 1944 in Book 4499 of Official Records at page 316, Alameda County Records, and being a portion of Parcel 1 described in that certain deed recorded on February 14, 1955 in Book 7567 of Official Records at page 117, Alameda County Records, and being a portion of Parcel 3 described in that certain deed recorded on August 9, 1945 in Book 4757 of Official Records at page 138, Alameda County Records, and all of Parcel 2 described in that certain deed recorded on June 20, 1956 in Book 2084 of Official Records at page 712, Alameda County Records, and all of the parcel described in that certain deed recorded on June 20, 1956 in Book 2084 of Official Records at page 707, Alameda County Records, and all of the parcel described in that certain deed recorded on September 16, 1959 in Book 9152 of Official Records at page 57, Alameda County Records, more particularly described as follows:

BEGINNING at the intersection of the northerly line of Atlantic Avenue, being 51 feet wide, and the easterly line of Main Street as shown on that certain map entitled "OFFICIAL RESURVEY OF PORTION OF SEGREGATION LINE AND VICINITY", filed for record on August 13, 1951 in Book 3 of Maps at page 16 through 22, inclusive, in the Office of the Recorder of Alameda County:

1. Thence along said easterly line of Main Street and the westerly boundary line of the Parcel described in that certain deed recorded on March 28, 1941 in Book 4023 of Official Records at page 499, Alameda County Records, North 00°34'11" East, 1240.19 feet to the southerly line of the parcel described in that certain Judgment on Declaration of Taking entered in Civil Action No. 30735 recorded on December 21, 1951 in Book 6618 of Official Records at page 339, Alameda County Records;

2. Thence continuing along said easterly line of Main Street, North 00°34'11" East, 596.74 feet;

3. Thence leaving said easterly line of Main Street, South 87°57'28" East, 1923.89 feet;

4. Thence North 2°47'17" East, 364.75 feet to the southerly line of Parcel 1 described in that certain deed recorded on February 14, 1955 in Book 7567 of Official Records at page 117, Alameda County Records;

5. Thence along said southerly line of said Parcel 1 as described in that certain deed recorded on February 14, 1955 in Book 7567 of Official Records at page 117, Alameda County Records, South 87°12'43" East, 351.25 feet to the TRUE POINT OF BEGINNING;

6. Thence leaving said southerly line, North 2°47'17" East, 1161.09 feet;

7. Thence North 87°21'26" West, 426.49 feet to a point on the easterly line of the parcel described in that certain deed recorded on August 10, 1966 in Book 1821 of Official Records at page 494, Alameda County Records;

8. Thence along said easterly line of the parcel described in that certain deed recorded on August 10, 1966 in Book 1821 of Official Records at page 494,

Alameda County Records, North 02°47'17" East, 293.60 feet to the northeasterly corner of said parcel;

9. Thence along the northerly line of said parcel described in that certain deed recorded on August 10, 1966 in Book 1821 of Official Records at page 494, Alameda County Records, North 89°46'04" West, 1180.27 feet;

10. Thence continuing along the northerly line of said parcel described in that certain deed recorded August 10, 1966 in Book 1821 of Official Records at page 494, Alameda County Records, South 76°59'47" West, 30.74 feet;

11. Thence continuing along the northerly line of said parcel described in that certain deed recorded on August 10, 1966 in Book 1821 of Official Records at page 494, Alameda County Records, North 00°30'07" West, 15.37 feet;

12. Thence continuing along the northerly line of said parcel described in that certain deed recorded August 10, 1966 in Book 1821 of Official Records at page 494, Alameda County Records, South 76°59'47" West, 51.25 feet to a point on the easterly line of Parcel 9 described in that certain document recorded on April 8, 1984 as Document Number 84-064504 of Official Records, Alameda County;

13. Thence along said easterly line of Parcel 9 described in that certain document recorded on April 8, 1984 as Document Number 84-064504 of Official Records, Alameda County, North 00°30'13" West, 28.00 to the most northwesterly corner of Parcel 2 described in that certain deed recorded on June 20, 1956 in Book 2084 of Official Records at page 712, Alameda County Records, being a point on a non-tangent curve to the right from which point a radial line bears South 17°36'08" East;

14. Thence leaving said easterly line of Parcel 9 described in that certain document recorded on April 8, 1984 as Document Number 84-064504 of Official Records, Alameda County, and along the northerly line of Parcel 2 described in that certain deed recorded on June 20, 1956 in Book 2084 of Official Records at page 712, Alameda County Records, along said curve having a radius of 955.37 feet, through a central angle of 1°14'55", for an arc length of 20.82 feet to a point of compound curvature;

15. Thence continuing along said northerly line of Parcel 2 described in that certain deed recorded on June 20, 1956 in Book 2084 of Official Records at page 712,

Alameda County Records, along said curve having a radius of 557.56 feet, through a central angle of 15°51'00", for an arc length of 154.24 feet;

16. Thence continuing along said northerly line of Parcel 2 described in that certain deed recorded on June 20, 1956 in Book 2084 of Official Records at page 712, Alameda County Records, North 89°29'47" East, 183.18 feet to a point on the westerly line of the parcel described in that certain deed recorded on June 20, 1956 in Book 2084 of Official Records at page 707, Alameda County Records;

17. Thence along said westerly line of the parcel described in that certain deed recorded on June 20, 1956 in Book 2084 of Official Records at page 707, Alameda County Records, North 00°42'53" West, 10.00 feet to the northwesterly corner of said parcel;

