United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

AMERICAN INTERNATIONAL SPECIALTY LINES INSURANCE COMPANY,

Plaintiff,

v.

UNITED STATES OF AMERICA and UNITED STATES DEPARTMENT OF THE NAVY,

Defendants.

_______________________________________/

No. C 04-01591 CRB

**MEMORANDUM AND ORDER**

Plaintiff brings this lawsuit to recover costs incurred in cleaning up pesticides at a former military facility in Alameda, California. Now pending before the Court is defendants' motion to dismiss the First Amended Complaint for lack of jurisdiction and failure to state a claim. After carefully considering the papers filed by the parties, and having had the benefit of oral argument with respect to defendants' motion for judgment on the pleadings on the original complaint, the Court concludes that it lacks subject matter jurisdiction of all of plaintiff's claims.

**ALLEGATIONS OF THE FIRST AMENDED COMPLAINT**

This action involves property in the City of Alameda that contained housing structures and other buildings, and was once known as the Alameda Annex and Facility (hereinafter

"the Property"). The Property was part of a United States Navy complex called the Fleet and Industrial Supply Center Oakland ("FISC"). In 1998 the Property was closed on the recommendation of the 1995 Defense Base Closure and Realignment Commission. Amended Complaint ¶ 10.

The Alameda Reuse and Development Authority ("AARA") developed a Reuse Plan for the Property specifying a mixed-use community. Id. ¶ 13. Pursuant to ARRA's Reuse Plan, the Department of Defense (the Navy) conveyed the Property to the City of Alameda in July 2000. Id. ¶ 16.

A soil analysis was conducted at the Property in April 2001 which showed the presence of hazardous pollutants called Organochlorine Pesticides ("OCPs"). Id. ¶ 24. The chlordane concentrations found in the soil of the former East Housing Area of the Property indicate that improper application of pesticides had previously occurred. Id. ¶ 25. Upon the discovery of the OCPs, the California Department of Toxic Substance Control required plaintiff (and others) to assess and remediate the contamination at the Property. Id. ¶ 26. To remediate the OCPs, "other entities were required to excavate" and dispose of 29,270 tons of impacted soil. Id. ¶ 27.

Demands have been made on defendants for indemnification, but defendants have failed to respond. Id. ¶ 29. "Plaintiff has incurred substantial costs in connection with its necessary response to the release or threatened release of hazardous substances discovered at the Property." Id. ¶ 30.

## PROCEDURAL HISTORY

Plaintiff, a surplus line insurer for the City of Alameda for the Property, subsequently filed this action against defendants. The complaint makes a claim under the Comprehensive Environmental Response, Compensation, and Liability Act of 1980 ("CERCLA") for joint and several liability (First Claim for Relief), as well as a CERCLA contribution claim (Second Claim for Relief). Plaintiff also alleges that in the Deed conveying the Property to Alameda defendants expressly agreed to indemnify the City of Alameda (Third Claim for Relief), and that defendants breached certain covenants set forth in the Deed (Fourth Claim

for Relief). The Fifth Claim for Relief seeks a declaration that defendants are liable under CERCLA.

Defendants moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). They argued that the Court lacks jurisdiction to hear the contract (express indemnification and breach of contract) and CERCLA claims and that plaintiff cannot state a CERCLA claim as a matter of law. At oral argument, the Court stated that it does not have jurisdiction of the contract claims, and it dismissed the CERCLA claim with leave to amend. The Court also set a briefing schedule on the merits of the amended complaint. Now pending before the Court are the amended complaint and the parties' supplemental memoranda. The Court will treat defendants' supplemental memorandum as a motion pursuant to Federal Rule of Civil Procedure 12(b)(1) (jurisdiction) and 12(b)(6) (fails to state a claim). Because the Court concludes that it does not have subject matter jurisdiction, this Memorandum and Order addresses only the jurisdictional arguments.

United States District Court
For the Northern District of California

**STANDARD OF REVIEW**

When a defendant moves to dismiss a complaint or claim for lack of subject matter jurisdiction, the plaintiff bears the burden of proving that the court has jurisdiction to decide the claim. See Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377 (1994) ("Federal courts are courts of limited jurisdiction. . . . It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction.") (citations omitted). Moreover, "[f]or motions to dismiss under Rule 12(b)(1), unlike a motion under Rule 12(b)(6), the moving party may submit affidavits or any other evidence properly before the court. . . . It then becomes necessary for the party opposing the motion to present affidavits or any other evidence necessary to satisfy its burden of establishing that the court, in fact, possesses subject matter jurisdiction." Association of American Medical Colleges v. U.S., 217 F.3d 770, 778 (9th Cir. 2000) (citations omitted).

