East Housing Deed

RECORDING REQUESTED BY

And when recorded, mail this deed and, unless otherwise shown below, mail tax statements to:

James M. Flint, Executive Director
Alameda Reuse and Redevelopment Authority
Alameda City Hall
2263 Santa Clara Avenue
Alameda, CA 94501-4456

## QUITCLAIM DEED AND ENVIRONMENTAL RESTRICTIONS PURSUANT TO CALIFORNIA CIVIL CODE SECTION 1471 FOR EAST HOUSING PORTION OF NAS ALAMEDA

This Deed is made this 17th day of July, 2000, by and between the **United States of America**, acting by and through the Department of the Navy, hereinafter called the **GRANTOR**, and the **Alameda Reuse and Redevelopment Authority**, a Joint Powers Authority established by the City of Alameda and County of Alameda under the California Joint Exercise of Powers Act as set forth in Title 1, Division 7, Chapter 5, Article 1 of the Government Code of the State of California (Government Code Section 6500 et seq.), hereinafter called the **GRANTEE.**

**WITNESSETH:**

**WHEREAS**, the GRANTEE has requested conveyance from the GRANTOR of a portion of the former Naval Air Station Alameda, ("NAS Alameda") which was closed pursuant to and in accordance with the Defense Base Closure and Realignment Act of 1990, as amended (Pub. L. No. 101-510) and which is no longer required for military purposes; and

**WHEREAS**, the GRANTOR is authorized to convey property at NAS Alameda to the GRANTEE pursuant to Section 2905(b)(4) of the Defense Base Closure and Realignment Act of 1990 (Public Law 101-510, 10 U.S.C. Section 2687 note), as amended by Section 2821 of the National Defense Authorization Act for Fiscal Year 2000 (Public Law 106-65); and

**WHEREAS**, the GRANTOR has completed remedial actions on the property at NAS Alameda to be conveyed to GRANTEE that are necessary to provide the covenants required by the Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA") 42 U.S.C. Section 9620 (h)(3)(A)(ii)(I); and

**WHEREAS**, the GRANTOR has found and determined that the property at NAS Alameda to be conveyed to GRANTEE is suitable for transfer pursuant to a Finding of Suitability for Transfer, (FOST) dated April 19, 2000; and

**WHEREAS, GRANTOR** has determined pursuant to applicable Federal statutes and regulations and California Civil Code Section 1471(c) that it is reasonably necessary to impose certain restrictions on the use of the Property to protect present and future human health or safety or the environment as a result of the presence of hazardous materials on portions of the Property described hereinafter with particularity.

**NOW THEREFORE**, the GRANTOR, for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, does hereby remise, release and forever quitclaim to the GRANTEE, all of GRANTOR'S right, title and interest in and to that certain real property, comprising approximately 73 acres, more or less (hereinafter "Property"), as more particularly described in Exhibit "A."

**I. TOGETHER WITH** all buildings and improvements located thereon, and all rights, tenements, hereditaments, and appurtenances belonging, or in any wise appertaining, including fixtures, structures, mineral rights, water rights, the banks, beds and waters of any streams, rivers or lakes upon said Property, appurtenant easements, rail lines and utility lines, alleys, roads, streets ways, strips, gores or railroad rights of way upon said Property, and any means of ingress and egress appurtenant thereto.

**II. SUBJECT TO THE FOLLOWING NOTICES, COVENANTS, RESTRICTIONS, AND CONDITIONS**, which shall be binding upon and enforceable against the GRANTEE, its successors and assigns, in perpetuity:

**A.** The GRANTEE agrees to accept conveyance of the Property subject to all covenants, conditions, restrictions, easements, rights-of-way, reservations, rights, agreements, and encumbrances of record.

**B.** Except as otherwise provided herein, or as otherwise provided by law, the GRANTEE acknowledges that it has inspected, is aware of, and accepts the condition and state of repair of the Property, and that the Property is conveyed "as is" and "where is" without any representation, promise, agreement, or warranty on the part of the GRANTOR regarding such condition and state of repair, or regarding the making of any alterations, improvements, repairs or additions. Except for the environmental remediation required to be undertaken by GRANTOR, the GRANTEE further acknowledges that the GRANTOR shall not be liable for any latent or patent defects in the Property except to the extent required by applicable law.

C. To the extent that any portion of the Property lies within a floodplain as defined in Section 6(c) of Executive Order No. 11988, dated May 24, 1977, the use of that portion of the Property may be subject to the National Flood Insurance Program.

