# In the United States Court of Federal Claims

No. 05-1020 C
(Filed: May 5, 2006)

```
*************************************
AMERICAN INTERNATIONAL       *
SPECIALTY LINES INSURANCE    *
COMPANY,                     *
                             *
              Plaintiff,     *
                             *
v.                           *
                             *
THE UNITED STATES,           *
                             *
              Defendant.     *
*************************************
```
Amended Complaint as a Matter of Course;
RCFC 15(a); Motion to Amend Complaint;
Effect of Amended Complaint on Motion
to Dismiss

T. Michael Guiffré, Patton Boggs, L.L.P., Washington, D.C., for plaintiff.

Kyle Chadwick, United States Department of Justice, Washington, D.C., for defendant.

**OPINION AND ORDER**

**SWEENEY**, Judge

      The above-captioned case was transferred to this court on September 22, 2005, from the United States District Court for the Northern District of California. On September 30, 2005, plaintiff filed its transfer complaint, styled "Amended Complaint Pursuant to Rule 3.1(a)(2)." Defendant filed a motion to dismiss the transfer complaint on November 29, 2005. Then, on January 27, 2006, plaintiff filed both a "First Amended Complaint" and its opposition to the motion to dismiss. Defendant filed both a reply in support of its motion to dismiss and an opposition to the filing of plaintiff's First Amended Complaint on February 24, 2006. Finally, on March 10, 2006, plaintiff filed a reply to defendant's opposition to the First Amended Complaint.

      The parties' memoranda raise two related procedural issues. The first issue is whether plaintiff is permitted to file the First Amended Complaint pursuant to Rule 15(a) of the Rules of the Court of Federal Claims ("RCFC"). Second, if plaintiff is permitted to file the First Amended Complaint, what effect, if any, does the First Amended Complaint have on defendant's previously-filed motion to dismiss? The court will address both issues, in turn.

**I. The Rules of Court and the Interest of Justice Permit the Filing of Plaintiff's First Amended Complaint**

RCFC 15(a) allows a party to amend a pleading "once as a matter of course at any time before a responsive pleading is served . . . ."  However, if a responsive pleading has been served, "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires."  RCFC 15(a).

Defendant argues that because plaintiff filed a pleading styled as the "First Amended Complaint" in district court prior to transfer, court permission is required to file plaintiff's proposed January 27, 2006 First Amended Complaint in this court.  In support of its argument, defendant cites 28 U.S.C. § 1631 ("[T]he action . . . shall proceed as if it had been filed in . . . [this court] on the date upon it was actually filed in . . . the court from which it is transferred."); RCFC 3.1(a)(1) ("Where all required fees in the other court are shown to have been paid, no filing fee will be required."); and plaintiff's opposition to the motion to dismiss (arguing that the district court's dismissal of certain claims was not a final judgment or order).  The court is not persuaded by defendant's argument.

RCFC 3.1(a)(2) allows a transfer plaintiff to file in this court either the same complaint filed in the district court or an amended complaint "setting forth the claim or claims transferred."  Further, RCFC 3.1(a)(3) indicates that the transfer complaint, whether or not it was filed as an amended complaint, should be treated as if it were an original complaint:

> Procedure.  After the filing and service as provided for in subdivision (a)(2), all further proceedings shall be in accordance with the rules prescribed for cases filed in this court in the first instance.

RCFC 3.1(a)(3) does not exclude RCFC 15(a) from its scope.  Thus, RCFC 15(a) applies to any transferred complaint.

In addition, defendant's reliance on 28 U.S.C. § 1631 is misplaced.  This section reads, in its entirety:

> Whenever a civil action is filed in a court as defined in section 610 of this title or an appeal, including a petition for review of administrative action, is noticed for or filed with such a court and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed, <u>and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred</u>.

28 U.S.C. § 1631 (emphasis added). The clause relied upon and quoted by defendant, underlined above, employs the original filing date to determine whether a complaint was filed within the limitations period. The clause has no bearing on calculating the number of complaints filed in the district court. See United States v. County of Cook, Ill., 170 F.3d 1084, 1089 (Fed. Cir. 1999) (stating that the legislative history of 28 U.S.C. § 1631 indicates that Congress intended to protect plaintiffs from a statute of limitations bar due to filing a complaint in the wrong court). Indeed, the number of amended complaints filed in other courts is not dispositive as to whether plaintiff can file an amended complaint prior to a responsive pleading in this court.

Finally, the reasoning in Devon Energy Corp. v. United States, 45 Fed. Cl. 519 (1999), is persuasive and supports plaintiff's position that it can file an amended complaint as a matter of course. In Devon Energy Corp., the court looked to precedent from other jurisdictions regarding the Federal Rules of Civil Procedure ("FRCP") to reach its holding that a motion to dismiss does not preclude plaintiff from filing an amended complaint as a matter of course pursuant to RCFC 15(a).[1] 45 Fed. Cl. at 525-26; see also Cuyahoga Metro. Hous. Auth. v. United States, 57 Fed. Cl. 751, 780 n.4 (2003) ("It is well-accepted that neither a motion to dismiss nor one for summary judgment is a 'responsive pleading' within the meaning of Federal Rule of Civil Procedure 15(a). The court sees no reason why these precedents ought not apply to RCFC 15(a)." (citations omitted)).

