IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| AMERICAN INTERNATIONAL SPECIALTY LINES INSURANCE COMPANY<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | ) | No. 05-1020C<br>(Judge Sweeney) |

**DEFENDANT'S PROPOSED FINDINGS OF UNCONTROVERTED FACT**

Pursuant to Rule 56(h)(1) of this Court's Rules, defendant, the United States, respectfully submits that the following facts pertinent to its summary judgment motion, which the Government has filed in the alternative to its motion to dismiss, are undisputed.

1. On April 19, 2000, Capt. G.J. Buchanan, Commanding Officer, Engineering Field Activity, West, Naval Facilities Engineering Command, executed a finding of suitability to transfer ("FOST") for the East Housing area the former Naval Air Station Alameda, located in Alameda, California, in a neighborhood now called Alameda Point. See 1st Am. Compl. ¶ 25. The FOST, the interpretation of which raises issues of law, not of fact, is reproduced at exhibit 3 of the first amended complaint.

2. On June 6, 2000, the Secretary of the Navy and the Alameda Reuse and Redevelopment Authority ("ARRA") entered into a "Memorandum of Agreement for the Conveyance of Portions of the Naval Air Station Alameda from the United States to the Alameda Reuse and Redevelopment Authority" ("MOA"). 1st Am. Compl. ¶ 12. The MOA, the interpretation of which raises issues of law, not of fact, is reproduced at exhibit 1 of the first amended complaint.

3. The United States transferred the East Housing Portion of NAS Alameda to the Alameda Reuse and Redevelopment Authority, an agency of the City of Alameda, by quitclaim deed dated July 17, 2000. 1st Am. Compl. ¶ 21. The deed, the interpretation of which raises issues of law, not of fact, is reproduced at exhibit 2 of the first amended complaint.

4. The Federal Government issued a "Final Environmental Impact Statement For the Disposal and Reuse of Naval Air Station Alameda and the Fleet and Industrial Supply Center, Alameda Annex and Facility Alameda, California" ("EIS"), dated October 1999. Def. App. 11. The EIS states, inter alia, "Pesticides used on-site in the past included chlordane, lindane, and . . . [DDT], which are now banned." Id. at 12.

5. The FOST, MOA, and quitclaim deed cited above all refer to the environmental baseline survey ("EBS") for the East Housing site (Parcel 170), dated April 2000. 1st Am. Compl. Exh. 1, at 6; Exh. 2, at 6; Exh. 3, at 1. The cited April 2000 EBS, formally entitled, "Parcel Evaluation Data Summary[;] Phase 2A Sampling[;] Zone 16: The Housing Zone[;] Parcel 170: Family Housing[;] Alameda Point[;] Alameda, California," is reproduced at pages 15-56 of defendant's appendix. The EBS states, among other things, that:

- alpha-chlordane and gamma-chlordane were detected at the site, Def. App. 26;
- "Analytical results revealed detectable concentrations of . . . alpha chlordane . . . and gamma chlordane . . . in two [soil] samples," id. at 28; and
- alpha-chlordane, gamma-chlordane, heptachlor, heptachlor epoxide, and methoxychlor were detected in samples 170-0001 and 170-0002. Id. at 38.

The EBS includes a map showing the location of samples 170-0001 and 170-0002, which contained chlordane. Id. at 36A.

6. On or about December 1, 1998, Warren J. Yip, Remedial Project Manager, Department of the Navy, transmitted to Mary Rose Cassa of the California Environmental Protection Agency, Department of Toxic Substances Control ("DTSC"), correspondence, excerpts of which are reproduced at pages 1-4 of defendant's appendix. Mr. Yip forwarded the "Parcel Reclassification for Environmental Baseline Survey as of December 1998 for Alameda Point." A sampling report included with this correspondence stated that alpha-chlordane and gamma-chlordane were present at one of the East Housing parcels. Id. at 4. Among others, Elizabeth Johnson of the Alameda Reuse and Redevelopment Authority was sent two courtesy copies of this correspondence. Id. at 1.

7. On or about July 20, 1999, Michael E. Quillin, R.G., Program Director for a private firm called Environmental Resources Management, transmitted to Steven Eddy, BRAC Environmental Coordinator for the former Naval Air Station Alameda (Alameda Point), correspondence, excerpts of which are reproduced at pages 5-10 of defendant's appendix. This correspondence reported the detection of chlordane and heptachlor epoxide in soil samples taken from the East Housing area (denoted "EH"). Id. at 8. Among others, Jeffrey Bond, a representative of the City of Alameda, was sent a courtesy copy of this correspondence. Id. at 6.

8. Heptachlor, heptachlor epoxide, and methoxychlor are all compounds formed from chlordane. See, e.g., Department of Energy, Risk Assessment Information System, Toxicity Summary for Heptachlor, http://risk.lsd.ornl.gov/tox/profiles/heptachlor_f_V1.shtml.

9. On or about May 3, 2002, the California DTSC transmitted to the Alameda Reuse and Redevelopment Authority, and its environmental consultant, the letter which is reproduced at

exhibit 2, tab 7 of the amended complaint filed in this matter on September 30, 2005. The DTSC advised the City that

> The building foundations at EHA [East Housing area] appear to have been properly treated with organochloride pesticides (OCP) for termite control, and as such, are currently being used in the manner intended. Upon removal [by the City] of the buildings and foundations that are treated with OCP, any OCP remaining in soils and exceeding the [State-prescribed] concentrations . . . would be a hazardous substance released to the environment, and would require remedial action . . . .
>
> . . . [E]nsuring that soils and structures impacted with OCP [are] removed concurrent with structure demolition . . . would lead to DTSC concurrence that no release of OCP to the environment remains that requires action.

9/30/05 Transf. Compl. Exh. 2, Tab 7 (emphasis added).

10. Following receipt of the above letter, the City of Alameda removed soil from the East Housing area "according to the Demolition and Organochlorine Pesticide Removal Workplan, dated April 23, 2002, which DTSC had approved." 1st Am. Compl. ¶ 46. Thereafter, no release of OCP to the environment remained, which the DTSC deemed to require further action. See id.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

s/David M. Cohen by
Bryant G. Snee
DAVID M. COHEN
Director

OF COUNSEL:

MARY RAIVEL
Senior Trial Attorney
Navy Litigation Office
Washington, D.C.

s/Kyle Chadwick
KYLE CHADWICK
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
1100 L Street, N.W., 8th Floor
Washington, D.C. 20530
Tele: (202) 305-7562
Fax: (202) 305-7644

Attorneys for Defendant

July 12, 2006

CERTIFICATE OF FILING

I certify that on July 12, 2006, the attached motion was filed electronically. I understand that service is complete upon filing and parties and others may access this filing through the Court's system.

s/Kyle Chadwick