# EXHIBIT B

**IN THE UNITED STATES**
**COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| AMERICAN INTERNATIONAL SPECIALTY LINES INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | ) | No. 05-1020C<br>Judge Margaret M. Sweeney |

**DECLARATION OF T. MICHAEL GUIFFRÉ**

I, T. Michael Guiffré, do hereby swear and affirm under the penalties of perjury that the following information is based on personal knowledge, that I am competent to so testify, and that it is both true and correct.

1. I am an attorney duly licensed to practice before the United States Court of Federal Claims and am a partner at the law firm of Patton Boggs LLP, attorneys of record for Plaintiff in this action. I am fully familiar with our files in this matter and, if called upon to do so, I could and would competently testify to the following facts.

2. Plaintiff has made a diligent and good faith effort to collect all available information relating to the allegations in its First Amended Complaint. To the best of my knowledge, information and belief, formed after an inquiry reasonable under the circumstances, Plaintiff's claims are warranted.

3. As set forth in Plaintiff's (i) Memorandum in Response to the Court's Order of November 30, 2006, (ii) Motion Pursuant to RCFC 56(f) to Refuse Defendant's Application for Summary Judgment, and (iii) Motion for Leave to File Proposed Findings of Uncontroverted Fact (hereinafter, "Plaintiff's Response"), and the exhibits attached thereto, I have reviewed the materials obtained in support of Plaintiff's case and have determined that additional information through the

discovery process is necessary to fully rebut Defendant's unfounded assumptions that it fully and accurately disclosed the environmental conditions at the East Housing Area of the Naval Air Station Alameda prior to transfer and that it properly applied chlordane and used it in the manner intended, as well as other alleged facts necessary to Defendant's pending alternative motion for summary judgment.

4. As set forth in Plaintiff's Response, the information collected to date also provides an adequate factual predicate for Plaintiff's belief that there are discoverable facts sufficient to raise a genuine and material issue of disputed fact concerning Defendant's pending alternative motion for summary judgment.

5. Plaintiff's counsel contacted counsel for the City of Alameda, who informed Plaintiff's counsel that prior to accepting transfer of the Naval Air Station Alameda, the City never anticipated remediating any organochlorine pesticides on the site of the East Housing Area. The City's counsel did not assist Plaintiff in obtaining verifying affidavits.

6. Plaintiff's counsel attempted several times to obtain information from the California Department of Toxic Substance Control ("DTSC") to rebut Defendant's allegation that DTSC determined that pesticides on the base were properly applied, but DTSC has not responded to these inquiries.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on January 5, 2007

T. Michael Guiffré

District of Columbia SS
Subscribed and Sworn to before me
this 5th day of January, 2007
Notary Public
SHARON ROSEBERRY
My commission expires 1/14/2007



1. 4848834