IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| AMERICAN INTERNATIONAL SPECIALTY LINES INSURANCE COMPANY, | ) | |
| Plaintiff, | ) | No. 05-1020C (Judge Sweeney) |
| v. | ) | |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

**DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S RCFC 56(f) MOTION, AND OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE PROPOSED FINDINGS OF FACT**

Pursuant to Rules 7.2(a) and (c) and 12(f) of the Court's Rules ("RCFC"), defendant, the United States, respectfully requests the Court to strike from the docket the motion filed by plaintiff, American International Specialty Lines Insurance Co. ("AISLIC"), pursuant to RCFC 56(f), on January 5, 2007, and to deny AISLIC's motion for leave to file proposed findings of fact in response to our proposed findings, which we filed on July 12, 2006.* AISLIC's January 5 filings are untimely, by approximately five months, under RCFC 56(h)(2), and AISLIC offers the Court no good cause or excuse for that severe deficiency. See RCFC 6(b), 6.1.

RCFC 56(h) has no direct counterpart in Rule 56 of the Federal Rules of Civil Procedure. Unlike the Federal Rule, RCFC 56(h) expressly sets forth "procedures [which] shall be followed with respect to motions for summary judgment" and provides, in subsection (h)(2), that a party opposing summary judgment shall file any "response" to the moving party's proposed findings of uncontroverted fact "together with [the non-movant's] opposition" (emphasis added). RCFC 56(h) thus adds special weight to the requirement in RCFC 56(e) – which does track the Federal

---

* Because AISLIC seeks discovery under RCFC 56, if its motion for discovery is not stricken, our response would be due on or before January 29, 2007. RCFC 7.2(c).

Rule – that "the adverse party's response . . . must set forth specific facts showing that there is a genuine issue for trial," otherwise, "summary judgment, if [legally] appropriate, shall be entered against the adverse party" (emphasis added).

Here, AISLIC filed its "response," pursuant to RCFC 56(h)(2), in August 2006. Had AISLIC intended its "response" to our properly supported proposed findings to include a motion under RCFC 56(f), or additional proposed findings, the RCFC 56(f) motion or proposed findings should have been filed at that time – five months ago. RCFC 56(h)(2) simply makes no allowance for later, supplemental "responses" to a movant's filings under RCFC 56(h)(1). Consistent with this, RCFC 7.2(e) provides that any cross-motion, which appears to include a motion under RCFC 56(f), "shall be contained in the same document as the response to the original motion." The Court's Rules entitle us, therefore, to argue our motion – which we filed under both RCFC 12(b)(6) and 56 – upon the basis of the timely briefing that concluded in August 2006. (AISLIC's vague suggestion that the Court's Rule barring the taking of discovery until after an answer is filed somehow affected AISLIC's ability, or its obligation, to file a timely RCFC 56(f) motion seeking discovery simply makes no sense. Pl. Mot. 5 n.6. )

In its January 5, 2007 filing, AISLIC makes no attempt to "explain," as the Court ordered it to, "why the court should not construe plaintiff's failure to seek discovery [in July 2006] as a waiver or forfeit of its right to conduct discovery to address the issues defendant raises in its motion" (emphasis added). AISLIC focuses, instead, upon why it desires discovery. It also argues, in a footnote, that it cannot have waived discovery, because it did not do so voluntarily. Pl. Mot. 2, 3 & n.3. These arguments are unresponsive to the Court's order: They only beg the

question, i.e., why AISLIC did not attempt to present facts to controvert our proposed findings, or file a motion for discovery, at the appropriate time.

Indeed, AISLIC fails even to acknowledge – much less to attempt to distinguish, as the Court presumably expected – the binding precedent cited in our August 31, 2006 reply, which holds that a party that "fail[s] to comply with the requirement of Rule 56(f) to set out reasons for the need for discovery in an affidavit" forfeits its right to make that argument. Keebler Co. v. Murray Bakery Prods., 866 F.2d 1386, 1389 (Fed. Cir. 1989), quoted in Brubaker Amusement Co. v. United States, 304 F.3d 1349, 1361 (Fed. Cir. 2002). That doctrine would lack all force if sophisticated parties such as AISLIC – hardly an inexperienced litigant – could decline to make the necessary filings under RCFC 56 unless and until the Court expressed concern about their absence, as this Court did on November 30, 2006.

AISLIC took no action to supplement its deficient response to our summary judgment motion until it received the show cause order issued on November 30 – which was three months to the day after we filed our reply pointing out AISLIC's failure to abide by RCFC 56(f). Accepting AISLIC's RCFC 56(f) motion and proposed findings for filing at this time – only weeks before the scheduled oral argument – would unfairly reward the party that proceeded without regard to the Rules, until prodded by the Court, at the expense of the party that has fully observed the Court's procedures.

## CONCLUSION

Accordingly, we respectfully request the Court to strike AISLIC's RCFC 56(f) motion and to deny AISLIC leave to submit proposed findings of fact.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

s/David M. Cohen
DAVID M. COHEN
Director

OF COUNSEL:

MARY RAIVEL
Senior Trial Attorney
Navy Litigation Office
Washington, D.C.

s/Kyle Chadwick
KYLE CHADWICK
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
1100 L Street, N.W., 8th Floor
Washington, D.C. 20530
Tele: (202) 305-7562
Fax: (202) 305-7644

Attorneys for Defendant

January 18, 2007

CERTIFICATE OF FILING

I certify that on January 18, 2007, the attached document was filed electronically. I understand that service is complete upon filing and that parties and others may access the filing through the Court's electronic system.

s/Kyle Chadwick