**IN THE UNITED STATES**
**COURT OF FEDERAL CLAIMS**

AMERICAN INTERNATIONAL SPECIALTY LINES INSURANCE COMPANY,

Plaintiff,

v.

UNITED STATES OF AMERICA,

Defendant.

No. 05-1020C
Judge Margaret M. Sweeney

**PLAINTIFF'S (I) OPPOSITION TO DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S RCFC 56(f) MOTION, AND (II) REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE PROPOSED FINDINGS OF UNCONTROVERTED FACT**

Pursuant to Rules 7.2(a) and (b) of the Court's Rules ("RCFC"), Plaintiff American International Specialty Lines Insurance Company ("Plaintiff" or "AISLIC"), by and through its undersigned attorneys, respectfully opposes Defendant's motion to strike Plaintiff's RCFC 56(f) motion, and replies to Defendant's opposition to Plaintiff's motion for leave to file proposed findings of uncontroverted fact ("Def.'s Mot. and Opp'n").

**Argument**

**I. Defendant's Motion to Strike is Improper**

Defendant's Motion to Strike Plaintiff's RCFC 56(f) Motion is impermissible and must be either denied or treated as a response to Plaintiff's motion. "Courts disfavor the motion to strike, because it proposes a drastic remedy." 2 James Wm. Moore *et al.,* Moore's Federal Practice § 12.37[1] (3d. ed 2006)(internal citations omitted). Furthermore, "[a] motion to strike must be directed to a 'pleading,' which term has been construed narrowly by the courts." *Fisherman's Harvest, Inc. v. United States*, 2006 WL 3475362, * 8 (Fed. Cl. 2006)(*citing* 2 Moore's Federal Practice § 12.37[1]). A motion to strike may not be used to strike another motion. *Id.* (*citing Phinney v.*

*Paulshock*, 181 F.R.D. 185, 207 (D.N.H. 1998)(denying motion to strike a motion for sanctions because a motion for sanctions is not a "pleading" as defined in Fed.R.Civ.P. 7(a))); *Equal Employment Opportunity Comm'n v. Admiral Maint. Serv., L.P.*, 174 F.R.D. 643, 646 (N.D. Ill. 1997)(There is an "overwhelming weight of authority" that parties cannot move to strike motions because they are not "pleadings."). "Instead, courts may regard a motion to strike a motion simply as a response to that motion."[1] *Fisherman's Harvest*, 2006 WL 3475362 at *8. Therefore, the Court should deny Defendant's motion to strike or order that Defendant's motion shall be treated as its opposition to Plaintiff's RCFC 56(f) motion.

## II. Defendant Has Not Opposed the Merits of Plaintiff's Rule 56(f) Motion to Permit Discovery Before Ruling on Summary Judgment

In its Rule 56(f) motion, Plaintiff satisfied the five-part test set forth in *Chevron U.S.A., Inc. v. United States*, 72 Fed. Cl. 817 (2006), establishing that Plaintiff needs discovery before Defendant's alternative motion for summary judgment can be fairly decided.[2] Plaintiff's Memorandum to the Court of November 30, 2006 ("Pl's Mem. to Court") at 2-11. In its motion to strike, Defendant represented that its response to Plaintiff's Rule 56(f) motion was due on January 29, 2007. Def.'s Mot. and Opp'n at 1 n. *. Defendant never filed a response to Plaintiff's motion, and therefore, the Court should treat Plaintiff's motion as conceded.

Other than improperly asking the Court to strike Plaintiff's Rule 56(f) motion for discovery, Defendant makes <u>no</u> effort to contest the substantive merit of Plaintiff's motion. In fact, Defendant focuses entirely on procedural issues, which it tries painfully to contort into something they are not. For example, Defendant speculates, again without support, that a motion for discovery is actually a

[1] Even if the Court were to treat Defendant's Motion to Strike as a response to Plaintiff's RCFC 56(f) Motion, Defendant is not entitled – as it suggests in its filing – to a second opportunity to oppose Plaintiff's Motion. Def.'s Mot. and Opp'n at 1 n. *.

[2] Plaintiff also specified the particular factual discovery being sought in its opposition to Defendant's motion to dismiss and alternative motion for summary judgment. Pl's Opp'n at 9-12, 14, 15, 24.

cross-motion under RCFC 7.2(e). Def.'s Mot. and Opp'n at 2. Plaintiff did not file a cross-motion for summary judgment. Defendant's attempt to convert Plaintiff's Rule 56(f) motion into a cross-motion for summary judgment demonstrates that it is grasping to find any way to support its position.

