# In the United States Court of Federal Claims

No. 05-1020C
(Filed: February 6, 2007)

```
***********************************
AMERICAN INTERNATIONAL            *
SPECIALTY LINES INSURANCE         *
COMPANY,                          *
                                  *
               Plaintiff,         *
                                  *
 v.                               *
                                  *
THE UNITED STATES,                *
                                  *
               Defendant.         *
***********************************
```

**RULING ON PLAINTIFF'S RCFC 56(f) DISCOVERY MOTION AND DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S RCFC 56(f) MOTION**

Before the court are plaintiff's "Motion Pursuant to RCFC 56(f) to Refuse Defendant's Application for Summary Judgment" ("RCFC 56(f) motion" or "Pl.'s RCFC 56(f) Mot."), plaintiff's "Motion for Leave to File Proposed Findings of Uncontroverted Fact," and "Defendant's Motion to Strike Plaintiff's RCFC 56(f) Motion." These motions present the court with the following significant issues: (1) whether plaintiff is foreclosed from requesting discovery pursuant to Rule 56(f) of the Rules of the United States Court of Federal Claims ("RCFC") because plaintiff did not file the appropriate motion until the parties completed briefing defendant's dispositive motion, and (2) whether discovery is appropriate in this case. As set forth below, the court grants plaintiff's RCFC 56(f) motion and denies defendant's motion to strike.

## I. PROCEDURAL HISTORY

On August 31, 2006, the parties concluded briefing on "Defendant's Corrected Motion to Dismiss, or in the Alternative, for Summary Judgment." As noted by the court in its November 30, 2006 order, although plaintiff had indicated its need for discovery, it failed to file the appropriate RCFC 56(f) motion in response to defendant's summary judgment motion. In its "Opposition to Defendant's Corrected Motion to Dismiss or, in the Alternative, for Summary Judgment" ("opposition" or "Pl.'s Opp'n"), plaintiff argues that defendant's motion for summary judgment should be denied as premature because the parties have not yet been afforded the opportunity to conduct discovery. Pl.'s Opp'n 8. On the other hand, defendant, in its "Reply in Support of Motion to Dismiss or for Summary Judgment" ("reply" or "Def.'s Reply"), contends

that plaintiff forfeited its right to discovery by failing to comply with RCFC 56(f). Def.'s Reply 2. In light of the parties' arguments and their importance in the court's merits decision, the court directed plaintiff to file a memorandum "explaining why the court should not construe plaintiff's failure to seek discovery as a waiver or forfeit of its right to conduct discovery to address the issues defendant raises in its motion."

In response to the court order, plaintiff filed a document titled: "Plaintiff's (I) Memorandum in Response to the Court's Order of November 30, 2006, (II) Motion Pursuant to RCFC 56(f) to Refuse Defendant's Application for Summary Judgment, and (III) Motion for Leave to File Proposed Findings of Uncontroverted Fact." Defendant responded to plaintiff's filing with "Defendant's Motion to Strike Plaintiff's RCFC 56(f) Motion, and Opposition to Plaintiff's Motion for Leave to File Proposed Findings of Fact." Plaintiff, in turn, responded with "Plaintiff's (I) Opposition to Defendant's Motion to Strike Plaintiff's RCFC 56(f) Motion, and (II) Reply to Defendant's Opposition to Plaintiff's Motion for Leave to File Proposed Findings of Uncontroverted Fact." The court has reviewed all of the arguments discussed in the parties' filings.

## II. DISCUSSION

### A. RCFC 56 Motion for Summary Judgment

Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. RCFC 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). A fact is material if it "might affect the outcome of the suit under the governing law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). An issue is genuine if it "may reasonably be resolved in favor of either party." Id. at 250.

The moving party bears the initial burden of demonstrating the absence of any genuine issue of material fact. Celotex Corp., 477 U.S. at 323. The moving party may discharge its burden by "pointing out . . . that there is an absence of evidence to support the nonmoving party's case." Id. at 325. The moving party is not required to support its application with affidavits, but instead may rely solely on the pleadings, depositions, answers to interrogatories, and admissions. Id. at 324. The nonmoving party then bears the burden of showing that there are genuine issues of material fact for trial. Id. The nonmoving party must go beyond the pleadings and support its opposition with affidavits or with depositions, answers to interrogatories, and admissions. Id.

