IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| AMERICAN INTERNATIONAL SPECIALTY LINES INSURANCE COMPANY, | ) | |
| Plaintiff, | ) | No. 05-1020C (Judge Sweeney) |
| v. | ) | |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

**DEFENDANT'S MOTION FOR RECONSIDERATION OF FEBRUARY 6, 2007 ORDER AND FOR ORAL ARGUMENT ON DEFENDANT'S MOTION TO DISMISS**

Pursuant to Rule 59 of the Court's Rules ("RCFC"), defendant, the United States, respectfully requests the Court to modify the order issued on February 6, 2007 by (i) rescinding the denial of our motion to dismiss pursuant to RCFC 12(b)(6); (ii) rescheduling oral argument upon our fully briefed motion to dismiss, if argument would be helpful to the Court, and (iii) staying all discovery in this case until that dispositive motion is resolved.

1. In the February 6 order, the Court, most significantly, (i) granted the motion for discovery filed on January 5, 2007 by plaintiff, American International Specialty Lines Insurance Company ("AISLIC"), pursuant to RCFC 56(f); (ii) denied without prejudice our July 2006 motion to dismiss or, in the alternative, for summary judgment; and (iii) canceled the oral argument scheduled for February 21, 2007. The Court also denied without prejudice AISLIC's motion for leave to file proposed findings of undisputed fact.

The order does not explain, however, why the Court deemed its granting of the RCFC 56(f) motion sufficient grounds to proceed directly to discovery, and to defer proceedings upon our fully dispositive motion to dismiss for failure to state a claim, which addresses all eight counts of the amended complaint. In our view, that is not the proper course.

2. First, as a matter of procedure, a party cannot oppose an RCFC 12(b)(6) motion by filing an RCFC 56(f) motion; and RCFC 56(f) provides no basis to deny, with or without prejudice, a motion to dismiss. AISLIC recognized this and did not request any relief with respect to our RCFC 12(b)(6) motion. Pl. Resp. Show Cause Order 1-2, 12 (addressing only "defendant's alternative motion for summary judgment"). Indeed, because its properly pleaded factual allegations are presumed true, a plaintiff responding to a motion to dismiss for failure to state a claim cannot, by definition, be prejudiced by a lack of discovery. Our RCFC 12(b)(6) motion demonstrates the Government's entitlement to dismissal of each count of the amended complaint, based solely upon the pleadings, as a matter of law. But, even assuming, for purposes of argument, that the Court disagreed and concluded that some or all of the counts state a claim, we know of no basis in the RCFC, or in any other authority, to postpone reaching the merits of our motion to dismiss.

3. It is a common practice in this Court and other Federal trial courts, furthermore, "to exercise appropriate control over the discovery process," Herbert v. Lando, 441 U.S. 153, 177 (1979), by staying all discovery that does not bear upon the merits of a pending dispositive motion – including, or especially, a properly supported motion to dismiss – until the dispositive motion is decided. "Indeed, such a procedure is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources." Coastal Gas Corp. v. DOE, 84 F.R.D. 278, 282 (D. Del. 1979); accord Catellus Devel. Corp. v. United States, 26 Cl. Ct. 210, 213-14 (1992) (citing cases; allowing limited discovery regarding jurisdictional issue); Reliance Ins. Co. v. United States, 18 Cl. Ct. 359, 360 (1989); Rosin v. New

York Stock Exch., 484 F.2d 179, 185 (7th Cir. 1974) ("No deposition . . . can alter the few material facts necessary to decision here."). The Court should follow that sensible practice here.

4. Finally, even assuming AISLIC's RCFC 56(f) motion were relevant to our motion to dismiss (contrary to AISLIC's own arguments, Pl. Resp. Show Cause Order 1-2, 12), it provides no basis for deferring a decision on the motion to dismiss, which is fully briefed and had been scheduled for argument in two weeks. We demonstrated, for example, that the Government did not breach the quitclaim deed, upon which the first four counts of the amended complaint are based, because the language of that deed (which is part of the pleadings) does not support AISLIC's allegations of breach, or say what AISLIC argues it does. Def. Corrected Mot. 12-18.

In its motion filed in response to the show cause order, AISLIC argued that, if given the opportunity, it might find evidence that the Navy's activities "resulted in the accumulation of dangerous residues of chlordane at the East Housing area." Pl. Resp. Show Cause Order 6-7. That evidence, however, would not suffice to defeat our motion to dismiss counts one through four. We demonstrated in our motion, among other things, that the pleadings – including the deed and the regulatory correspondence relied upon in the amended complaint – establish that the City of Alameda (i) needed to remediate the soil only because, and after, it chose to demolish the existing structures and (ii) could not, in any event, have reasonably expected that the site would not contain organochloride compounds. Def. Corr. Mot. 13-15, 17-18.

Similarly, our motion demonstrated that the Government did not breach the memorandum of agreement ("MOA") with the City because, among other things, "the MOA and its exhibits did, in fact, identify the use of chlordane and the presence of chlordane in soil samples," and the City could not have reasonably relied upon a different understanding. Id. at 18-19. We further

established, among other things, that clause 21 of the MOA, upon which count 8 depends, does not impose any affirmative duties upon the Government or support an award of damages for breach. Id. at 20. AISLIC's January 5 filing in response to the November 30 show cause order did not mention the MOA at all.

Finally, we presented multiple reasons why the pleadings establish, as a matter of law, that the Government is not liable to the City or its subrogee, AISLIC, pursuant to "section 330," 10 U.S.C. § 2687 note. Def. Corr. Mot. 22-30. Among those reasons are that the amended complaint fails to colorably allege that: (i) the City acquired a "facility" within the meaning of section 330; (ii) any third party asserted a "claim . . . for property damage" against the City, within the meaning of section 330; or that (iii) even assuming there was a "claim" alleging "property damage," the claim was premised upon a release or threatened release within the meaning of section 330 and the Comprehensive Environmental Response, Control and Liability Act ("CERCLA"). With the arguable exception of the "facility" issue (and, in our view, not even for that issue), none of the questions and potential discovery subjects listed by AISLIC at pages 7-10 of its RCFC 56(f) motion bears upon the Court's resolution of the threshold legal issues above, which support dismissal of AISLIC's section 330 claim.

5. We are not seeking reconsideration of the Court's grant of the RCFC 56(f) motion. Instead, we request the opportunity, afforded to us by the Court's Rules and the customary practice in all Federal courts, to obtain resolution of our fully briefed motion to dismiss the amended complaint for failure to state a claim, before any burdensome discovery concerning the "complex, technical issues" that might otherwise arise in this case, Pl. Resp. Show Cause Order 8, is allowed to begin.

CONCLUSION

Accordingly, we respectfully request the Court to grant reconsideration of the February 6, 2007 order; reschedule the oral argument, if argument would assist the Court in resolving our motion; and stay all discovery until our motion to dismiss is resolved.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

s/Jeanne E. Davidson
JEANNE E. DAVIDSON
Acting Director

OF COUNSEL:

MARY RAIVEL
Senior Trial Attorney
Navy Litigation Office
Washington, D.C.

s/Kyle Chadwick
KYLE CHADWICK
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
1100 L Street, N.W., 8th Floor
Washington, D.C. 20530
Tele: (202) 305-7562
Fax: (202) 305-7644

Attorneys for Defendant

February 8, 2007

CERTIFICATE OF FILING

I certify that on February 8, 2007, the attached document was filed electronically. I understand that service is complete upon filing and that parties and others may access the filing through the Court's electronic system.

s/Kyle Chadwick