**IN THE UNITED STATES**
**COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| AMERICAN INTERNATIONAL SPECIALTY LINES INSURANCE COMPANY, | ) | |
| Plaintiff, | ) | No. 05-1020C<br>Judge Margaret M. Sweeney |
| v. | ) | |
| UNITED STATES OF AMERICA, | ) | |
| Defendant. | ) | |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR RECONSIDERATION**

Plaintiff American International Specialty Lines Insurance Company ("Plaintiff" or "AISLIC"), by and through its undersigned attorneys, respectfully opposes Defendant's Motion for Reconsideration of February 6, 2007 Order and for Oral Argument on Defendant's Motion to Dismiss.

**I. Defendant Fails to Satisfy the Standards Required for Reconsideration**

Defendant's motion for reconsideration does not set forth the standards upon which the Court should rule on the motion. The decision to grant or deny a motion for reconsideration lies within the discretion of the court. *Henderson County Drainage Dist. No. 3 v. United States*, 55 Fed. Cl. 334, 337 (2003) (citing *Yuba Natural Res., Inc. v. United States*, 904 F.2d 1577, 1583 (Fed. Cir. 1990)). A court may grant a motion for reconsideration "when there has been an intervening change in the controlling law, newly-discovered evidence, or a need to correct clear factual or legal error or prevent manifest injustice." *Forsgren v. United States*, --- Fed. Cl.---, 2006 WL 3333780 (Fed. Cl. Nov. 15, 2006) (Sweeney, J.)(citing *Bd. of Trs. of Bay Med. Ctr. v. Humana Military Healthcare Servs., Inc.*, 447 F.3d 1370, 1377 (Fed. Cir. 2006)). A court will deny a motion for reconsideration if the movant merely reasserts arguments already decided by the court. *Henderson*, 55 Fed. Cl. at 337; *Shell Petroleum,*



4866732

*Inc. v. United States*, 47 Fed. Cl. 812, 814 (2000). Further, "a motion for reconsideration is not intended to give an unhappy litigant an additional chance to sway the court." *Henderson*, 55 Fed. Cl. at 337 (internal citations omitted).

In *Huntleigh USA Corp. v. United States*, 65 Fed. Cl. 178, 178 (2005), the Government moved for reconsideration of the Court's denial of a motion to dismiss. There, the Court found that the defendant presented no new facts and no new arguments and that certain issues in the counts alleged necessitated the development of the factual record. *Id.* at 179-80. The Court denied the motion for reconsideration as the Government failed to meet the standards required to prevail on such a motion, agreeing with the plaintiff that "(1) the government has not suggested an intervening change in the controlling law; (2) the discovery of previously unavailable evidence is irrelevant at the dismissal stage; and (3) the government has failed to argue that its motion for reconsideration is necessary to prevent manifest injustice." *Id.* at 180.

Similarly, Defendant in this action has failed to sustain its burden of proof on any of the standards for a motion for reconsideration. Defendant does not contend there has been any intervening change in the controlling law; nor does it present newly-discovered evidence, an argument that in any event would be irrelevant at this stage in the litigation. Defendant also fails to demonstrate a need to correct clear factual or legal error or to prevent manifest injustice. Rather, it summarizes the same arguments it made in its motion to dismiss and repeatedly cites back to its original motion. Defendant is merely an unhappy litigant wanting an additional chance to sway the court. Therefore, the Court should deny Defendant's motion for reconsideration.

## II. The Court Properly Denied Defendant's Motion to Dismiss

Defendant contends that "as a matter of procedure, a party cannot oppose an RCFC 12(b)(6) motion by filing an RCFC 56(f) motion." Mot. for Recons. at 2 (emphasis in original). Plaintiff did not file an RCFC 56(f) motion to oppose Defendant's motion to dismiss. Plaintiff

opposed Defendant's motion on the merits on August 14, 2006. Defendant's motion to dismiss was fully briefed, and the Court denied the motion. Therefore, Defendant's claim that Plaintiff improperly sought discovery on a Rule 12(b)(6) motion is simply untrue.

Defendant's motion for reconsideration also presumes that this Court either forgot to rule on its motion to dismiss or failed to appreciate that discovery is not necessary to determine the merits of a Rule 12(b)(6) motion. The Court's February 6, 2007 Order does in fact deny Defendant's motion to dismiss, and properly so, because Defendant's motion disputed Plaintiff's factual allegations and injected additional matters of disputed material fact. For example, the Defendant's motion to dismiss relies on disputed facts that (1) chlordane was properly applied and used for its intended purpose at the East Housing Area, and (2) that the City of Alameda was responsible for the release or threatened release of chlordane. Defendant cannot introduce its own version of the facts and seek a Rule 12(b)(6) dismissal based on that version. Therefore, the Court properly applied the sacrosanct standard that in ruling on a motion to dismiss, the Court must accept Plaintiff's well-pleaded facts alleged in the complaint as true and must draw all reasonable inferences in Plaintiff's favor. *See Peterson v. United States*, 68 Fed. Cl. 773, 775 (2005). Defendant's motion for reconsideration now seeks a second bite at the apple by trying to reargue its motion to dismiss. Defendant's desire to avoid scrutiny of its actions at the Naval Air Station Alameda is not enough to justify a second review of its motion to dismiss. Therefore, the Court should deny Defendant's motion for reconsideration.

