**IN THE UNITED STATES**
**COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| AMERICAN INTERNATIONAL SPECIALTY LINES INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | ) | No. 05-1020C<br>Judge Margaret M. Sweeney |

**PLAINTIFF'S PROPOSED SCHEDULE FOR**
**<u>FURTHER PROCEEDINGS IN THIS CASE</u>**

Plaintiff American International Specialty Lines Insurance Company, by and through its undersigned attorneys, respectfully submits its proposed schedule for further proceedings in this case.

Plaintiff is submitting this proposed schedule to comply with the Court's February 6, 2007 Ruling on Plaintiff's RCFC 56(f) Discovery Motion and Defendant's Motion to Strike Plaintiff's RCFC 56(f) Motion (the "Order"). The Court ordered the parties to "file a joint proposed schedule for further proceedings in this case **no later than Wednesday, February 28, 2007**." Order at 7 (emphasis in original). The Court also required the parties' joint proposed schedule to suggest deadlines for discovery and for the briefing of any anticipated dispositive motions. *Id.*

Plaintiff read the Court's Order to set today as the deadline for the parties to file a joint preliminary status report ("JPSR") in the format prescribed by RCFC Appendix A ¶ 4. Plaintiff prepared a proposed JPSR in the form attached hereto as Exhibit A, but Defendant declined to participate in the drafting of a JPSR. Defendant also declined to participate in the drafting of a joint proposed schedule for further proceedings in this case. Accordingly, to comply with the Court's Order, Plaintiff hereby submits its proposed schedule for further proceedings in this case.

**Plaintiff's Proposed Schedule for Further Proceedings in this Case**

Pursuant to the Court's February 6, 2007 Order, Plaintiff hereby submits its proposed schedule for further proceedings in this case in the format prescribed by RCFC Appendix A ¶ 4:

(a) Does the court have jurisdiction over the action?

Plaintiff asserts that this Court has jurisdiction over this action pursuant to the Tucker Act, 28 U.S.C. § 1491(a)(i), which grants the Court jurisdiction to render judgment upon any claim against the United States founded upon any express or implied contract with the United States and any Act of Congress, including Section 330 of the National Defense Authorization Act of 1993, Indemnification of Transferees of Closing Defense Property, Public Law 102-484, 10 U.S.C. § 2687 note, as amended.

(b) Should the case be consolidated with any other case and, if so, why?

No.

(c) Should trial of liability and damages be bifurcated and, if so, why?

No.

(d) Should further proceedings in the case be deferred pending consideration of another case before this court or any other tribunal and, if so, why?

No.

(e) In cases other than tax refund actions, will a remand or suspension be sought and, if so, why and for how long?

No.

(f) Will additional parties be joined?

No.

(g) Does either party intend to file a motion pursuant to RCFC 12(b), 12(c), or 56 and, if so, what is the schedule for the intended filing?

Plaintiff may file a motion pursuant to RCFC 56, but will make a determination whether to do so after further investigation.

(h) What are the relevant factual and legal issues?

Plaintiff asserts that its insureds, the Alameda Reuse and Redevelopment Authority and the Community Improvement Commission of the City of Alameda (collectively, the "City"), acquired property formerly comprising the East Housing Area of the Naval Air Station Alameda pursuant to the Defense Base Closure and Realignment Act of 1990, Public Law 101-510, Div. B. Title XXIX, § 2911, 104 Stat. 1819 (Nov. 5, 1990). Upon implementing the Community Reuse Plan, a plan which was adopted as the preferred alternative by the Navy, the City determined that certain hazardous substances, including organochlorine pesticides, namely chlordane, remained at the East Housing Area. These substances were present as a result of Defendant's activities at the East Housing Area prior to transfer. California's Department of Toxic Substance Control ("DTSC") required that the City remediate the contamination at the East Housing Area. In doing so, Plaintiff as insurer incurred the costs of the required clean-up. As set forth in its Amended Complaint, Plaintiff's claim for damages arises from the Government's breach of contractual obligations to notify the City of the presence of hazardous substances and insecticides on the property, to conduct remedial action necessary to protect human health and the environment with respect to hazardous substances on the property before the date of transfer, to conduct remedial action necessary after the date of transfer, and for violation of statutory obligations and for breach of contractual obligations to indemnify Plaintiff for incurring remediation costs.

(i) What is the likelihood of settlement? Is alternative dispute resolution contemplated?

Plaintiff is willing to proceed immediately with alternative dispute resolution. Plaintiff also is willing to engage in settlement discussions.

(j) Do the parties anticipate proceeding to trial? Does either party, or do the parties jointly, request expedited trial scheduling and, if so, why?

In the absence of settlement, Plaintiff anticipates proceeding to trial. Plaintiff does not request expedited trial scheduling.

(k) Are there special issues regarding electronic case management needs?

No. This case has been designated for electronic filing. Counsel for both parties are registered users of the Court's electronic filing system.

(l) Is there other information of which the court should be aware at this time?

Not to Plaintiff's knowledge.

**Plaintiff's Proposed Discovery Plan**

1. Initial Disclosures: Pursuant to RCFC 26(a)(1), the parties shall serve all initial disclosures on or before March 14, 2007.

2. Interrogatories: Each party may serve written Interrogatories on any other party on or before November 30, 2007, and is limited to 50 written interrogatories on any other party.

3. Requests for Production of Documents: Each party may serve Requests for Production of Documents on any other party on or before November 30, 2007.

4. Requests for Admission: Each party may serve Requests for Admission on any other party on or before November 30, 2007.

5. Depositions: There will be no limit on the number of depositions that each party may take.

6. Expert Discovery: Plaintiff shall serve its expert disclosures and reports on or before September 14, 2007. Defendant shall serve any rebuttal expert disclosures and reports on or before October 19, 2007. The parties shall complete all expert discovery on or before December 15, 2007.

7. Close of Fact Discovery: All discovery shall be completed on or before December 15, 2007.

8. Dispositive Motions: The parties shall file any dispositive motions on or before January 31, 2008.

Dated: February 28, 2007

Respectfully submitted,

s/T. Michael Guiffré
T. Michael Guiffré
J. Gordon Arbuckle
Daniel R. Addison
PATTON BOGGS LLP
2550 M Street, N.W.
Washington, D.C. 20037
Telephone: (202) 457-6000
Facsimile: (202) 457-6315

Attorneys for Plaintiff American International Specialty Lines Insurance Company

February 28, 2007

**CERTIFICATE OF FILING**

I certify that on February 28, 2007, the foregoing *Plaintiff's Proposed Schedule for Further Proceedings in this Case* was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/T. Michael Guiffré
T. Michael Guiffré