# EXHIBIT A

**IN THE UNITED STATES**
**COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| AMERICAN INTERNATIONAL SPECIALTY LINES INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | ) | No. 05-1020C<br>Judge Margaret M. Sweeney |

**<u>JOINT PRELIMINARY STATUS REPORT</u>**

Pursuant RCFC Appendix A, the parties respectfully submit the following Joint Preliminary Status Report:

(a) Does the court have jurisdiction over the action?

Plaintiff asserts that this Court has jurisdiction over this action pursuant to the Tucker Act, 28 U.S.C. § 1491(a)(i), which grants the Court jurisdiction to render judgment upon any claim against the United States founded upon any express or implied contract with the United States and any Act of Congress, including Section 330 of the National Defense Authorization Act of 1993, Indemnification of Transferees of Closing Defense Property, Public Law 102-484, 10 U.S.C. § 2687 note, as amended. Defendant sees no basis upon which to challenge jurisdiction at this time.

(b) Should the case be consolidated with any other case and, if so, why?

No.

(c) Should trial of liability and damages be bifurcated and, if so, why?

No.

(d) Should further proceedings in the case be deferred pending consideration of another case before this court or any other tribunal and, if so, why?

No.

(e) In cases other than tax refund actions, will a remand or suspension be sought and, if so, why and for how long?

No.

(f) Will additional parties be joined?

No.

(g) Does either party intend to file a motion pursuant to RCFC 12(b), 12(c), or 56 and, if so, what is the schedule for the intended filing?

Both parties may file motions pursuant to RCFC 56, but will make a determination whether to do so after further investigation.

(h) What are the relevant factual and legal issues?

Plaintiff asserts that its insureds, the Alameda Reuse and Redevelopment Authority and the Community Improvement Commission of the City of Alameda (collectively, the "City"), acquired property formerly comprising the East Housing Area of the Naval Air Station Alameda pursuant to the Defense Base Closure and Realignment Act of 1990, Public Law 101-510, Div. B. Title XXIX, § 2911, 104 Stat. 1819 (Nov. 5, 1990). Upon implementing the Community Reuse Plan, a plan which was adopted as the preferred alternative by the Navy, the City determined that certain hazardous substances, including organochlorine pesticides, namely chlordane, remained at the East Housing Area. These substances were present as a result of Defendant's activities at the East Housing Area prior to transfer. California's Department of Toxic Substance Control ("DTSC") required that the City remediate the contamination at the East Housing Area. In doing so, Plaintiff as insurer incurred the costs of the required clean-up. As set forth in its Amended Complaint, Plaintiff's claim for damages arises from the Government's breach of contractual obligations to notify the City of the presence of hazardous substances and insecticides on the property, to conduct remedial action necessary to protect human health and the environment with respect to hazardous

substances on the property before the date of transfer, to conduct remedial action necessary after the date of transfer, and for violation of statutory obligations and for breach of contractual obligations to indemnify Plaintiff for incurring remediation costs.

Defendant states that ______________________.

(i) What is the likelihood of settlement? Is alternative dispute resolution contemplated?

Plaintiff is willing to proceed immediately with alternative dispute resolution. Plaintiff also is willing to engage in settlement discussions.

Defendant __________.

(j) Do the parties anticipate proceeding to trial? Does either party, or do the parties jointly, request expedited trial scheduling and, if so, why?

In the absence of settlement, Plaintiff anticipates proceeding to trial. Plaintiff does not request expedited trial scheduling.

Defendant ____________.

(k) Are there special issues regarding electronic case management needs?

No. This case has been designated for electronic filing. Counsel for both parties are registered users of the Court's electronic filing system.

(l) Is there other information of which the court should be aware at this time?

Not to the parties' knowledge.

**Proposed Discovery Plan**

1. Initial Disclosures: Pursuant to RCFC 26(a)(1), the parties shall serve all initial disclosures on or before March 14, 2007.

2. Interrogatories: Each party may serve written Interrogatories on any other party on or before November 30, 2007, and is limited to 50 written interrogatories on any other party.

3. Requests for Production of Documents: Each party may serve Requests for Production of Documents on any other party on or before November 30, 2007.

4. Requests for Admission: Each party may serve Requests for Admission on any other party on or before November 30, 2007.

5. Depositions: The parties propose no limit on the number of depositions that each party may take.

6. Expert Discovery: Plaintiff shall serve its expert disclosures and reports on or before September 14, 2007. Defendant shall serve any rebuttal expert disclosures and reports on or before October 19, 2007. The parties shall complete all expert discovery on or before December 15, 2007.

7. Close of Fact Discovery: All discovery shall be completed on or before December 15, 2007.

8. Dispositive Motions: The parties shall file any dispositive motions on or before January 31, 2008.

Dated: February 28, 2007

By: ____________________

T. Michael Guiffré
J. Gordon Arbuckle
Daniel R. Addison
PATTON BOGGS LLP
2550 M Street, N.W.
Washington, D.C. 20037
Telephone: (202) 457-6000
Facsimile: (202) 457-6315

Attorneys for Plaintiff American International Specialty Lines Insurance Company

By: ____________________

Peter D. Keisler
Assistant Attorney General

David M. Cohen
Director

Kyle Chadwick
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
1100 L Street, N.W., 8th Floor
Washington, D.C. 20530
Telephone: (202) 305-7562
Facsimile: (202) 305-7644

Attorneys for Defendant

Of counsel:
Mary Raivel
Senior Trial Attorney
Navy Litigation Office
Washington, D.C.