IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| AMERICAN INTERNATIONAL SPECIALTY LINES INSURANCE COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | No. 05-1020C |
| | ) | (Judge Sweeney) |
| v. | ) | |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR RECONSIDERATION AND FOR ORAL ARGUMENT**

Pursuant to Rules 7.2(b) and 59 of the Court's Rules ("RCFC"), defendant, the United States, respectfully replies to the opposition filed on February 21, 2007 by plaintiff, American International Specialty Lines Insurance Company ("AISLIC"), to our February 8, 2007 motion requesting the Court to (i) reconsider its February 6, 2007 order; (ii) reschedule oral argument upon our fully briefed motion to dismiss, if argument would be helpful to the Court; and (iii) stay discovery until our motion to dismiss is fully resolved.

All of AISLIC's arguments are incorrect. AISLIC begins by misquoting the standard for granting a motion for reconsideration. Pl. Opp. 1. The Court may grant reconsideration of a non-final order "for any of the reasons established by the rules of common law or equity," RCFC 59(a)(1), one of which is "to correct clear error or manifest injustice." Board of Trustees of Bay Med. Ctr. v. Humana Mil. Healthcare Servs., 447 F.3d 1370, 1377 (Fed. Cir. 2006) (quoting Summit Med. Ctr. of Ala., Inc. v. Riley, 284 F. Supp. 2d 1350, 1355 (M.D. Ala. 2003)). We demonstrated that the Court committed a clear procedural error by granting relief with respect to our RCFC 12(b)(6) motion based upon AISLIC's RCFC 56(f) motion.

AISLIC argues that, instead, the Court denied without prejudice our motion to dismiss, not in response to AISLIC's RCFC 56(f) motion, but upon the basis of the opposition brief AISLIC filed in August 2006. Pl. Opp. 2. That is not what the Court's February 6 order says, however; nor does AISLIC's theory make sense in light of RCFC 12(b)(6), or in the context of the Court's other orders. In its order dated November 30, 2006, the Court indicated it would hear oral argument on our motion to dismiss or, in the alternative, for summary judgment. In the same order, the Court directed AISLIC to show cause why it should not be deemed to have waived the opportunity for discovery, with respect to our summary judgment motion, by failing to properly invoke RCFC 56(f). On January 3, 2007, before AISLIC responded to the November 30 show cause order, the Court scheduled oral argument for February 21, 2007.

The only material development between January 3 and the issuance of the Court's next order, on February 6, was that AISLIC filed its RCFC 56(f) motion on January 5. Had the Court intended, in its February 6 order, to deny our RCFC 12(b)(6) motion based upon the 2006 merits briefing, as AISLIC contends, the February 6 order (i) would not have referred solely to AISLIC's January 5 motion and (ii) would have denied our motion to dismiss with prejudice, i.e., on its merits, rather than without prejudice. See 2/6/07 Order 7.

AISLIC thus has it exactly backwards in asserting that we "seek[] a second bite at the apple by trying to reargue [our] motion to dismiss." Pl. Opp. 3. To the contrary, we await the resolution of our motion to dismiss upon its merits, rather than upon the basis of RCFC 56(f), which has no application to an RCFC 12(b)(6) motion. To that end, we request the Court to reschedule the previously scheduled oral argument, provided the Court believes, as it did in January, that oral argument would be helpful.

Finally, AISLIC argues that, in requesting that discovery, which has not begun in this case, be stayed, as is customary, until our motion to dismiss is decided, we "provide [no] specific factual showing" of the possibility of "wasted time and effort." Pl. Opp. 5. That assertion cannot bear scrutiny. AISLIC itself has noted that the potential factual issues in this case, which involves allegations that soil contained a pesticide, are "complex" and "technical." Pl. RCFC 56(f) Mot. 8. At the same time, the Court has noted that, if it "grants defendant's motion [to dismiss] in toto, no issues will remain and the complaint will be dismissed." 11/30/06 Order 1. No discovery at all would be necessary under those circumstances. This is, in short, the archetypal situation in which a stay is appropriate. E.g., Reliance Ins. Co. v. United States, 18 Cl. Ct. 359, 360 (1989); Coastal Gas Corp. v. DOE, 84 F.R.D. 278, 282 (D. Del. 1979).

AISLIC relies in large part upon decisions applying the law of the United States Court of Appeals for the Ninth Circuit, which has articulated a standard for granting stays of discovery that is stricter than the standard this Court applies. Compare Reliance, 18 Cl. Ct. at 360-61, with Turner Broadcasting Sys., Inc. v. Tracinda Corp., 175 F.R.D. 554, 555-56 (D. Nev. 1997) (noting Ninth Circuit requires trial court to be "convinced" motion to dismiss has merit before granting stay), cited in Pl. Opp. 5, and Twin City Fire Ins. Co. v. Employers Ins. of Wausau, 124 F.R.D. 652, 653 (D. Nev. 1989) (same), cited in Pl. Opp. 4. At the same time, AISLIC cites some decisions that tend to support our position, rather than its own. E.g., Simpson v. Specialty Retail Concepts, Inc., 121 F.R.D. 261, 263 (M.D.N.C. 1988) (noting stay is appropriate if there is "an immediate and clear possibility that the motion[] to dismiss will be granted and that this will terminate the action"), cited in Pl. Opp. 4-5. In yet another decision cited by AISLIC, the court denied a stay because it concluded that discovery might aid in resolving a pending transfer

motion. Kron Med. Corp. v. Groth, 119 F.R.D. 636, 637 (M.D.N.C. 1988), cited in Pl. Opp. 4. Discovery cannot aid the Court to resolve our motion to dismiss.

CONCLUSION

Accordingly, we respectfully request the Court to grant our February 8 motion.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

s/Jeanne E. Davidson
JEANNE E. DAVIDSON
Director

s/Kyle Chadwick
KYLE CHADWICK
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
1100 L Street, N.W., 8th Floor
Washington, D.C. 20530
Tele: (202) 616-0476S
Fax: (202) 305-7644

Attorneys for Defendant

OF COUNSEL:

MARY RAIVEL
Senior Trial Attorney
Navy Litigation Office
Washington, D.C.

March 7, 2007

CERTIFICATE OF FILING

I certify that on March 7, 2007, the attached document was filed electronically. I understand that service is complete upon filing and that parties and others may access the filing through the Court's electronic system.

s/Kyle Chadwick