# In the United States Court of Federal Claims

No. 05-1020C
(Filed: May 3, 2007)

************************************
AMERICAN INTERNATIONAL SPECIALTY LINES INSURANCE COMPANY,

Plaintiff,

v.

THE UNITED STATES,

Defendant.
************************************

**ORDER**

On May 1, 2007, the court held a status conference in the above-captioned case to discuss Defendant's Motion for Reconsideration of February 6, 2007 Order and for Oral Argument on Defendant's Motion to Dismiss ("motion for reconsideration") and Defendant's Motion for Enlargement of Time ("motion for enlargement"). The court's February 6, 2007 order dismissed, without prejudice, Defendant's Corrected Motion to Dismiss, or in the Alternative, for Summary Judgment ("combined motion"). Defendant's motion for reconsideration sought to reinstate its motion to dismiss.

During the status conference, the court informed the parties that it dismissed defendant's combined motion because after reviewing the case, and in light of plaintiff's belated RCFC 56(f) discovery motion, the court concluded that many of the issues were fact-intensive and that moving forward with discovery would be the most efficient way to proceed. Specifically, the court indicated that it believed that the resolution of only three of plaintiff's claims–the fifth, sixth, and eighth causes of action–might depend on purely legal questions. And, even if it dismissed these three causes of action for a failure to state a claim upon which relief could be granted, the court noted that the scope of discovery would not change in a material way. Finally, the court stated that defendant's attachment of certain documents to its combined motion served to convert its motion to dismiss into one for summary judgment.[1] While the court indicated that

[1] Defendant stated at the status conference that conversion of its motion to dismiss into one for summary judgment was claim-specific. In other words, defendant asserted that conversion was appropriate only for those claims in which it cited the documents identified by the court in its argument. The court notes that defendant cited all four documents from its

proceeding with discovery was the most efficient way to proceed, it also suggested that defendant could file a renewed RCFC 12(b)(6) motion limited to plaintiff's fifth, sixth, and eighth causes of action.

Because defendant seeks a ruling as to whether plaintiff can state a claim for which relief can be granted for all eight of plaintiff's claims, the court will allow defendant to file a new RCFC 12(b)(6) motion to dismiss.[2] However, the parties should be aware that the court already has extensively researched and reviewed defendant's combined motion and has concluded, preliminarily, that plaintiff can state a claim for which relief can be granted on its first, second, third, fourth, and seventh causes of action. Thus, the court's main focus will be on plaintiff's fifth, sixth, and eighth causes of action.

As discussed at the status conference, defendant shall file its motion to dismiss **no later than Tuesday, June 5, 2007**. The parties shall follow RCFC deadlines for the remaining briefing. The court intends to move expeditiously in ruling on defendant's motion to dismiss and will schedule oral argument upon receipt of defendant's reply brief. In addition, the parties shall confer regarding the initiation of discovery.[3]

---

appendix in the Factual Background of its combined motion, which presumably applies to all of plaintiff's claims. See Combined Motion 4-5.

[2] The court finds that a new motion is preferable to reinstating defendant's prior motion to dismiss both for the orderly administration of the case and to allow the parties to address Judge Baskir's decision in Richmond American Homes of Colorado, Inc. v. United States, 75 Fed. Cl. 376 (2007). In fact, even if the court reinstated defendant's prior motion to dismiss, the court would have required additional briefing concerning Richmond American Homes of Colorado, Inc.

[3] The court realizes that it is not the usual practice to begin discovery prior to defendant filing an answer or the parties filing a Joint Preliminary Status Report. However, the court has the discretion to manage its cases as it deems appropriate. See RCFC Appendix A, Rule 2. Because this case has been on this court's docket since September 2005, and because the court anticipates that at least some of plaintiff's claims will survive defendant's motion to dismiss, the court finds it prudent to move forward with discovery. The court will make the necessary accommodations for the parties in the discovery process if certain discovery becomes unnecessary due to the court's ruling on defendant's motion to dismiss, or if future pleadings reveal additional claims, counterclaims, or defenses.

Defendant's motion for reconsideration is **DENIED**. Defendant's motion for enlargement is **DENIED AS MOOT**.

**IT IS SO ORDERED.**

s/ Margaret M. Sweeney
MARGARET M. SWEENEY
Judge