IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| AMERICAN INTERNATIONAL SPECIALTY LINES INSURANCE COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | No. 05-1020C |
| | ) | (Judge Sweeney) |
| v. | ) | |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S MOTION FOR PUBLICATION

Pursuant to Rule 59 of the Rules of the United States Court of Federal Claims ("RCFC"), defendant, the United States, respectfully requests the Court to reissue its opinion and order dated January 31, 2008, for publication by commercial reporting services, to facilitate public access to the opinion's discussion of emerging legal issues.

The Court's analysis of the requirements of the National Defense Authorization Act of 1993, § 330, 10 U.S.C. § 2687 note ("section 330"), is particularly significant. American Intl. Spec. Lines Ins. Co. v. United States, No. 05-1020C, slip op. at 27-39 (Fed. Cl. Jan. 31, 2008). As the Court is aware, it disagreed with the interpretation of the statutory phrase "arising out of any claim for personal injury or property damage" that was adopted in Richmond American Homes of Colorado v. United States, 75 Fed. Cl. 376, 387-99 (2007), and, in so doing, disagreed with the Richmond Court with regard to, among other things, (1) the relevance of a floor statement made by Senator John McCain during debate preceding the enactment of section 330, and (2) a letter sent to Senator McCain by a Department of Defense official after section 330 was signed into law. See slip op. at 35-36 & n.25.

Publication is appropriate when a decision "adds significantly to the body of law." Seligson v. OPM, 878 F.2d 369, 370 (Fed. Cir. 1989) (also referring to "legal opinions that really

matter"). This Court's recent order and opinion meets that standard. Given that Richmond addressed issues of first impression concerning section 330, the decision in this case represents a "second impression," in which the analysis and the result differ distinctly from those in Richmond. (The Richmond decision, like the one here, remains interlocutory, as no final and appealable judgment has been entered in any of the four matters consolidated in Richmond.) To accurately reflect the development of the case law in this area, therefore, it is appropriate that the Court's recent opinion in this matter join Richmond in the Court of Federal Claims Reporter, and in the databases of the services that distribute the Court's decisions electronically.

For these reasons, we respectfully request the Court to reissue its January 31, 2008, opinion and order as a published decision.

Respectfully submitted,

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

s/Jeanne E. Davidson
JEANNE E. DAVIDSON
Director

OF COUNSEL:

CHIN-ZEN L. PLOTNER
Trial Attorney
Navy Litigation Office
Washington, D.C.

s/Kyle Chadwick
KYLE CHADWICK
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
1100 L Street, N.W., 8th Floor
Washington, D.C. 20530
Tele: (202) 616-0476S
Fax: (202) 305-7644

Attorneys for Defendant

February 6, 2007

CERTIFICATE OF FILING

I certify that on February 6, 2008, the attached document was filed electronically. I understand that service is complete upon filing and that parties and others may access the filing through the Court's electronic system.

s/Kyle Chadwick