IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| AMERICAN INTERNATIONAL SPECIALTY LINES INSURANCE COMPANY, | ) | |
| Plaintiff, | ) | No. 05-1020C |
| | ) | (Judge Sweeney) |
| v. | ) | |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

DEFENDANT'S ANSWER TO FIRST AMENDED COMPLAINT

For its answer to the first amended complaint, defendant, the United States, respectfully admits, denies, and alleges as follows:

The allegations contained in the unnumbered paragraph preceding paragraph 1, and the accompanying footnote 1, constitute legal conclusions and plaintiff's characterization of its case, to which no response is required.

1. The allegations contained in paragraph 1 constitute legal conclusions and plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

2. Denies the allegations contained in the first through fourth sentences of paragraph 2 for lack of information sufficient to form a response. Admits that the allegations contained in the fifth sentence of paragraph 2 are true as of the date of this answer.

3. Admits that defendant is the United States; the remainder of the allegations contained in paragraph 3 constitute legal conclusions and plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

4. Admits the allegations contained in paragraph 4 to the extent supported by the statutes or other sources of law implicitly referred to, which are the best evidence of their contents; otherwise denies.

5. Denies for lack of information sufficient to form a response.

6. Denies for lack of information sufficient to form a response.

7. Denies for lack of information sufficient to form a response.

8. The allegations contained in paragraph 8 constitute legal conclusions and plaintiff's characterization of its case, to which no response is required.

9. Admits the allegations contained in first and third sentences of paragraph 9 to the extent supported by the cited statute and commission recommendation, which are the best evidence of their contents; otherwise denies those allegations. Admits the allegation contained in the second sentence of paragraph 9 that the East Housing Area was part of Naval Air Station Alameda; the remainder of the allegations contained in that sentence constitute legal conclusions and plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

10. Admits the allegations contained in paragraph 10 to the extent supported by the cited Joint Powers Agreement, which is the best evidence of its contents; otherwise denies.

11. Admits the allegations contained in the first, second, and third sentences of paragraph 11 to the extent supported by the cited documents and the National Environmental Policy Act, which are the best evidence of their contents; otherwise denies those allegations. Denies the allegations contained in the fourth sentence of paragraph 11 for lack of information sufficient to form a response.

12. Admits the allegations contained in paragraph 12, and the accompanying footnote 2, to the extent supported by the cited document, which is the best evidence of its contents; otherwise denies.

13. Admits the allegations contained in paragraph 13 to the extent supported by the cited , which is the best evidence of its contents; otherwise denies.

14. Admits the allegations contained in paragraph 14 to the extent supported by the cited document, which is the best evidence of its contents; otherwise denies.

15. Admits the allegations contained in paragraph 15 to the extent supported by the cited document, which is the best evidence of its contents; otherwise denies.

16. Admits the allegations contained in paragraph 16 to the extent supported by the cited document, which is the best evidence of its contents; otherwise denies.

17. Admits the allegations contained in paragraph 17 to the extent supported by the cited document, which is the best evidence of its contents; otherwise denies.

18. Admits the allegations contained in paragraph 18 to the extent supported by the cited document, which is the best evidence of its contents; otherwise denies.

19. Admits the allegations contained in paragraph 19 to the extent supported by the cited document, which is the best evidence of its contents; otherwise denies; specifically denies any implication in the verb "fails" that chlordane or organonchlorine pesticides were in fact stored, released, or disposed of at the subject property.

20. Admits the allegations contained in paragraph 20, through and including the word "Plan," to the extent supported by the Environmental Impact Statement cited in paragraph 11, in which the Navy discussed the Community Reuse Plan, and which is the best evidence of its

contents; admits the remainder of the allegations contained in paragraph 20, following the word "Plan," to the extent supported by the quitclaim deed cited in paragraph 21, which is the best evidence of its contents; otherwise denies.

21. Admits the allegations contained in paragraph 21 to the extent supported by the deed, which is the best evidence of its contents; otherwise denies.

22. Admits the allegations contained in paragraph 22 to the extent supported by the deed, which is the best evidence of its contents; otherwise denies.

23. Admits the allegations contained in paragraph 23 to the extent supported by the deed, which is the best evidence of its contents; otherwise denies.

24. Admits the allegations contained in paragraph 24 to the extent supported by the deed, which is the best evidence of its contents; otherwise denies.

25. Admits the allegations contained in paragraph 25 to the extent supported by the cited document, which is the best evidence of its contents; otherwise denies.

26. Admits the allegations contained in paragraph 26 to the extent supported by the cited document, which is the best evidence of its contents; otherwise denies.

27. Denies. See Def. 6/5/07 Mot. 2-3 & n.1.

28. Admits the allegations contained in paragraph 28 to the extent supported by the deed, which is the best evidence of its contents; otherwise denies.

