**IN THE UNITED STATES**
**COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| AMERICAN INTERNATIONAL SPECIALTY LINES INSURANCE COMPANY, | ) | |
| Plaintiff, | ) | No. 05-1020C<br>Judge Margaret M. Sweeney |
| v. | ) | |
| UNITED STATES OF AMERICA, | ) | |
| Defendant. | ) | |

**JOINT PRELIMINARY STATUS REPORT**

The parties respectfully submit the following Joint Preliminary Status Report pursuant to Appendix A of the Rules of the United States Court of Federal Claims ("RCFC"):

(a) Does the Court have jurisdiction over the action?

Yes. *See* Dkt. 58, Opinion and Order at 9-16.

(b) Should the case be consolidated with any other case and, if so, why?

No.

(c) Should trial of liability and damages be bifurcated and, if so, why?

No.

(d) Should further proceedings in the case be deferred pending consideration of another case before this Court or any other tribunal and, if so, why?

No.

(e) In cases other than tax refund actions, will a remand or suspension be sought and, if so, why and for how long?

No.

(f) Will additional parties be joined?

No.

(g) Does either party intend to file a motion pursuant to RCFC 12(b), 12(c), or 56 and, if so, what is the schedule for the intended filing?

Plaintiff intends to file a motion pursuant to RCFC 56 no later than February 27, 2009. The Court has already granted, in part, the dispositive motion filed by Defendant.

(h) What are the relevant factual and legal issues?

Plaintiff's Statement

The Alameda Reuse and Redevelopment Authority and the Community Improvement Commission of the City of Alameda (collectively, the "Authority"), acquired property formerly comprising the East Housing Area of the Naval Air Station Alameda pursuant to the Defense Base Closure and Realignment Act of 1990, Public Law 101-510, Div. B. Title XXIX, § 2911, 104 Stat. 1819 (Nov. 5, 1990). Upon implementing the Community Reuse Plan, a plan which was adopted as the preferred alternative by the Navy, the Authority determined that certain hazardous substances, including organochlorine pesticides, namely chlordane, remained in the East Housing Area. These substances were present as a result of Defendant's activities in the East Housing Area prior to transfer. The Authority incurred costs to remediate the chlordane contamination in the East Housing Area, which were paid by Plaintiff. Accordingly, Plaintiff is a subrogee of the Authority in this action.

As set forth in its Amended Complaint, Plaintiff's claim for damages arises from Defendant's breaches of contract, including the following breaches:[1]

> Defendant breached the Quitclaim Deed and Environmental Restrictions Pursuant to Civil Code Section 1471 for East Housing Portion of NAS Alameda ("Deed") by failing to conduct remedial action before the date of Defendant's transfer of the property to the Authority that was necessary to protect human health and the environment with respect to the hazardous substance chlordane existing on the property. *See* Deed, section II.F.2.

[1] In its Amended Complaint, Plaintiff asserted additional claims that were dismissed by the Court for failure to state a claim. *See* Dkt. 58, Opinion and Order.

> Defendant breached the Deed by failing to conduct remedial action after the date of Defendant's transfer of the property to the Authority that was necessary to protect human health and the environment with respect to the hazardous substance chlordane. *See* Deed, section II.F.3.
>
> Defendant breached the Deed by misrepresenting that the Finding of Suitability to Transfer ("FOST") accurately described the environmental conditions of the East Housing Area and that, accordingly, the East Housing Area was suitable to transfer for the purposes intended and approved by Defendant. Defendant's misrepresentations mislead the Authority to believe that chlordane was not used as a pesticide, did not exist in the East Housing Area, and would not have to be remediated to implement the Community Reuse Plan. *See* Deed, section II.F.1.a.
>
> Defendant breached the Deed by misrepresenting that (i) Exhibit B of the Deed identified all of the hazardous substances that were stored for one year or more, known to have been released, or disposed of on the Property, and (ii) Defendant had made a complete search of its files and records concerning the Property and found that the FOST provides notice of the type and quantity of such hazardous substances on the property and of the time the storage, release, or disposal took place. Defendant's misrepresentations mislead the Authority to believe that chlordane was not used as a pesticide, did not exist in the East Housing Area, and would not have to be remediated to implement the Community Reuse Plan. *See* Deed, section II.F.1.b.
>
> Defendant breached the Memorandum of Agreement by misrepresenting that the contract was complete and did not omit any material information because one of the exhibits to the Memorandum of Agreement–Exhibit B of the Deed–did not identify chlordane among the hazardous substances that were stored, known to have been released, or disposed of in the East Housing Area. Defendant's misrepresentations mislead the Authority to believe that chlordane was not used as a pesticide, did not exist in the East Housing Area, and would not have to be remediated to implement the Community Reuse Plan. *See* Memorandum of Agreement, Article 7(b).

<u>Defendant's Statement</u>

The Government has set forth its position in briefs previously filed with the Court. The relevant facts are simple.

The Navy properly treated the soil near structures at NAS Alameda with a termiticide. As California environmental regulators later confirmed in correspondence with the City of Alameda, the termiticide was serving its intended purpose, and was not a hazardous substance, when the East Housing Area property was conveyed to the City. Removal of the treated soil became necessary only because the City chose to remove the buildings once it owned the property. The United States

did not direct or control the demolition. Defendant did not fail to remediate any hazardous substance, or breach any duty owed to the City.

(i) What is the likelihood of settlement? Is alternative dispute resolution contemplated?

Plaintiff is willing to proceed with alternative dispute resolution. Plaintiff also is willing to engage in settlement discussions.

Defendant would be amenable to settlement discussions after the close of fact discovery. Defendant will also be in a position to consider the appropriateness of ADR at that time.

(j) Do the parties anticipate proceeding to trial? Does either party, or do the parties jointly, request expedited trial scheduling and, if so, why?

Plaintiff anticipates proceeding to trial. Plaintiff does not request expedited trial scheduling.

(k) Are there special issues regarding electronic case management needs?

No. This case has been designated for electronic filing. Counsel for both parties are registered users of the Court's electronic filing system.

(l) Is there other information of which the court should be aware at this time?

Not to Plaintiff's knowledge.

**Plaintiff's Proposed Discovery Plan**

1. Initial Disclosures: The parties made their initial disclosures pursuant to RCFC 26(a)(1) on June 15, 2007.
2. Expert Discovery: Plaintiff shall serve its expert disclosures and reports on or before November 7, 2008. Defendant shall serve any rebuttal expert disclosures and reports on or before December 8, 2008.
3. Close of Fact and Expert Discovery: All discovery shall be completed on or before January 16, 2009.
4. Dispositive Motions: The parties shall file any dispositive motions on or before February 27, 2009.

Dated: April 24, 2008

Respectfully submitted,

s/____________________________

T. Michael Guiffré
J. Gordon Arbuckle
Daniel R. Addison
PATTON BOGGS LLP
2550 M Street, N.W.
Washington, D.C. 20037
Telephone: (202) 457-6000
Facsimile: (202) 457-6315

Attorneys for Plaintiff American International
Specialty Lines Insurance Company

Respectfully submitted,

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

S/ JEANNE E. DAVIDSON
JEANNE E. DAVIDSON
Director

**S/ KYLE CHADWICK**
KYLE CHADWICK
Senior Trial Attorney
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
Attn: Classification Unit
Eighth Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tel: (202) 307-0361
Fax: (202) 514-7965

April , 2009

Attorneys for Defendant

**CERTIFICATE OF FILING**

I certify that on April 24, 2008, the foregoing *Joint Preliminary Status Report* was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/___________________________

T. Michael Guiffré