18. Thence continuing along the northerly line of the parcel described in that certain deed recorded on June 20, 1956 in Book 2084 of Official Records at page 707, Alameda County Records, North 87°10'47" East, 238.51 feet to the beginning of a tangent curve to the right;

19. Thence continuing along said northerly line of the parcel described in that certain deed recorded on June 20, 1956 in Book 2084 of Official Records at page 707, Alameda County Records, along said curve having a radius of 1136.01 feet, through a central angle of 3°03'09", for an arc length of 60.52 feet;

20. Thence continuing along said northerly line of the parcel described in that certain deed recorded on June 20, 1956 in Book 2084 of Official Records at page 707, Alameda County Records, South 89°46'04" East, 1216.24 feet;

21. Thence continuing along said northerly line of the parcel described in that certain deed recorded on June 20, 1956 in Book 2084 of Official Records at page 707, Alameda County Records, South 88°07'13" East, 367.67 feet to the beginning of a tangent of curve to the right;

22. Thence continuing along said northerly line of the parcel described in that certain deed recorded June 20, 1956 in Book 2084 of Official Records at page 707, Alameda County Records, along said curve having a radius of 563.14 feet, through a central angle of 6°00'30", for an arc length of 59.05 feet;

23. Thence continuing along said northerly line of the parcel described in that certain deed recorded on June 20, 1956 in Book 2084 of Official Records at page 707, Alameda County Records, South 82°06'43" East, 335.29 feet to a point on the northerly line of Parcel 3 described in that certain deed recorded on August 9, 1945 in Book 4757 of Official Records at page 138, Alameda County Records;

24. Thence along said northerly line of Parcel 3 described in that certain deed recorded on August 9, 1945 in Book 4757 of Official Records at page 138, Alameda County Records, South 82°06'43" East, 505.98 feet to the beginning of a tangent curve to the right;

25. Thence continuing along said northerly line of Parcel 3 described in that certain deed recorded on August 9, 1945 in Book 4757 of Official Records at page 138, Alameda County Records, along said curve having a radius of 2867.82 feet, through a central angle of 00°36'00", for an arc length of 30.03 feet to the point of a compound curvature;

26. Thence continuing along said northerly line of Parcel 3 described in that certain deed recorded on June 20, 1956 in Book 4757 of Official Records at page 138, Alameda County Records, curve having a radius of 1435.47 feet, through a central angle of 1°12'01", for an arc length of 30.07 feet to the point of a compound curvature;

27. Thence continuing along said northerly line of Parcel 3 described in that certain deed recorded on June 20, 1956 in Book 4757 of Official Records at page 138, Alameda County Records, along said curve having a radius of 958.04 feet, through a central angle of 1°47'59", for an arc length of 30.09 feet to the point of a compound curvature;

28. Thence continuing along said northerly line of Parcel 3 described in that certain deed recorded on June 20, 1956 in Book 4757 of Official Records at page 138, Alameda County Records, along said curve having a radius of 719.34 feet, through a central angle of 1°12'56", for an arc length of 15.26 feet to the most northerly corner of Parcel A described in that certain deed recorded on December 1, 1967 in Book 2084 of Official Records at page 701, Alameda County Records, being a point on a non-tangent curve to the left from which point a radial line bears South 66°03'48" East;

29. Thence along the westerly line of Parcel A described in that certain deed recorded on December 1, 1967 in Book 2084 of Official Records at page 701, Alameda

County Records, along said curve having a radius of 30,050.01 feet, through a central angle of 00°56'00", for an arc length of 489.48 feet to the beginning of a non-tangent curve to the left, from which point a radial line bears South 2°09'25" East;

30. Thence continuing along said westerly line of Parcel A described in that certain deed recorded on December 1, 1967 in Book 2084 of Official Records at page 701, Alameda County Records, along said curve having a radius of 60.00 feet, through a central angle of 63°17'05", for an arc length of 66.28 feet to a point of compound curvature;

31. Thence continuing along said westerly line of Parcel A described in that certain deed recorded on December 1, 1967 in Book 2084 of Official Records at page 701, Alameda County Records, along said curve having a radius of 1222.09 feet, through a central angle of 31°53'47", for an arc length of 680.33 feet to a point of compound curvature;

32. Thence continuing along said westerly line of Parcel A described in that certain deed recorded on December 1, 1967 in Book 2084 of Official Records at page 701, Alameda County Records, along said curve having a radius of 1434.10 feet, through a central angle of 07°09'19", for an arc length of 179.09 feet to a point on the southerly line of that certain deed recorded on July 22, 1948 in Book 5582 of Official Records at page 597, Alameda County Records;

33. Thence along said southerly line of the parcel described in that certain deed recorded on July 22, 1948 in Book 5582 of Official Records at page 597, Alameda County Records, North 87°12'43" West, 332.59 feet to the northwesterly corner of that certain Parcel Map recorded on October 2, 1981 in Book 131 of Maps at page 1 through 2, inclusively, Alameda County Records;

34. Thence along the westerly line of that certain Parcel Map recorded on October 2, 1981 in Book 131 of Maps at page 1 through 2, inclusively, Alameda County Records, South 2°04'31" West, 413.69 feet;

35. Thence North 87°55'29" West, 499.44 feet;

36. Thence North 2°04'31" East, 24.13 feet;

37. Thence South 75°18'52" West, 211.73 feet;