//

//

United States District Court
For the Northern District of California

## DISCUSSION

### A. The Express Indemnification and Contract Claims

Plaintiff's breach of contract claim alleges that under the Deed defendants are obligated to indemnify plaintiff. Amended Complaint ¶ 55. Plaintiff also alleges that defendants breached the terms of the Deed by failing to investigate, remediate, and indemnify the City of Alameda for the environmental contamination on the Property. Id. ¶ 56. As a result of defendants' breach, plaintiff has been damaged in an amount not less than $460,000, although additional damages may be as high as $4,000,000.00. Id. ¶ 57. The express indemnification claim alleges that defendants are obligated under the Deed and Section 330 of the National Defense Authorization Act of 1993 to indemnify plaintiff for the clean-up costs. Id. ¶¶ 48-52.

Defendants argue that the Tucker Act deprives this Court of jurisdiction of these claims. The Tucker Act, 28 U.S.C. section 1491(a)(1), gives the United States Court of Federal Claims jurisdiction over claims against the United States founded upon an express or implied contract with the United States. Federal district courts have concurrent jurisdiction with the Court of Federal Claims over contract claims against the United States for less than $10,000. See 28 U.S.C. § 1346(a)(2). "In all other contract claims, however, § 1491 gives the Court of Federal Claims exclusive jurisdiction to award money damages, and 'impliedly forbids declaratory and injunctive relief.'" Tucson Airport Auth. v. General Dynamics, Corp., 136 F.3d 641, 646 (9th Cir. 1998) (citing North Side Lumber Co. v. Block, 753 F.2d 1482, 1485 (9th Cir. 1985)).

As plaintiff's breach of contract claim is based exclusively on the Deed, and as its express indemnification claim is based, in part, on representations in the Deed, and as plaintiff seeks more than $10,000 in damages, the Court of Federal Claims has exclusive jurisdiction of these claims. See Tucson Airport Auth., 136 F.3d at 646.

United States District Court
For the Northern District of California

This Court also lacks jurisdiction of plaintiff's express indemnification claim to the extent it relies on Section 330 of the National Defense Authorization Act of 1993.[1] Defendants argue that plaintiff's claim fails in this Court because Congress did not independently waive the United States' sovereign immunity to suit in federal district court under Section 330.

Plaintiff responds that sovereign immunity is implied in Section 330. As defendants point out, however, "[a] waiver of the Federal Government's sovereign immunity must be unequivocally expressed in statutory text, and will not be implied." Lane v. Pena, 518 U.S. 187, 192 (1996) (citations omitted). "A statute's legislative history cannot supply a waiver that does not appear clearly in any statutory text." Id. (citations omitted). There is nothing in Section 330 that may be reasonably read as an unequivocal waiver of sovereign immunity.

**B. The CERCLA Claims**

CERCLA, unlike the Defense Authorization Act of 1993, includes an express waiver of the United States' sovereign immunity, but only to the extent that such actions are maintained in the United States district courts. See 42 U.S.C. § 9613(b). Thus, although the CERCLA claim would otherwise fall within the Tucker Act, this Court, rather than the Court of Federal Claims, has exclusive jurisdiction of plaintiff's CERCLA claim. See American Lifestyle Homes, Inc. v. United States, 17 Cl. Ct. 711, 715 (1989).

---

[1]Section 330 of the Act states in relevant part:

> (1) [T]he Secretary of Defense shall hold harmless, defend, and indemnify in full the persons and entities described in paragraph (2) from and against any suit, claim, demand or action, liability, judgment, cost or other fee arising out of any claim for personal injury or property damage (including death, illness, or loss of or damage to property or economic loss) that results from, or is in any manner predicated upon, the release or threatened release of any hazardous substance or pollutant or contaminant as a result of Department of Defense activities at any military installation (or portion thereof) that is closed pursuant to a base closure law.