D. **LEAD BASED PAINT (LBP).**

1. The Property may include improvements that are presumed to contain LBP because they are thought to have been constructed prior to 1978. Lead from paint, paint chips, and dust can pose health hazards if not managed properly. Pursuant to 40 CFR Section 745.113 the following notice is provided: "Every purchaser of any interest in residential real property on which a residential dwelling was built prior to 1978 is notified that such property may present exposure to lead from lead-based paint that may place young children at risk of developing lead poisoning. Lead poisoning in young children may produce permanent neurological damage, including learning disabilities, reduced intelligence quotient, behavioral problems, and impaired memory. Lead poisoning also poses a particular risk to pregnant women. The seller of any interest in residential real property is required to provide the buyer with any information on lead-based paint hazards from risk assessments or inspections in the seller's possession and notify the buyer of any known lead-based paint hazards. A risk assessment or inspection for possible lead-based paint hazards is recommended prior to purchase."

2. The GRANTEE hereby acknowledges the required disclosure of the presence of any known LBP and/or LBP hazards in target housing constructed prior to 1978 in accordance with the Residential Lead-Based Paint Hazard Reduction Act of 1992, 42 U.S.C. Section 4852d (Title X). The GRANTEE acknowledges the receipt of available records and reports pertaining to LBP and/or LBP hazards and receipt of the Environmental Protection Agency (EPA) approved pamphlet "Protect Your Family from Lead in Your Home" (EPA 747-K-94-001). Furthermore, the GRANTEE acknowledges that it has read and understood the EPA pamphlet.

3. The GRANTEE covenants and agrees that, in any improvements on the Property defined as target housing by Title X and constructed prior to 1978, LBP hazards will be disclosed to potential occupants in accordance with Title X before use of such improvements as a residential dwelling (as defined in Title X). Further, the GRANTEE covenants and agrees that LBP hazards in target housing will be abated in accordance with Title X before use and occupancy as a residential dwelling. "Target housing" means any housing constructed prior to 1978, except housing for the elderly or persons with disabilities (unless any child who is less than six [6] years of age resides, or is expected to reside, in such housing) or any zero-bedroom dwelling.

4. The GRANTEE covenants and agrees that in its use and occupancy of the Real Estate, it will comply with Title X and all applicable Federal, State, and local laws relating to LBP. The GRANTEE acknowledges that the GRANTOR assumes no liability for damages for personal injury, illness, disability, or death to the GRANTEE, or to any other person, including members of the general public, arising from or incident to the purchase, transportation, removal, handling, use, disposition, or other activity causing or leading to contact of any kind

whatsoever with LBP on the Property, arising after the conveyance of the Property from the GRANTOR to the GRANTEE, whether the GRANTEE has properly warned, or failed to properly warn, the persons injured.

5. The GRANTOR shall provide a Notice of Release, in recordable form, to the GRANTEE at such time as demolition of the buildings on the Property containing LBP has been completed and the appropriate Federal or State regulatory agency(s) have concurred in writing that LBP has been removed from the buildings and any necessary soil remediation has been conducted in accordance with all applicable Federal, State, and local laws and regulations. This Notice of Release shall be deemed to remove all notices and restrictions relating to LBP from the Property.

## E. ASBESTOS CONTAINING MATERIALS.

1. The GRANTEE is hereby informed and does acknowledge that asbestos or asbestos containing materials ("ACM") have been found and are otherwise presumed to exist in buildings and structures on the Property. The GRANTEE acknowledges receipt of documentation disclosing the presence of any known ACM in the buildings and structures on the Property. The GRANTEE covenants that it will prohibit occupancy of buildings and structures, or portions thereof, containing known ACM prior to abatement of the ACM or demolition of the building or structure.

2. The GRANTEE covenants and agrees that in its use and occupancy of the Property, including but not limited to demolition of buildings containing ACM, it will comply with all applicable Federal, State and local laws relating to ACM. The GRANTEE acknowledges that the GRANTOR assumes no liability for damages for personal injury, illness, disability, or death to the GRANTEE, or to any other person, including members of the general public, arising from or incident to the purchase, transportation, removal, handling, use, disposition, or activity causing or leading to contact of any kind whatsoever with ACM in the structures on the Property, arising after the conveyance of the Property from the GRANTOR to the GRANTEE, whether the GRANTEE has properly warned, or failed to properly warn the persons injured.