Accordingly, the court finds that plaintiff is entitled to file the First Amended Complaint as a matter of course pursuant to RCFC 15(a). However, even if plaintiff was not permitted to file the First Amended Complaint as a matter of course, the court would, in the interest of justice, permit plaintiff to file the First Amended Complaint.

## II. Defendant Shall Respond to Plaintiff's First Amended Complaint

Plaintiff raises two arguments with respect to the effect of the filing of its First Amended Complaint on defendant's motion to dismiss. First, in its opposition to the motion to dismiss, plaintiff contends that the filing of an amended complaint moots defendant's motion to dismiss because the motion was based upon the originally-filed complaint. But then, in its reply to defendant's opposition to the First Amended Complaint, plaintiff changes stance and contends that defendant should be precluded from filing a new motion to dismiss because defendant's reply addressed the First Amended Complaint. In short, plaintiff seeks to treat defendant's reply as a motion to dismiss. The court rejects plaintiff's view.

---

[1] The court's holding was based upon an earlier, but then current, version of RCFC 15(a), which provided that a party may amend a pleading "once as a matter of course at any time before a response is served . . . ." Devon Energy Corp., 45 Fed. Cl. at 525 (quoting RCFC 15(a) (1999) (emphasis added)). The court found that the term "response" was equivalent to the term "responsive pleading" used in the FRCP. Id. at 526. RCFC 15(a) was amended on May 1, 2002, to conform to FRCP 15(a).

Although there can be circumstances where an amended complaint renders a motion to dismiss moot, that is not the case here.  Moreover, in situations where a motion to dismiss addresses purported defects that remain even after the filing of the amended complaint, it is a waste of resources to require defendant to file a new motion.  Wright et al. summarizes the situation:

> A pleading that has been amended under Rule 15(a) supersedes the pleading it modifies and remains in effect throughout the action unless it subsequently is modified.  Once an amended pleading is interposed, the original pleading no longer performs any function in the case and any subsequent motion made by an opposing party should be directed at the amended pleading.  This effect of an amended pleading under Rule 15(a) becomes particularly important when the amendment purports to cure a defective earlier pleading.  For example, plaintiff may file a new complaint that does not refer to or adopt any of the deficient allegations in the original pleading; if the first complaint is considered superseded by the amendment, the court is not required to dismiss the suit when a motion points up the weaknesses of the earlier pleading.  On the other hand, defendants should not be required to file a new motion to dismiss simply because an amended pleading was introduced while their motion was pending.  If some of the defects raised in the original motion remain in the new pleading, the court simply may consider the motion as being addressed to the amended pleading.  To hold otherwise would be to exalt form over substance.

6 Charles Alan Wright et al., Federal Practice and Procedure § 1476 (2d ed. 1990) (footnotes omitted).

Plaintiff's First Amended Complaint expands two claims filed with the district court–breach of contract and express indemnification–into eight distinct claims.  Defendant does address the eight claims of the First Amended Complaint in its reply, but does so in an attempt to argue that allowing the First Amended Complaint would be futile.  Defendant has not advanced a comprehensive merits argument.  Accordingly, the court will provide defendant the opportunity to address the First Amended Complaint head-on.

### III. Conclusion

Defendant's motion to dismiss the transfer complaint is **DENIED** without prejudice.  The court **GRANTS** defendant's request for additional time in which to respond to plaintiff's First Amended Complaint.  Defendant shall file its response, whether it be a motion to dismiss the First Amended Complaint or an answer, **no later than Wednesday, July 5, 2006**.  If defendant chooses to file another motion to dismiss, defendant shall address, in addition to its own arguments, the following questions:

1.  Does plaintiff, a liability insurer of the Alameda Reuse and Redevelopment Authority and the City of Alameda, have standing to sue in the Court of Federal Claims as a subrogee?

    a.  The Memorandum of Agreement, East Housing Deed, and section 330 of the National Defense Authorization Act for Fiscal Year 1993 all allow "successors and assigns" to assert the rights contained therein.  Are subrogees encompassed within "successors and assigns"?

    b.  Does the law regarding the subrogation rights of sureties apply equally to liability insurers?

2.  With regard to the ripeness issue, does the "make-whole" rule of suretyship law apply equally to liability insurers?

Plaintiff's response to a new motion to dismiss also shall address the questions set forth above.

If defendant files an answer, defendant shall file concurrently a memorandum addressing whether plaintiff has standing, whether plaintiff's claims are ripe, and the questions raised by the court.  Plaintiff shall file a responsive memorandum addressing the same issues.

Plaintiff shall file its response or legal memorandum **no later than Friday, August 4, 2006**.

**IT IS SO ORDERED.**

                                                s/ Margaret M. Sweeney
                                                MARGARET M. SWEENEY
                                                Judge