The only case law Defendant cites in its motion to strike are two cases for the proposition that a party must file an affidavit explaining why it cannot respond to a summary judgment motion without discovery. Def.'s Mot. and Opp'n at 3. Defendant's two cases do not address when a Rule 56(f) motion should be filed, but rather the requirement to do more than "simply assert that discovery is necessary." *Brubaker Amusement Co. v. United States*, 304 F.3d 1349, 1361 (Fed. Cir. 2002); *Keebler Co. v. Murray Bakery Prods.*, 866 F.2d 1386, 1389 (Fed. Cir. 1989); *cf., Harrods Ltd. v. Sixty Internet Domain Names*, 302 F.3d 214, 244 (4th Cir. 2002)(court found plaintiff adequately fulfilled purpose of Fed. R. Civ. P. 56(f) even though it did not submit an affidavit). RCFC 56(f) does not set forth the time for filing such a motion. *See* 11 Moore's Federal Practice § 56.10[8][b]. Instead, "[t]o preserve the right to further discovery, a party is required to move for a continuance under Rule 56(f) prior to the district court's ruling on the summary judgment motion." *Id.* Plaintiff has met this requirement.

Unlike the plaintiffs in *Brubaker Amusement* and *Keebler*, who never filed affidavits, Plaintiff AISLIC has filed two affidavits and a substantial number of exhibits that do more than merely "check the block." They set forth very detailed information establishing more than the "speculative hope" that Plaintiff will find evidence to support its claims. *Brubaker Amusement*, 304 F.3d at 1361. To prevail on a motion to strike under Rule 12(f), "the movant must clearly show that the challenged material has no bearing on the subject matter of this litigation and that its inclusion will prejudice the defendants." 2 Moore's Federal Practice § 12.37[3] (internal citations omitted). Defendant has not contested the sufficiency and substance of Plaintiff's affidavits and other

evidence supporting its Rule 56(f) motion, and Defendant also has not claimed it will suffer any prejudice if the Court grants the motion. Accordingly, Defendant has failed to meet its burden to exclude the materials submitted by Plaintiff in support of its motion.

Defendant also ignored the substantial precedent cited by Plaintiff reflecting that this Court has routinely permitted the non-movant on a summary judgment motion to submit, and in some cases resubmit, an RCFC 56(f) affidavit to preserve the party's right to discovery, regardless of timing. Pl's Mem. to Court at 3; *See, e.g., Chevron*, 72 Fed. Cl. at 820 (ordering plaintiffs to file a revised motion pursuant to RCFC 56(f)); *Paalan v. United States*, 57 Fed. Cl. 15, 18 (2003)(advising plaintiff by order what would be required to substantiate the Rule 56(f) discovery requests); *State of Florida v. United States*, 32 Fed. Cl. 668, 670 (1995)("it would almost certainly border on an abuse of discretion for this trial court to suspend discovery where a plaintiff opposing said dispositive motion makes a showing that it needs discovery to aid in its opposition (or was not given an opportunity to make such a showing)"); *see also Phonometrics, Inc. v. ITT Sheraton Corp.*, 2000 WL 286624, *1 (Fed. Cir. 2000) (reversing district court's *sua sponte* dismissal because it "failed to provide Phonometrics with the opportunity to employ the procedural rights of Rule 56 to oppose summary judgment"). These cases establish that Plaintiff should be given an opportunity to substantiate its need for discovery before the Court rules on Defendant's alternative motion for summary judgment.

Defendant claims that granting Plaintiff's motion for discovery would "unfairly reward" it. Def.'s Mot. and Opp'n at 3. To the contrary, to deny Plaintiff's motion not because Plaintiff failed to meet the substantive requirements on a Rule 56(f) motion, but rather because it did not do so soon enough would give Defendant an unjust windfall. Plaintiff did not delay the filing of its Rule 56(f) motion to obtain a tactical advantage. Defendant has not claimed that it is somehow prejudiced by the timing of Plaintiff's motion, which was brought over six weeks before the oral argument on Defendant's motion for summary judgment. *See, e.g., Loveladies Harbor, Inc. v. United*

*States*, 15 Cl. Ct. 375 (1988)(allowing defendant to file supplemental affidavits only a few days before oral argument). As set forth in the Amended Complaint, Defendant has breached its contractual and statutory obligations to indemnify Plaintiff for remediating hazardous substances, causing Plaintiff to suffer damages of over $3.5 million. Defendant should not be permitted to walk away from its obligations where Plaintiff has justified the need for discovery long before the Court rules on the pending motion for summary judgment.

**III. The Court Should Consider Additional Facts that are Relevant to Defendant's Alternative Motion for Summary Judgment**

Defendant wants to avoid the substance of Plaintiff's proposed findings of uncontroverted fact by contesting Plaintiff's ability to file them. Defendant acknowledges that Plaintiff <u>did</u> file a response to Defendant's proposed findings together with its opposition to Defendant's alternative motion for summary judgment. Def.'s Mot. and Opp'n at 2. Despite this admission, Defendant claims that "RCFC 56(h)(2) simply makes *no allowance* for later supplemental 'responses' to a movant's filings under RCFC 56(h)(1)." Def.'s Mot. and Opp'n at 2 (emphasis added). RCFC 56(h)(2) contains *no prohibition* against supplementing proposed findings of fact, and Defendant has not set forth any precedent for its extreme position. In fact, Defendant's assertion is disingenuous, as it itself was permitted to supplement its prior dispositive motion in this case before the United States District Court for the Northern District of California. Case No. 3:04-cv-01591-CRB, Docket Entry No. 48. The Court should not deny Plaintiff a benefit that was enjoyed by Defendant.