The court must view the inferences to be drawn from the underlying facts in the light most favorable to the nonmoving party. Matsushita Elec. Ind. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). Entry of summary judgment is mandated, "after adequate time for discovery," against a party who fails to establish "an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp., 477 U.S. at 322.

**B. RCFC 56(f) Motion for Discovery**

RCFC 56(f), which is identical to Rule 56(f) of the Federal Rules of Civil Procedure[1] ("FRCP"), provides:

> **When Affidavits Are Unavailable**. Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

Parties may respond to a premature motion for summary judgment through use of RCFC 56(f), "which allows a summary judgment motion to be denied, or the hearing on the motion to be continued, if the nonmoving party has not had an opportunity to make full discovery." Celotex Corp., 477 U.S. at 326.

**C. Plaintiff's Opposition, Which Asserts the Need for Discovery, Fails to Comply with RCFC 56(f)**

Generally, a court should not rule on a motion for summary judgment prior to affording the parties the opportunity to conduct discovery. See Celotex Corp., 477 U.S. at 322 (allowing summary judgment after an "adequate time for discovery"); Anderson, 477 U.S. at 257 (requiring the nonmovant to present affirmative evidence to defeat a properly supported motion for summary judgment so long as the nonmovant "has had a full opportunity to conduct discovery"); Dunkin' Donuts of Am., Inc. v. Metallurgical Exoproducts Corp., 840 F.2d 917, 919 (Fed. Cir. 1988) ("[S]ummary judgment is inappropriate unless a tribunal permits the parties adequate time for discovery."). However, a court is not obligated to provide the opportunity for discovery if neither party properly requests discovery, or if such a discovery request is insufficient. See Keebler Co. v. Murray Bakery Prods., 866 F.2d 1386, 1389 (Fed. Cir. 1989) ("A party may not simply assert that discovery is necessary and thereby overturn summary judgment when it failed to comply with the requirement of Rule 56(f) to set out reasons for the need for discovery in an affidavit."); see also Pure Gold, Inc. v. Syntex (U.S.A.), Inc., 739 F.2d 624, 626-27 (Fed. Cir. 1984) ("In countering a motion for summary judgment, more is required than mere assertions of counsel."); id. at 627 ("Summary judgment need not be denied merely to satisfy a litigant's speculative hope of finding some evidence that might tend to support a complaint.").

A closer look at three of the above-cited cases, all of which concern the opposition of an application for trademark registration, is informative. In Dunkin Donuts of America, Inc., the

---

[1] The interpretation of the FRCP by other courts guides the United States Court of Federal Claims ("Court of Federal Claims") in interpreting its own, similar rules. See R. Ct. Fed. Cl., 2002 Rules Committee Note at 1.

appellant, while before the Patent and Trademark Office's Trademark Trial and Appeal Board ("TTAB"), responded to a motion for summary judgment with an affidavit pursuant to FRCP 56(f). 840 F.2d at 918-19. Appellant's affidavit was sworn by a senior vice president of the company and addressed the renown of appellant's trademark, the possible confusion that appellee's proposed trademark could trigger, and the lack of sufficient available facts necessary to properly oppose the motion for summary judgment. Id. at 918. The United States Court of Appeals for the Federal Circuit ("Federal Circuit") held that appellant's FRCP 56(f) affidavit, which indicated that discovery was necessary for appellant to prove its case, should have prevented the TTAB from entering summary judgment on appellee's behalf. Id. at 919.

Next, in Keebler Co., the appellant, in proceedings before the TTAB, also responded to a motion for summary judgment with an affidavit pursuant to FRCP 56(f). 866 F.2d at 1387. The TTAB denied appellant's FRCP 56(f) motion, concluding that the affidavit did not present "facts essential to justify" appellant's opposition. Id. at 1387-88. In fact, the affidavit merely stated the following:

> Answers to Opposer's pending requests for discovery, and possibly affidavits, depositions, or other discovery will be required to respond to Applicant's Motion for Summary Judgment. There is certain information regarding Applicant's use of its mark, channels of trade and other evidence necessary to prepare a response that is solely in the possession of the Applicant.

Id. at 1387. In affirming the TTAB, the Federal Circuit held that appellant's FRCP 56(f) motion, presenting only "unfocussed requests" for discovery, was legally insufficient to oppose a motion for summary judgment. Id. at 1389-90.