## III. Defendant's Request to Stay Discovery Should Be Denied

Although Defendant has not moved to stay discovery, it argues that the Court should stay discovery in its motion for reconsideration. Even if this Court were to reconsider its denial of Defendant's motion to dismiss, it should not stay discovery.

The decision whether to stay proceedings rests within the sound discretion of the court. *Commonwealth Edison Co. v. United States*, 46 Fed. Cl. 29, 33-34 (2000) (citing *Cherokee Nation of Oklahoma v. United States*, 124 F.3d 1413, 1416 (Fed. Cir. 1997)); *Reliance Ins. Co. v. United States*, 18 Cl. Ct. 359, 360 (1989) ("[C]ases hold that the judge has broad discretion to limit and restrict discovery when justice requires."). However, motions to stay discovery generally are not favored. *Simpson v. Specialty Retail Concepts, Inc.*, 121 F.R.D. 261, 263 (M.D.N.C. 1988)[1] (denying stay of discovery pending resolution of the motion of dismiss); *Kron Med. Corp. v. Groth*, 119 F.R.D. 636, 637 (M.D.N.C. 1988) (denying stay of discovery pending resolution of a motion of transfer). A party seeking to stay discovery bears the burden of showing good cause and reasonableness. *Simpson*, 121 F.R.D. at 263; *Kron*, 119 F.R.D. at 637; *Twin City Fire Ins. Co. v. Employers Ins. of Wausau*, 124 F.R.D. 652, 653 (D. Nev. 1989) (denying motion for stay of discovery pending a decision on a motion to dismiss); *People with AIDS Health Group v. Burroughs Wellcome Co.*, No. 91-0574, 1991 WL 221179, at *1 (D.D.C. 1991) ("The party seeking to stay discovery has the burden of justification."). "[T]he moving party must come forward with a specific factual showing that the interests of justice and considerations of prejudice and undue burden to the parties require a protective order and that the benefits of a stay outweigh the cost of delay." *Kron*, 119 F.R.D. at 638; *see also Twin City Fire Ins. Co.* 124 F.R.D. at 653.

In considering a motion to stay discovery, a court "needs to remain mindful of its responsibility to expedite discovery and minimize delay." *Kron*, 119 F.R.D. at 638. In particular, "[d]isruption or prolongation of the discovery schedule is normally in no one's interest" because *first*, a stay of discovery duplicates costs insofar as counsel must reacquaint themselves with the case after the stay is lifted; *second*, matters may be mislaid or avenues unexplored; and *third*, when a case

---

[1] RCFC 26 was revised in 2002 to parallel the structure and content of Fed. R. Civ. P 26. RCFC 26, Rules Committee Note, 2002 Revision. Therefore, cases addressing the Federal Rules of Civil Procedure are instructive.

leaves the normal trial track, it becomes more of a management problem for the court. *Id.*; *Simpson*, 121 F.R.D. at 263 (noting that "when discovery is delayed or prolonged it can create case management problems which impede the Court's responsibility to expedite discovery and cause unnecessary litigation expenses and problems"); *Turner Broad. Sys., Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D. Nev. 1997) (denying the motion for stay of discovery until motion to dismiss was resolved and stating that the court "is interested in moving the case forward and recognizes that it will require much discovery"). Further, "a pending Motion to Dismiss is not ordinarily a situation that in and of itself would warrant a stay of discovery." *Twin City Fire Ins. Co.*, 124 F.R.D. at 653 (citing jurisdiction, venue or immunity as examples of situations where a stay may be warranted on a motion to dismiss); *see also Reliance Ins. Co. v. United States*, 18 Cl. Ct. 359, 360 (1989) ("suspension of discovery is not always appropriate when a dispositive motion is pending").

Defendant has not met its burden to establish good cause for staying discovery, particularly on a motion for reconsideration of its motion to dismiss. It generally asserts that a stay would prevent wasted time and effort, Mot. for Recons. at 2, but fails to provide a specific factual showing that the interests of justice and considerations of prejudice and undue burden to the parties require a stay. Defendant also has made no effort to show that it would suffer any harm should discovery proceed as ordered. Therefore, even if this Court were to grant Defendant's motion for reconsideration, Defendant's request to stay discovery should be denied.

**IV. Conclusion**

For the foregoing reasons, Plaintiff AISLIC respectfully requests that this Court deny Defendant's Motion for Reconsideration of February 6, 2007 Order and for Oral Argument on Defendant's Motion to Dismiss.

Respectfully submitted,

s/T. Michael Guiffré
T. Michael Guiffré
J. Gordon Arbuckle
Daniel R. Addison
PATTON BOGGS LLP
2550 M Street, N.W.
Washington, D.C. 20037
Telephone: (202) 457-6000
Facsimile: (202) 457-6315

Attorneys for Plaintiff American International
Specialty Lines Insurance Company

February 21, 2007

**CERTIFICATE OF FILING**

I certify that on February 21, 2007, the foregoing *Plaintiff's Opposition to Defendant's Motion for Reconsideration* was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/T. Michael Guiffré
T. Michael Guiffré