29. Admits the allegations contained in paragraph 29 to the extent supported by the deed, which is the best evidence of its contents; otherwise denies.

30. Admits the allegations contained in paragraph 30 to the extent supported by the deed, which is the best evidence of its contents; otherwise denies; specifically denies any

implication in the verb "failed" that chlordane or organonchlorine pesticides were in fact stored, released, or disposed of at the subject property.

31. The allegations contained in paragraph 31 constitute legal conclusions and plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

32. Admits the allegations contained in paragraph 32 to the extent supported by the cited documents, which are the best evidence of their contents; otherwise denies.

33. Admits the allegations contained in paragraph 33 to the extent supported by the deed, which is the best evidence of its contents; otherwise denies.

34. Admits the allegations contained in paragraph 34 to the extent supported by the deed, which is the best evidence of its contents; otherwise denies.

35. Admits the allegations contained in paragraph 35 to the extent supported by the deed, which is the best evidence of its contents; otherwise denies.

36. Admits the allegations contained in paragraph 36 to the extent supported by the deed, which is the best evidence of its contents; otherwise denies.

37. Admits the allegations contained in paragraph 34 to the extent supported by the cited statute, which is the best evidence of its contents; otherwise denies.

38. The allegations contained in paragraph 38 constitute legal conclusions and plaintiff's characterization of its case, to which no response is required.

39. Denies for lack of information sufficient to form a response.

40. Denies for lack of information sufficient to form a response.

41. Admits.

42. The allegations contained in paragraph 42 constitute legal conclusions and plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

43. Denies for lack of information sufficient to form a response.

44. Denies the allegations contained in the first sentence of paragraph 44. Admits the allegations contained in the second sentence of paragraph 44.

45. Admits the allegations contained in paragraph 45 to the extent supported by the cited correspondence, which is the best evidence of its contents; otherwise denies.

46. Denies for lack of information sufficient to form a response.

47. Admits the allegations contained in the first, second, and third sentences of paragraph 47 to the extent supported by the cited correspondence, which is the best evidence of its contents; otherwise denies those allegations. Admits the allegations contained in the fourth sentence of paragraph 47. Admits the allegations contained in the fifth sentence of paragraph 47 to the extent supported by the cited pleading, which is the best evidence of its contents; otherwise denies.

48. Denies for lack of information sufficient to form a response.

49. Denies for lack of information sufficient to form a response.

50. Admits the allegations contained in paragraph 50 to the extent supported by the cited policy, which is the best evidence of its contents; otherwise denies.

51. Denies for lack of information sufficient to form a response.

52. Denies the allegations contained in the first sentence of paragraph 52 for lack of information sufficient to form a response. Admits the allegations contained in the second

sentence of paragraph 52 to the extent supported by the cited receipt, which is the best evidence of its contents; otherwise denies.

53. Defendant's responses to paragraphs 1 through 52 are incorporated by reference.

54. The allegations contained in paragraph 54 constitute conclusions of law and plaintiff's characterization of its case, to which no response is required.

55. Admits the allegations contained in paragraph 55 to the extent supported by the cited deed, which is the best evidence of its contents; otherwise denies.

56. Denies for lack of information sufficient to form a response.

57. Denies for lack of information sufficient to form a response.

58. The allegations contained in paragraph 58 constitute conclusions of law and plaintiff's characterization of its case, to which no response is required.

59. The allegations contained in paragraph 59 constitute conclusions of law and plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

60. The allegations contained in paragraph 60 constitute conclusions of law and plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

61. The allegations contained in paragraph 61 constitute conclusions of law and plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

62. Defendant's responses to paragraphs 1 through 61 are incorporated by reference.

63. The allegations contained in paragraph 63 constitute conclusions of law and plaintiff's characterization of its case, to which no response is required.

64. Admits the allegations contained in paragraph 64 to the extent supported by the cited deed, which is the best evidence of its contents; otherwise denies.

65. Denies for lack of information sufficient to form a response.

66. Denies for lack of information sufficient to form a response.

67. The allegations contained in paragraph 67 constitute conclusions of law and plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

68. The allegations contained in paragraph 68 constitute conclusions of law and plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

69. Denies for lack of information sufficient to form a response.

70. Denies.

71. The allegations contained in paragraph 71 constitute conclusions of law and plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

72. The allegations contained in paragraph 72 constitute conclusions of law and plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

73. Defendant's responses to paragraphs 1 through 72 are incorporated by reference.

74. The allegations contained in paragraph 74 constitute conclusions of law and plaintiff's characterization of its case, to which no response is required.

75. Admits the allegations contained in paragraph 75 to the extent supported by the cited deed, which is the best evidence of its contents; otherwise denies.