102 P.L. 484 Sec. 330; 106 Stat. 2315.

United States District Court
For the Northern District of California

Defendants nonetheless argue that this Court lacks subject matter jurisdiction because plaintiff's CERCLA claims are not ripe. See Hacienda Valley Mobile Estates v. City of Morgan Hill, 353 F.3d 651, 661 (9th Cir. 2003) (affirming dismissal for lack of subject matter jurisdiction on the ground that the claims were unripe). The Court agrees. The district court's decision in California Department of Toxic Substances Control v. City of Chico, California, 297 F. Supp. 2d 1227 (E.D. Cal. 2004) is directly on point. There the plaintiff insurer filed a CERCLA lawsuit seeking to recover the costs it paid on behalf of its insured. Id. at 1231. In particular, the insurer alleged that it had "so far spent $2.8 million in hazardous waste response costs for which it bears no responsibility." Id. at 1232. The district court held that the insurer could only recover its expenses by bringing a subrogation action pursuant to 42 U.S.C. section 9612(c)(2). Id. at 1233. That section of CERCLA provides: "Any person, including the Fund, who pays compensation pursuant to this chapter to any claimant for damages or costs resulting from a release of hazardous substance shall be subrogated to all rights, claims, and causes of action for such damages and costs of removal that the claimant has under this chapter or any other law."

The district court then went on to hold that under federal common law and California law, "absent an agreement to the contrary, an insurance company may not enforce a right to subrogation until the insured has been fully compensated, that is, has been made whole." Id. at 1236. The insurer's claim was not ripe, even though it had already paid over $2.8 million, because the insurer did not and could not allege that the sum the insurer had paid fully compensated its insured for its losses. Id. at 1237. The district court therefore dismissed the insurance company's claims. Id.

The same reasoning applies here. Plaintiff is seeking to recover sums it paid on behalf of its insured; therefore, it may recover under CERCLA only through a subrogation action. See 42 U.S.C. § 9612(c)(2); City of Chico, 297 F. Supp. 2d at 1233. Plaintiff, in fact, admits that the subrogation section applies. See Amended Complaint ¶ 2 (alleging that plaintiff "is a surplus line insurer for the City of Alameda for this Property with a right of subrogation. . . . Plaintiff is the subrogee of the City of Alameda because of its paying benefits on behalf of its

United States District Court
For the Northern District of California

insured"); Plaintiff's Opposition to Supplemental Memorandum at 16 ("Chico makes it clear that Plaintiff has a right to subrogation as provided by Congress in 42 U.S.C. § 9612(c)(2), which provides that CERCLA allows those who pay compensation to another for damages or costs resulting from a release of hazardous substance to recover those expenses by bringing a subrogation action.").

Plaintiff, however, does not and cannot allege that it has fully compensated its insured. See, e.g., Amended Complaint ¶ 44 (seeking to recover the amounts "that Plaintiff has incurred and may, in the future, incur as the result of the release or threatened release of hazardous substances from the Property") (emphasis added); ¶ 57 (stating that as a result of defendants' failure to indemnify plaintiff, plaintiff has suffered at least $460,000 in damages and that "[c]urrent estimates for additional damages may be as high as $4,000,000.00 (amount to be proven at trial)") (emphasis added). "It is a general equitable principle of insurance law that, absent an agreement to the contrary, an insurance company may not enforce a right to subrogation until the insured has been fully compensated for her injuries, that is, has been made whole." Barnes v. Independent Automobile Dealers Assoc. of California Health and Welfare Benefit Plan, 64 F.3d 1389, 1394 (9th Cir. 1995); see also Sapiano v. Williamsburg Nat. Ins. Co., 28 Cal.App. 4th 533, 536 (1994) ("The general rule is that an insurer that pays a portion of the debt owed to the insured is not entitled to subrogation for that portion of the debt until the debt is fully discharged. In other words, the entire debt must be paid. Until the creditor has been made whole for its loss, the subrogee may not enforce its claim based on its rights of subrogation.") (internal quotation marks and citation omitted). Plaintiff does not allege that it has an agreement to the contrary. Accordingly, as plaintiff's insured has not been "made whole," under federal common law and California law plaintiff's CERCLA subrogation claims are not ripe and must be dismissed for lack of subject matter jurisdiction.

**CONCLUSION**

This Court lacks jurisdiction of plaintiff's Third Claim for Relief (express indemnification) and Fourth Claim for Relief (breach of contract) and therefore

TRANSFERS these claims to the United States Court of Federal Claims. See 28 U.S.C. § 1631. Plaintiff's CERCLA claims (First, Second, and Fifth Claims for Relief) are dismissed for lack of subject matter jurisdiction as they are not ripe.

**IT IS SO ORDERED.**

Dated: March 24, 2005

/s/
CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE

United States District Court
For the Northern District of California