3. The GRANTOR shall provide a Notice of Release, in recordable form, to the GRANTEE at such time as demolition of the buildings on the Property containing ACM has been completed and the appropriate Federal or State regulatory agency(s) have certified in writing that ACM has been removed from the buildings and any necessary soil remediation has been conducted in accordance with all applicable Federal, State, and local laws and regulations. This Notice of Release shall be deemed to remove all notices and restrictions relating to ACM from the Property.

F. NOTICES AND COVENANTS:

1. Notices:

a. **Finding of Suitability to Transfer.** A Finding of Suitability to Transfer (FOST) has been completed and an Environmental Baseline Survey ("EBS") report is referenced in the FOST. The FOST and EBS reference environmental conditions on the Property and on other property not subject to this Deed. The FOST sets forth the basis for the GRANTOR's determination that the Property is suitable for transfer. The GRANTEE is hereby made aware of the notifications contained in the FOST and EBS.

b. **Hazardous Substance Notification.** Pursuant to CERCLA 42 U.S.C. Section 9620(h), notice is hereby provided that the information set out in Exhibit "B", attached hereto and made a part hereof, identifies hazardous substances that were stored for one year or more, known to have been released, or disposed of on this Property. The GRANTOR has made a complete search of its files and records concerning the Property and found that the FOST provides: (1) a notice of the type and quantity of such hazardous substances, (2) notice of the time the storage, release, or disposal took place, and (3) a description of the remedial action taken, if any.

2. Grant of Covenant [CERCLA 42 U.S.C. Section 9620 (h)(3)(A)(ii)(I)]. The GRANTOR covenants that all remedial action necessary to protect human health and the environment with respect to any hazardous substance remaining on the Property has been taken before the date of transfer.

3. **Additional Remediation Obligation [CERCLA 42 U.S.C. Section 9620 (h)(3)(A)(ii)(II)].** The GRANTOR covenants and warrants that GRANTOR shall conduct any additional remedial action necessary after the date of transfer for any hazardous substance existing on the Property prior to the date of this Deed. This covenant shall not apply to the extent that the GRANTEE caused or contributed to any release or threatened release of any hazardous substance, pollutant, contaminant, petroleum or petroleum derivative.

4. Access [CERCLA 42 U.S.C. Section 9620 (h)(3)(A)(iii)]. In accordance with CERCLA 42 U.S.C. Section 9620 (h)(3)(A)(iii), GRANTOR reserves the right of access to and use of the Property in any case in which a remedial or corrective action is found to be necessary after the date of the conveyance of the Property. In exercising these rights of access, except in the case of imminent and substantial endangerment to human health or the environment, the GRANTOR (a) shall give the GRANTEE reasonable prior written notice of actions to be taken related to such remedial or corrective actions on the Property, and (b) make reasonable efforts to minimize interference with the ongoing use of the Property. Furthermore, the GRANTOR and GRANTEE agree to cooperate in good faith to minimize any conflict between necessary environmental investigation and remediation activities and the GRANTEE's use of the Property. Any inspection, survey, investigation, or other response, corrective or remedial action undertaken by the GRANTOR will, to the maximum extent practicable, be coordinated with representatives designated by the GRANTEE.

5. Environmental Restriction.

The following environmental covenants, conditions and restrictions (hereinafter "environmental restrictions") regarding the use of the Property have been determined by the GRANTOR in this Covenant to be reasonably necessary to protect present or future human health or safety or the environment as provided by CERCLA and California Civil Code Section 1471. The environmental restrictions made and accepted herein by GRANTEE shall be for the benefit of and enforceable by the GRANTOR herein as provided under Civil Code Section 1471 and applicable Federal statutes and regulations, shall run with the land, and shall be binding on the GRANTEE, its successors and assigns.

These environmental restrictions may be released at such time as the GRANTOR has obtained written confirmation from California Department of Toxic Substances Control ("DTSC") that the appropriate regulatory agency has determined that the restricted Property is protective of present or future human health or safety of the environment for the use that was formerly prohibited Upon receipt of such written confirmation, the GRANTOR shall deliver to the GRANTEE in recordable form, a release (the "Release") relating specifically to the environmental use restrictions set forth in this deed. The execution of the Release by the GRANTOR shall remove all notices and restrictions relating to the remedy addressed by the restrictions from the title to the Property.