The Court is empowered to grant parties leave to supplement filings. *See, e.g.,* RCFC 7.2(d), 13(f), 15(a). Plaintiff's request to file additional proposed findings of uncontroverted fact should be granted because the proposed findings will provide the Court a more complete record upon which to decide Defendant's alternative summary judgment motion. *See Arch Chemicals, Inc. v. United States*, 64 Fed. Cl. 380, 388 (Fed. Cl. 2005)(denying motion to strike because "the Court would be disadvantaged were this information to be removed from the record"). Plaintiff filed the proposed

supplement more than six weeks prior to the hearing on Defendant's motion, and Defendant has not alleged that it will suffer any prejudice if the motion is granted. Therefore, the Court should permit Plaintiff to present a complete opposition to Defendant's premature dispositive motion by granting leave to file the proposed findings of uncontroverted fact.

Regardless whether the Court grants Plaintiff leave to file the proposed findings of uncontroverted fact, the Court should consider the evidence submitted in support of Plaintiff's proposed findings because it already is part of the record before the Court. The general rule is that "[i]n considering a motion for summary judgment a court may consider the pleadings, including attachments to the complaint, affidavits, depositions, answers to interrogatories or answers to requests for admissions." *Brasure v. Optimum Choice Ins. Co.,* 37 F.Supp.2d 340, 344-345 (D. Del. 1999); *Aluise v. Nationwide Mut. Fire Ins. Co*., 218 W.Va. 498, 505, 625 S.E.2d 260, 267 (W.Va. 2005). Upon transfer of this case, a certified copy of the record made in the Northern District of California was filed with this Court. In the transferred case, Defendant moved for judgment on the pleadings and later was permitted to supplement its motion. In Plaintiff's January 1, 2005 Opposition to the United States' Supplemental Memorandum Supporting its Judgment on the Pleadings under Fed. R. Civ. P. 12(c), Plaintiff submitted the Declaration of Petra Pless that is attached to its proposed findings of uncontroverted fact it now seeks leave to file. Therefore, the Pless Declaration is already before the Court, and the Court should consider it if it proceeds to evaluate Defendant's alternative motion for summary judgment before discovery commences.

## IV. The Court Should Reject Defendant's Unsolicited Response to the Court's November 30, 2006 Order

Despite the fact that the Court did not provide for Defendant to respond to its November 30, 2006 Order, Defendant contests Plaintiff's response to the Order without seeking leave to do so. Def.'s Mot. and Opp'n at 2. Plaintiff's response to the Court's Order establishes that it never waived the right to conduct discovery. In its opposition to Defendant's alternative motion for

summary judgment, Plaintiff maintained that it needs discovery before the Court rules on Defendant's premature motion. Plaintiff reconfirmed that fact in its response to the Court's Order and by moving for discovery pursuant to RCFC 56(f). Plaintiff has acted in good faith, and Defendant has not claimed it will be prejudiced if the Court grants Plaintiff's Rule 56(f) motion. Plaintiff appreciates the Court granting it the opportunity to file a response to the November 30th Order to clarify the record, ensure justice, and protect its substantive rights. Given the fact that RCFC 56(f) motions for additional discovery are generally favored and liberally granted, the Court should not deem Plaintiff to have waived its rights. *See Chevron*, 72 Fed. Cl. at 818-19; *Dunkin' Donuts of America, Inc. v. Metallurgical Exoproducts Corp.*, 840 F.2d 917, 919 (Fed. Cir. 1988).

**Conclusion**

For the foregoing reasons, Plaintiff respectfully requests that the Court:

(i) deny Defendant's Motion to Strike Plaintiff's RCFC 56(f) Motion, or treat it as an opposition to Plaintiff's Motion Pursuant to RCFC 56(f) to Refuse Defendant's Application for Summary Judgment;

(ii) grant Plaintiff's Motion Pursuant to RCFC 56(f) to Refuse Defendant's Application for Summary Judgment; and

(iii) grant Plaintiff's Motion for Leave to File Proposed Findings of Uncontroverted Fact.

Respectfully submitted,

s/T. Michael Guiffré
T. Michael Guiffré
J. Gordon Arbuckle
Daniel R. Addison
PATTON BOGGS LLP
2550 M Street, N.W.
Washington, D.C. 20037
Telephone: (202) 457-6000

Attorneys for Plaintiff American International
Specialty Lines Insurance Company

February 1, 2007

**CERTIFICATE OF FILING**

I certify that on February 1, 2007, the foregoing *Plaintiff's (I) Opposition to Defendant's Motion to Strike Plaintiff's RCFC 56(f) Motion, and (II) Reply to Defendant's Opposition to Plaintiff's Motion for Leave to File Proposed Findings of Uncontroverted Fact* was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/T. Michael Guiffré
T. Michael Guiffré