Finally, in Pure Gold, Inc., the appellant did not proffer an affidavit in opposition to appellee's motion for summary judgment while proceeding before the TTAB. 739 F.2d at 625. Instead, the appellant "merely assert[ed] that the pleadings and the motion itself raised genuine issues of material fact, and that it was entitled to discovery in order to develop relevant evidence." Id. In affirming the TTAB's grant of summary judgment for the appellee, the Federal Circuit held that a nonmoving party is required to identify, "usually in an affidavit by one with knowledge of the specific facts, what specific evidence could be offered at trial," and that "mere assertions of counsel" lacked the required specificity. Id. at 626-27.

The above case law is clear that a court should not render summary judgment without affording the nonmoving party a full opportunity for discovery. However, the case law is equally clear that requests for discovery should be made by affidavit pursuant to RCFC 56(f).

In this case, although plaintiff asserted its need for discovery, it did not file the required affidavit(s) detailing its need for discovery along with its opposition to defendant's motion for summary judgment. Instead, plaintiff merely highlighted its need for and the lack of discovery. See Pl.'s Opp'n at 8-9, 12, 13 n.7, 14 & n.8, 24; see also id. at 20, 22-24 (remarking on the early

stage of this litigation). Plaintiff then reiterated the fact that no discovery had been conducted in every numbered paragraph of "Plaintiff's Response to Defendant's Proposed Findings of Uncontroverted Facts," which was filed with plaintiff's opposition.

Most of the discovery-related statements in plaintiff's opposition amount to nothing more than the "mere assertions of counsel" frowned upon by the Federal Circuit in Pure Gold, Inc. The remaining statements in plaintiff's opposition are more specific, but since they remain assertions by counsel, the court cannot give them much weight–RCFC 56(f) clearly requires an affidavit. Further, plaintiff's repeated statement in its response to defendant's proposed uncontroverted facts that it had not yet had the opportunity to conduct discovery on those facts is akin to the "unfocussed requests" for discovery that the Federal Circuit decried in Keebler Co. Thus, based upon binding Federal Circuit precedent, it is clear that plaintiff's opposition failed to meet the requirements of RCFC 56(f).

However, unlike the facts presented in the above-cited cases, this court is faced with a belatedly-filed RCFC 56(f) motion.

**D. Although Plaintiff Delayed Filing its RCFC 56(f) Motion, the Motion Provides Sufficient Basis for this Court to Permit Discovery**

The court is not inclined to second-guess the litigation strategy of counsel. However, upon reviewing the parties' briefs relating to defendant's motion for summary judgment, the court was troubled by plaintiff's assertion that discovery was necessary and its concomitant failure to pursue discovery. Thus, in its November 30, 2006 order, the court directed plaintiff to clarify its position regarding discovery. Plaintiff responded to the court's order with an RCFC 56(f) motion. In its RCFC 56(f) motion, plaintiff does not explain its delay in filing the required motion and affidavit(s). Instead, plaintiff appears to presume that the court would not have ruled on the merits defendant's motion for summary judgment because plaintiff provided the aforementioned myriad of assertions that discovery was required. Pl.'s RCFC 56(f) Mot. at 2. Any assumption made by plaintiff in this respect is mistaken. Defendant presented the court with a motion to dismiss or, in the alternative, for summary judgment that plaintiff opposed. The court could not read an RCFC 56(f) request into an opposition to a motion for summary judgment where one had not been filed. Thus, because plaintiff had not properly requested discovery, the court was prepared to rule on the entirety of defendant's motion.

Rather than opposing plaintiff's RCFC 56(f) motion on the merits, defendant seeks to strike plaintiff's motion from the docket.[2] In its motion to strike, defendant raises several objections to plaintiff's RCFC 56(f) motion: (1) plaintiff did not squarely address the court's November 30, 2006 inquiry; (2) plaintiff failed to properly request discovery when it filed its opposition to defendant's summary judgment motion; (3) plaintiff failed to request discovery

---

[2] In a footnote in its motion to strike, defendant acknowledges its obligation to respond to the merits of plaintiff's RCFC 56(f) motion. However, defendant has failed to do so.

after defendant emphasized this deficiency in its reply; and (4) the acceptance of plaintiff's RCFC 56(f) motion "would unfairly reward the party that proceeded without regard to the Rules, until prodded by the Court, at the expense of the party that has fully observed the Court's procedures."