76. Denies.

77. Admits.

78. Admits; but notes that the allegation is vague as to time.

79. The allegations contained in paragraph 79 constitute conclusions of law and plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

80. The allegations contained in paragraph 80 constitute conclusions of law and plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

81. The allegations contained in paragraph 81 constitute conclusions of law and plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

82. The allegations contained in paragraph 82 constitute conclusions of law and plaintiff's characterization of its case, to which no response is required.

83. The allegations contained in paragraph 83 constitute conclusions of law and plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

84. The allegations contained in paragraph 84 constitute conclusions of law and plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

85. The allegations contained in paragraph 85 constitute conclusions of law and plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

86. The allegations contained in paragraph 86 constitute conclusions of law and plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

87. The allegations contained in paragraph 87 constitute conclusions of law and plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

88. The allegations contained in paragraph 88 constitute conclusions of law and plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

89. Defendant's responses to paragraphs 1 through 88 are incorporated by reference.

90. The allegations contained in paragraph 90 constitute conclusions of law and plaintiff's characterization of its case, to which no response is required.

91. Admits the allegations contained in paragraph 91 to the extent supported by the deed, which is the best evidence of its contents; otherwise denies.

92. Admits; but denies any implication in the verb "failed" that chlordane and/or organochlorine pesticides were in fact stored, released, or disposed of at the subject property.

93. The allegations contained in paragraph 93 constitute conclusions of law, to which no response is required.

94. Denies.

95. Denies.

96. The allegations contained in paragraph 96 constitute conclusions of law and plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

97. The allegations contained in paragraph 97 constitute conclusions of law and plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

98. The allegations contained in paragraph 98 constitute conclusions of law and plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

99. The allegations contained in paragraph 99 constitute conclusions of law, to which no response is required.

100. The allegations contained in paragraph 100 constitute conclusions of law and plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

101. The allegations contained in paragraph 101 constitute conclusions of law and plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

102. The allegations contained in paragraph 102 constitute conclusions of law and plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

103. The allegations contained in paragraph 103 constitute conclusions of law and plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

104. The allegations contained in paragraph 104 constitute conclusions of law and plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

105. The allegations contained in paragraph 105 constitute conclusions of law and plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

106-119. Because plaintiff's fifth claim for relief has been dismissed, no response is required.

120-135. Because plaintiff's sixth claim for relief has been dismissed, no response is required.

136. Defendant's responses to paragraphs 1 through 135 are incorporated by reference.

137. The allegations contained in paragraph 137 constitute conclusions of law and plaintiff's characterization of its case, to which no response is required.

138. The allegations contained in the first sentence of paragraph 138 constitute conclusions of law and plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied. Admits the allegations

contained in the second sentence paragraph 138 to the extent supported by the cited document, which is the best evidence of its contents; otherwise denies.

139. The allegations contained in paragraph 139 constitute conclusions of law and plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

140. The allegations contained in paragraph 140 constitute conclusions of law and plaintiff's characterization of its case, to which no response is required.

141. Denies.

142. Denies.

143. The allegations contained in paragraph 143 constitute conclusions of law and plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

144. The allegations contained in paragraph 144 constitute conclusions of law and plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

145. The allegations contained in paragraph 145 constitute conclusions of law and plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

146. The allegations contained in paragraph 146 constitute conclusions of law and plaintiff's characterization of its case, to which no response is required.

147. The allegations contained in paragraph 147 constitute conclusions of law and plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

148. The allegations contained in paragraph 148 constitute conclusions of law and plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

149. The allegations contained in paragraph 149 constitute conclusions of law and plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

150. The allegations contained in paragraph 150 constitute conclusions of law and plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

151. The allegations contained in paragraph 151 constitute conclusions of law and plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

152. The allegations contained in paragraph 152 constitute conclusions of law and plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

153. The allegations contained in paragraph 153 constitute conclusions of law and plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

154-162. Because plaintiff's eighth claim for relief has been dismissed, no response is required.

163. Denies each and every allegation not admitted, denied, or qualified above.

164. Denies that plaintiff is entitled to the relief requested in the "WHEREFORE" paragraphs immediately following paragraph 162, or to any relief whatsoever.

WHEREFORE, defendant respectfully requests the Court to enter judgment for defendant, dismiss the complaint, and grant defendant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

s/Jeanne E. Davidson
JEANNE E. DAVIDSON
Director

s/Kyle Chadwick
KYLE CHADWICK
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
1100 L Street, N.W., 8th Floor
Washington, D.C. 20530
Tele: (202) 616-0476S
Fax: (202) 305-7644

Attorneys for Defendant

OF COUNSEL:

CHIN-ZEN L. PLOTNER
Trial Attorney
Navy Litigation Office
Washington, D.C.

February 11, 2008

CERTIFICATE OF FILING

I certify that on February 11, 2008, the attached document was filed electronically. I understand that service is complete upon filing and that parties and others may access this filing through the Court's electronic system.

s/Kyle Chadwick