a. MARSH CRUST/SUBTIDAL ZONE SOIL MANAGEMENT REQUIREMENTS. "Marsh Crust" is defined as the underground layer that is the remnant of the tidal marsh that existed along the shoreline of Alameda Island before filling to create additional dry land. "Subtidal Zone" is defined as the underground layer that is the pre-filling San Francisco Bay floor extension of the historic marsh. These layers form a single continuous underground layer that extends Bayward of the original mean high tide line of Alameda Island before filling and contains hazardous materials and hazardous substances, pollutants, and contaminants that were retained in the historic marsh and Subtidal Zone before filling. The GRANTEE covenants and agrees that it shall comply with City of Alameda Ordinance No. 2824 regarding Excavation Into the Marsh Crust/Subtidal Zone at the Former Naval Air Station Alameda and Fleet and Industrial Supply Center, Alameda Annex and Facility. In the event that DTSC has notified the City that the Ordinance does not protect human health or safety or the environment, then GRANTEE covenants and agrees that it shall not excavate below the "threshold depth" as defined in the Excavation Ordinance, without prior written approval of DTSC. GRANTEE will record that certain Covenant to Restrict Use of Property (Environmental Restrictions) (the "State Covenant"), in substantially the same form as Exhibit "C" attached hereto, by and between the City of Alameda, as Covenantor, and the California Environmental Protection Agency - Department of Toxic Substances Control (DTSC), as Covenantee, which sets forth restrictions applicable to the Marsh Crust/Subtidal Zone covered by this paragraph, prior to conveying the Property. GRANTOR and GRANTEE intend that the restrictions set out in this paragraph, which are enforceable by the GRANTOR, shall be interpreted in a manner that is consistent and not in conflict with the restrictions set forth in the State Covenant which is enforceable by DTSC. A failure to enforce the State Covenant by DTSC shall not preclude the GRANTOR from enforcing this restriction.

G. INDEMNIFICATION REGARDING TRANSFEREES

The GRANTOR hereby recognizes its obligations under Section 330 of the National Defense Authorization Act of 1993 (Pub. L. 102-484), as amended, regarding indemnification of transferees of closing Department of Defense property.

H. NON-DISCRIMINATION. GRANTEE covenants not to discriminate upon the basis of race, color, religion, disability, sex, age or national origin in the use, occupancy, sale, or lease of the Property, or in its employment practices conducted thereon. This covenant shall not apply however, to the lease or rental of a room or rooms within a family dwelling unit, nor shall it apply with respect to religion if the Property is on premises used primarily for religious purposes. The GRANTOR shall be deemed a beneficiary of this covenant without regard to whether it remains the owner of any land or interest therein in the locality of the Property hereby conveyed and shall have the sole right to enforce this covenant in any court of competent jurisdiction.

**III. THE CONDITIONS, RESTRICTIONS, RESERVATIONS, AND COVENANTS** set forth in this deed, unless subsequently released, are a binding servitude on the Property; shall inure to the benefit of the GRANTOR and GRANTEE, their successors and assigns, and will be deemed to run with the land in perpetuity.

**IV. LIST OF EXHIBITS**: The following exhibits are attached hereto and made a part of this Quitclaim Deed:

A. Exhibit "A" - Legal Descriptions and Plats of the Property.
B. Exhibit "B" - CERCLA Notice pertaining to Property.
C. Exhibit "C" - Draft State Covenant

[SIGNATURE PAGE FOLLOWS]

IN WITNESS WHEREOF, the GRANTOR has caused its name to be signed to these presents by an authorized Real Estate Contracting Officer on the day first above written

UNITED STATES OF AMERICA,
acting by and through the Department of the Navy,

BY: ______________________
WILLIAM R. CARSILLO
Real Estate Contracting Officer

**ACCEPTANCE:**

The **GRANTEE** hereby accepts this Deed and agrees to be bound by all the agreements, covenants, conditions, restrictions and reservations contained therein.

**ALAMEDA REUSE & REDEVELOPMENT AUTHORITY**

BY: Jeffrey T. Bond for
JEFFREY T. BOND Agent for
**JAMES M. FLINT**
**Executive Director**

Date: July 17, 2000

## NOTARY ACKNOWLEDGMENT

STATE OF CALIFORNIA )ss
COUNTY OF Alameda }

On July 17, 2000, before me, P.D. Campbell, a Notary Public in and for said State, personally appeared William R. Carsillo and Jeffrey T. Bond

, personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s) or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

Signature P.D. Campbell

P. D. CAMPBELL
Comm. # 1217822
NOTARY PUBLIC - CALIFORNIA
Alameda County
My Comm. Expires May 1, 2003

(This area for official notarial seal)

OPTIONAL:

DESCRIPTION OF ATTACHED DOCUMENT

Title or Type of Document

Date of Document