The court agrees with defendant that plaintiff has proceeded inappropriately, and has burdened both defendant and the court in doing so. It is inefficient for the nonmoving party to file an RCFC 56(f) motion four-and-one-half months after initially opposing the motion for summary judgment. If plaintiff had presented the court with an RCFC 56(f) motion immediately after defendant had filed its dispositive motion, there would have been no delay and the court and defendant could have more efficiently utilized their resources.[3]

However, despite the increased burden, the court is required to ensure that the rules of the Court of Federal Claims "shall be construed and administered to secure the just, speedy, and inexpensive determination of every action." RCFC 1. Ultimately, the court would rather decide the issues in this case on the merits, rather than on a technical dispute regarding the application of RCFC 56. As explained by the United States Supreme Court:

> The basic purpose of the Federal Rules is to administer justice through fair trials, not through summary dismissals as necessary as they may be on occasion. These rules were designed in large part to get away from some of the old procedural booby traps which common-law pleaders could set to prevent unsophisticated litigants from ever having their day in court. If rules of procedure work as they should in an honest and fair judicial system, they not only permit, but should as nearly as possible guarantee that bona fide complaints be carried to an adjudication on the merits.

Surowitz v. Hilton Hotels Corp., 383 U.S. 363, 373 (1966). The court finds that it is in the interest justice to allow this case to proceed in a manner that will afford a full and fair hearing of the underlying dispute.[4] It is too harsh of a result to bar consideration of plaintiff's RCFC 56(f) motion at this stage of the proceedings.

Thus, the court examines the merits of plaintiff's RCFC 56(f) motion to determine whether it adequately states a basis for discovery. RCFC 56(f) requires a movant "'to state with some precision the materials he hope[s] to obtain with further discovery, and exactly how he

---

[3] Plaintiff's misstep notwithstanding, the court cannot accept defendant's interpretation of RCFC 56 as requiring the simultaneous filing of an RCFC 56(f) motion with an opposition to a summary judgment motion.

[4] In its opposition to defendant's motion to strike, plaintiff argues that a motion to strike is inappropriate in these circumstances. Because the court disposes of defendant's motion to strike on alternate grounds, the court need not address this argument.

expect[s] those materials would help him in opposing summary judgment.'" Simmons Oil Corp. v. Tesoro Petroleum Corp., 86 F.3d 1138, 1144 (Fed. Cir. 1996) (citing Krim v. BancTexas Group, Inc., 989 F.2d 1435, 1443 (5th Cir. 1993)); see also Theisen Vending Co. v. United States, 58 Fed. Cl. 194, 198 (2003) (requiring movants to "(1) specify the particular factual discovery being sought, (2) explain how the results of the discovery are reasonably expected to engender a genuine issue of material fact, (3) provide an adequate factual predicate for the belief that there are discoverable facts sufficient to raise a genuine and material issue, (4) recite the efforts previously made to obtain those facts, and (5) show good grounds for the failure to have discovered the essential facts sooner.").

Plaintiff asserts that the affidavits of counsel and environmental scientist and engineer Petra Pless, D.Env., adequately support its request for discovery. The court finds that plaintiff has adequately met the requirements set forth by the Federal Circuit in Simmons Oil Corp. Plaintiff's submissions identify materials that would help it oppose summary judgment. Discovery is appropriate in this case.

## III. CONCLUSION

In the interest of justice, the court **DENIES** "Defendant's Motion to Strike Plaintiff's RCFC 56(f) Motion" and **GRANTS** plaintiff's "Motion Pursuant to RCFC 56(f) to Refuse Defendant's Application for Summary Judgment."

Because the court is permitting the parties to engage in discovery, it **DENIES WITHOUT PREJUDICE** plaintiff's "Motion for Leave to File Proposed Findings of Uncontroverted Fact." For the same reason, the court **DENIES WITHOUT PREJUDICE** "Defendant's Corrected Motion to Dismiss, or in the Alternative, for Summary Judgment."

In addition, the court **CANCELS** the oral argument scheduled for Wednesday, February 21, 2007, at 10:00 a.m.

The parties shall file a joint proposed schedule for further proceedings in this case **no later than Wednesday, February 28, 2007**. In their proposed schedule, the parties shall suggest deadlines for discovery and for the briefing of any anticipated dispositive motions.

**IT IS SO ORDERED.**

s/ Margaret M. Sweeney
MARGARET M. SWEENEY
Judge